| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| | Chapter: 11 |
| In re: | |
| | Case No.: 17-13162 (SHL) |
| NAVILLUS TILE, INC., | |
| Debtor. | |

**Creditors Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund's Omnibus Opposition and Objection in Part to Debtor's First Day Emergency Motions and Motion for Entry of Interim and Final Orders**

1. Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila (replaced by Trustee Darin Jeffers as of January 1, 2017), Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Denise Richardson, and Thomas Corbett (collectively the "Gesualdi Plaintiffs") as Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (the "Funds") make this objection to the Debtor's Cash Management Motion and Motion for Entry of an Order (i) Authorizing the Debtor to Pay (A) Certain Prepetition Employee Obligations and (B) Prepetition Withholding Obligations, (ii) Authorizing the Debtor to Continue Performing Under The Collective Bargaining Agreements (iii) Authorizing The Debtor To Continue To Provide Employee Benefit Programs To Non-Union Employees; (iv) Directing Banks To Honor Related Prepetition Transfers, and (v) Granting Related Relief (Docket Nos. 6 and 8 (hereinafter the "Motions")).

2. The Debtor's bankruptcy stems in large part from the approximately seventy-six-million-dollar judgment that was entered against Debtor in the United States District Court, Southern District of New York in the consolidated actions of Moore, et al. v. Navillus Tile

et al. and <u>Gesualdi et al v. Navillus Tile, Inc. et al.</u>  A true and accurate copy of the Findings of Fact and Conclusions of Law are annexed hereto as Exhibit A.

3. In the ninety-five-page decision the District Court repeatedly noted that Donal O'Sullivan, the principal of Navillus and Eoin Moriarity, the alleged owner of ACS engaged in deceit and outright lied on numerous occasions and that Navillus and ACS engaged in numerous complex financial transactions to hide the true nature of their operations.  <u>See</u> Exhibit A at ¶¶ 19, 29, 30, 39, 41, 44, 45, 58, 115, 153, 155-156, 166, 167, 175, 204.

4. The Funds object to the Debtor's request to make certain bonus payments pursuant to its alleged performance bonus program.  The Debtor's motion provides scant details on the program and noticeably absent from the motion is a copy of the alleged program.  Given the significant steps that Debtor and its principal engaged in to hide assets including options to purchase the related entity, ACS, the Gesualdi Debtors are concerned that this program may be used to dissipate assets and funnel money to insiders of the Debtor.  Under the circumstances Debtor should be prohibited from making any bonus payments.

5. The Funds also oppose the Debtor's Cash Management Motion to the extent it requests permission to utilize existing Debtor bank accounts and other financial accounts and not close existing accounts and establish DIP accounts. The Debtor's current bank accounts and other accounts should be closed and DIP account(s) established to ensure that the financial institution responsible for the DIP account(s) agrees to comply with the reporting and collateralization requirements of the United States Trustee and 11 U.S.C. § 345, that no other individuals previously having access to the Debtor's bank accounts have access to the Debtor-in-Possession funds, and that the US Trustee has the right to access the accounts and receive account statement copies. Debtor's Cash Management Motion does not address the possibility of the account balances exceeding the insured and collateralization requirements of the financial institution. The FDIC insurance may be

insufficient protection for the account balances. A DIP account is also required to seek court approval for any activities outside of the ordinary course of business. This condition should be on any account approved by the Court for use by the Debtor. Finally, the Court should require a DIP account as the "DIP" designation on the check puts those in receipt of the check on notice they are doing business with an entity in bankruptcy.

6. For the foregoing reasons the creditors Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund object to Debtor's pending motions and request that Debtor be prohibited from making any payments to any employees pursuant to the alleged performance bonus program.

Respectfully submitted,

TRIVELLA & FORTE, LLP

*/s/Jonathan Bardavid*

Jonathan Bardavid

*Attorneys for the creditors Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund*

1311 Mamaroneck Avenue
White Plains, New York 10605
914-949-9075