UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
In re:                                                           : Chapter 11
                                                                 :
NAVILLUS TILE, INC., DBA NAVILLUS                                : Case No. 17-13162 (SHL)
CONTRACTING                                                      :
                                                                 :
            Debtor.                                              :
                                                                 :
-----------------------------------------------------------------x

**INTERIM ORDER (A) AUTHORIZING THE DEBTOR TO
(I) CONTINUE ITS CASH MANAGEMENT SYSTEM, (II) MAINTAIN
EXISTING BANK ACCOUNTS, (III) RECEIVE A WAIVER OF CERTAIN
OPERATING GUIDELINES RELATING TO BANK ACCOUNTS, (IV) RECEIVE A
WAIVER OF THE REQUIREMENTS OF 11 U.S.C. § 345 AND (B) IMMEDIATELY
VACATING CERTAIN RESTRAINING NOTICES AND LEVY**

Upon the motion (the "Motion")[1] filed by Navillus Tile, Inc. d/b/a Navillus Contracting, the above-captioned debtor and debtor-in-possession ("Navillus" or the "Debtor"), by and through its proposed attorneys Cullen and Dykman LLP, pursuant to sections 105, 345, 363, 364, and 503 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, et seq. (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (a) authorizing, but not directing, Navillus to (i) continue using its cash management system, including making payment of sums due under certain credit cards, (ii) maintain and continue to use existing bank accounts, credit cards and brokerage accounts, including directing the immediate lifting and vacatur of certain restraining notices and a related levy on its bank accounts, (iii) receive a waiver certain operating guidelines relating to bank accounts, and (iv) receive (a) a waiver of the investment and deposit guidelines of Section 345 of the Bankruptcy Code or (b) a thirty (30) day extension of time to continue

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

discussion with the United States Trustee regarding Navillus compliance with the requirements of Section 345 of the Bankruptcy Code regarding the brokerage accounts, and (b) immediately vacating certain restraining notices and levy; the Court, having reviewed the Motion and having heard the statements of counsel in support of the interim relief requested in the Motion at the hearing before the Court on November 9, 2017 (the "Hearing"), and having heard the objection of the Office of the U.S. Trustee raised at the Hearing to Navillus' request to maintain its Brokerage Accounts in the ordinary course of business, finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), notice of the Motion and the Hearing were sufficient under the circumstances and that no further notice need be given, and the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and that such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate,

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis to the extent set forth herein.

2. Navillus shall be and hereby is authorized to continue to manage the collection and disbursement of its cash utilizing the Bank Accounts held at Signature (Account Nos. X2395, X5155, X5539 and X7348) and the Brokerage Accounts held at Wells Fargo (Account Nos. X8855, X2615, X6110, X6454, X0593, X0544) and Wall Street Access (Account No. X2886) (collectively, the "Cash Management System") in the ordinary course of business consistent with its prepetition practices.

3. Navillus shall be and hereby is authorized, but not directed, to maintain the Credit Cards in the ordinary course of business and to make payment of the prepetition amounts due and owing under the AmEx Card as of the Petition Date on account of business-related expenses

incurred by Navillus in the ordinary course of business and subject to prior approval of the Office of the U.S. Trustee. In the event Navillus and the Office of the U.S. Trustee are unable to reach agreement regarding the payment of pre-petition expenses incurred on the AmEx Card, such matters shall be considered by the Court at the Final Hearing (defined below) to be held on the Motion.

4. Unless otherwise set forth herein, the requirements of the U.S. Trustee Guidelines that Navillus (i) close all existing Bank Accounts and open new debtor-in-possession accounts, (ii) establish specific bank accounts for operating, payroll and tax payments, and (iii) obtain and utilize new checks which bear the designation "Debtor-in-Possession" and contain certain other information regarding the chapter 11 case are hereby waived, and the Debtor is authorized to maintain its existing Bank Accounts, Credit Cards and Brokerage Accounts.

5. The Debtor may disburse funds from the Bank Accounts and Brokerage Accounts by checks, drafts, wires, debits, ACH transfers or by any other means.

6. The banks where the Debtor holds its Bank Accounts and Brokerage Accounts shall be and hereby are authorized to (a) continue to administer the Bank Accounts and Brokerage Accounts in the manner maintained prior to the Petition Date in the usual and ordinary course; and (b) receive, process and honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Bank Accounts and Brokerage Accounts by the holders or makers thereof, as the case may be, drawn or issued by the Debtor (i) after the Petition Date, or (ii) prior to the Petition Date, for the payment of any and all amounts approved by this Court.

7. Subject to section 553 of the Bankruptcy Code and any orders of this Court approving post-petition secured financing, all banks that maintain the Bank Accounts should be prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtor's use of any

funds deposited in the Bank Accounts on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such bank or other entity against Navillus that arose before the Petition Date, absent further order of the Court.

8. Signature shall immediately release any freeze on any of Navillus' Bank Accounts that was implemented as a result of the entry of the Restraining Notices and related levy, which were entered within days of the Petition Date, are based upon a judgment obtained within the 90-day preference period and are, therefore, avoidable as preferences and cannot be enforced.

9. The Debtor's use of the Bank Accounts held at Signature following the Petition Date shall not constitute a violation of the Restraining Notices or levy by the Debtor or Signature, and the Debtor's use of the Bank Accounts and Signature's consent to use of the Bank Accounts in accordance with this Interim Order or any Final Order entered with respect to the Motion shall not constitute a violation of the Restraining Notices or levy.

10. The Debtor is authorized to maintain and continue using its current Business Forms, including its existing check stock for payroll-related checks, not having a debtor-in-possession designation; provided that any new check stock printed for the Debtor shall reflect its status as a debtor-in-possession. The Debtor will use its best efforts to have its existing check stock, except for payroll-related checks, bear a debtor-in-possession designation.

11. The Debtor shall separately record the balances of each of the Bank Accounts as of the Petition Date and track postpetition activity by documenting any postpetition transactions in the Debtor's books and records to the same extent maintained by the Debtor prior to the Petition Date.

12. To Debtor's deadline to comply with the approved investment practices identified in section 345(b) of the Bankruptcy Code is hereby extended for thirty (30) days from the date of entry of this Interim Order.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this order shall be immediately effective upon its entry.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

15. A hearing shall be held to consider the relief granted herein on a final basis on November 29, 2017 at 2:00 p.m. before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Courtroom 701 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004 (the "Final Hearing") and, pending entry of an order following the conclusion of the Final Hearing, the relief granted herein shall remain in effect on an interim basis.

Dated: November 9, 2017
      New York, New York        */s/ Sean H. Lane*
                                       UNITED STATES BANKRUPTCY JUDGE