UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re:                              Chapter 11

NAVILLUS TILE, INC., DBA NAVILLUS     Case No. 17-13162 (SHL)
CONTRACTING

               Debtor.

------------------------------------------------------------------x

### INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO PAY (A) CERTAIN PREPETITION EMPLOYEE OBLIGATIONS AND (B) PREPETITION WITHHOLDING OBLIGATIONS, (II) AUTHORIZING THE DEBTOR TO CONTINUE PERFORMING UNDER THE COLLECTIVE BARGAINING AGREEMENTS (III) AUTHORIZING THE DEBTOR TO CONTINUE TO PROVIDE EMPLOYEE BENEFIT PROGRAMS TO NON-UNION EMPLOYEES; (IV) DIRECTING BANKS TO HONOR RELATED PREPETITION TRANSFERS, AND (V) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] filed by Navillus Tile, Inc. d/b/a Navillus Contracting, the above-captioned debtor and debtor-in-possession (the "Debtor" or "Naviluus"), by and through its proposed attorneys Cullen and Dykman LLP, pursuant to sections 105, 363, 507, 1107 and 1108 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (i) authorizing Navillus to pay (a) certain prepetition employee obligations, and (b) prepetition withholding obligations and payroll taxes, (ii) authorizing Navillus to perform under the terms of the collective bargaining agreements with various unions, (iii) authorizing Navillus to continue to provide certain employee benefit programs to its non-union employees; (iv) directing banks to honor prepetition transfers related to the foregoing, and (v) granting related relief; the Court, having reviewed the Motion and having heard the statements of counsel

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

in support of the interim relief requested in the Motion at the hearing before the Court on November __, 2017 (the "Hearing"), finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), notice of the Motion and the Hearing were sufficient under the circumstances and that no further notice need be given, and the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and that such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate,

THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on an interim basis to the extent set forth herein.

2.      Navillus shall be and hereby is authorized but not directed to pay, in its discretion, the prepetition Wages relating to its Employees up to the statutory cap of $12,850 per Employee, and to remit all prepetition Withholding Obligations and Payroll Taxes to the appropriate third parties as and when such obligations come due.

3.      Navillus shall be and hereby is authorized to withhold Union Dues and remit monthly payment of the Union Fringes to the Unions under the terms of the CBAs in the ordinary course of business.

4.      Navillus shall be and hereby is authorized to continue to perform under the CBAs with the Unions to ensure that the Employee Benefit Programs are honored and continued.

5.      Navillus shall be and hereby is authorized to continue to provide the Employee Benefit Programs to the Debtor's Non-Union Employees that were in place prior to the Petition Date in the ordinary course of business and in accordance with the Debtor's stated policies and prepetition practices including, without limitation, the Health Care Programs, the 401(k) Plan,

and the PTO Policies.    Approval of the Debtor's Bonus Program shall be considered in connection with the Final Hearing (defined below) on the Motion.

6.    Navillus shall be and hereby is authorized but not directed to make payment of prepetition amounts due Independent Contractors.

7.    Navillus shall be and hereby is authorized but not directed to make payment of reimbursement for prepetition Business Expenses to the Debtor's Employees, provided that (a) the aggregate amount of reimbursement for prepetition Business Expenses shall not exceed $50,000.00, and (b) reimbursement for prepetition Business Expenses incurred by any "insider" of the Debtor (as defined in the Bankruptcy Code) shall not be made pursuant to this Interim Order.    Approval of any proposed reimbursement for prepetition Business Expenses incurred by any "insider" of the Debtor shall be considered in connection with the Final Hearing (defined below) on the Motion.

8.    All banks shall be and hereby are authorized and directed to receive, process, honor and pay all checks drawn on the Debtor's accounts with the banks and fund transfers on account of the Debtor's prepetition obligations to its Employees, whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

9.    Navillus shall be and hereby is authorized to issue, in its discretion, new postpetition checks or effect new postpetition fund transfers on account of its prepetition obligations to its Employees to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

10.    Notwithstanding Bankruptcy Rules 6004(h) or 7062, the terms and conditions of this order shall be immediately effective upon its entry.

11.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

12.     A hearing shall be held to consider the relief granted herein on a final basis on November 29, 2017 at 2:00 p.m. before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Courtroom 701 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004 (the "Final Hearing") and, pending entry of an order following the conclusion of the Final Hearing, the relief granted herein shall remain in effect on an interim basis.

Dated: November 9, 2017
      New York, New York                    */s/ Sean H. Lane*
                                        UNITED STATES BANKRUPTCY JUDGE