| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: November 29, 2017<br>Hearing Time: 2:00 p.m. |

------------------------------------------------------x

In re                                                                                    Chapter 11

NAVILLUS TILE, INC., d/b/a NAVILLUS
CONTRACTING                                                              Case No. 17-13162 (SHL)


                                    Debtor.
------------------------------------------------------x

**OBJECTION OF UNITED STATES TRUSTEE TO MOTION FOR ORDER (I) AUTHORIZING DEBTOR TO (I) CONTINUE ITS CASH MANAGEMENT SYSTEM, (II) MAINTAIN EXISTING BANK ACCOUNTS, (III) RECEIVE A WAIVER OF CERTAIN OPERATING GUIDELINES RELATING TO BANK ACCOUNTS, (IV) RECEIVE A WAIVER OF THE REQUIREMENTS OF 11 U.S.C. § 345 AND (B) IMMEDIATELY VACATING CERTAIN RETARAINING NOTICES AND LEVY**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), respectfully objects to the Motion for Final Order (A) Authorizing Debtor to (I) Continue its Cash Management System, (II) Maintain Existing Bank Accounts, (III) Receive a Waiver of Certain Operating Guidelines Relating to Bank Accounts, (IV) Receive a Waiver of the Requirements of 11 U.S.C. § 345 and (B) Immediately Vacating Certain Restraining Notices and Levy (the "Cash Management Motion").  ECF No. 6.  In support of his objection, the United States Trustee respectfully states as follows:

**PRELIMINARY STATEMENT**

Section 345(b) of title 11, United States Code (the "Bankruptcy Code") and the United States Trustee's Operating Guidelines and Reporting Requirements (the "Guidelines") were promulgated to make sure funds of a bankruptcy estate are invested prudently and safely.  The United States Trustee files this objection to that part of the Cash Management Motion wherein the Debtor asks the Court to waive the requirements

1

of Section 345(b) of the Bankruptcy Code and the United States Trustee Guidelines to allow it to maintain certain investment accounts. Upon information and belief, the investment accounts primarily hold shares of stocks.

Although this Court can approve investments other than those permitted by Section 345(b) for just cause, the Debtor has failed to present cogent reasons why cause exists for disturbing the prudent and safe requirements of Section 345. Indeed, the Debtor has failed to provide basic information regarding the investment accounts, including the amount in the accounts, the nature of the investments, the guidelines used to make investments, if any, and the person in charge of making investment decisions. As such, the Debtors' request for a waiver of the requirements of section 345(b) seems nothing more than a convenience-based request.

## BACKGROUND

**General Background**

1. On November 8, 2017 (the "Petition Date"), the Debtor filed a petition for relief under chapter 11, title 11, United States Code (the "Bankruptcy Code").

2. The Debtor is both a subcontractor and general contractor, specializing as a high end concrete and masonry subcontractor, in the New York City area. Affidavit of Donal O'Sullivan at 2, ECF No. 7.

3. The Debtor is currently operating its business and managing its affairs pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed in this case.

5. The United States Trustee solicited the Debtor's twenty largest unsecured creditors in order to form an official committee of unsecured creditors. Responses are due November 20, 2017,

### The Cash Management Motion

6. The Debtor filed the Cash Management Motion on the Petition Date seeking the entry of interim and final orders authorizing it to, among other things, continue to use existing accounts. Cash Management Motion at ¶ 9. Specifically, the Debtor seeks authority for the continued use of, among other things, seven brokerage accounts (the "Brokerage Accounts"). Id. The Debtor also seeks an order from this Court waiving the requirements under Bankruptcy Code Section 345(b) in connection with the continued use of the Brokerage Accounts. Id.

7. The Cash Management Motion does not disclose (1) the value of the funds in the Brokerage Accounts, (2) the nature of the investments in the Brokerage Accounts, (3) the investment guidelines, if any, used by the Debtor to make investments, or (4) the person in charge of making investment decisions.

8. Rather, the Debtor merely argues that cause exists to waive the requirements under Section 345(b) because the Debtor (i) is a sophisticated business, (ii) has no need to liquidate its investments at this time, and (iii) there would be adverse tax consequences to liquidating the investments. Id. at ¶ 37.

9. On November 9, 2017, after the "First Day" hearing, and over the objection of the United States Trustee, the Court entered an interim order approving the Cash Management Motion.[1] ECF No. 30.

---

[11] At the First Day hearing counsel for the Debtor stated on the record that at least $8.1 million in stock was held in the Brokerage Accounts. No additional information was provided.

3

## OBJECTION

### The Statutory Standard

Bankruptcy Code Section 345(b) provides that a debtor's funds shall be insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States. 11 U.S.C. § 345(b). A debtor's funds may also be deposited in an entity that has posted a bond in favor of the United States or has deposited securities with the Federal Reserve Bank in an account maintained by the United States Trustee Id. A court may waive the requirements of Section 345 upon the showing of "cause". Id.

### The Debtors Have Not Established Cause

By the Cash Management Motion the Debtor asks the Court for, among others things, authorization to continue to waive the requirements of Section 345(b). The reasons proffered by the Debtor do not justify putting creditors at the risk of loss. The Debtors essentially argues that it is a sophisticated operation that has no current need to liquidate the funds in the Brokerage Accounts, and if it did liquidate the investments, it would suffer adverse tax consequences.

These, however, are conclusory remarks and do not provide any evidence regarding the costs or inefficiencies associated with complying with the Bankruptcy Code. Moreover, as noted above, the Debtor has provided virtually no information regarding the Brokerage Accounts, including the amount in the accounts, the nature of the investments, the guidelines used for investing and the person responsible for investment decisions. Accordingly, the Debtors' request for a waiver of the requirements of Section 345(b) seems nothing more than a convenience-based request.

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Debtor's request for a waiver of the requirement of Section 345(b) as it applies to the Brokerage Accounts and grant such other and further relief as it may deem just and proper.

Dated: New York, New York
       November 10, 2017

                                                  Respectfully submitted,

                                                  WILLIAM K. HARRINGTON
                                                  UNITED STATES TRUSTEE, Region 2
                                                  By: */s/ Paul K. Schwartzberg*
                                                  Paul K. Schwartzberg
                                                  Trial Attorney
                                                  201 Varick Street, Room 1006
                                                  New York, New York 10014
                                                  Tel. (212) 510-0500