CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.

*Proposed Counsel to Navillus Tile, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| NAVILLUS TILE, INC., DBA NAVILLUS CONTRACTING | Case No. 17-13162 (SHL) |
| Debtor. | |

------------------------------------------------------------x

## DECLARATION IN SUPPORT OF MOTION FOR DEBTOR-IN POSSESSION FINANCING

Christopher K. Wu, under penalty of perjury, hereby declares pursuant to 28 U.S.C. §1746, as follows:

1. I am the proposed Chief Restructuring Officer of Navillus Tile, Inc. dba Navillus Contracting, debtor and debtor-in-possession in the above-captioned chapter 11 case ("Navillus" or the "Debtor"), President of Teneo Restructuring and Senior Managing Director of Teneo Capital LLC. I make this declaration in support of Navillus' motion (the "Motion")[1] for debtor-in-possession financing under section 364 of the Bankruptcy Code.

2. My statements in this Declaration are based on my personal knowledge, review of relevant documents, and with respect to the requirements of applicable law (including the Bankruptcy Code), discussions with Navillus' counsel.

---
[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.  Navillus has an immediate need for access to liquidity to, among other things, permit the orderly continuation of its construction operations, to maintain business relationships with Tishman and all project owners, subcontractors and suppliers, and to satisfy other essential operational needs, all of which are required to maintain and preserve Navillus' value. In addition, Navillus' ability to continue operating on its open construction projects and maintain its business relationships depends on obtaining immediate access to the DIP Facility to address concerns regarding Navillus' ability to complete its open construction projects. Given that a large amount of Navillus' current work in progress is public work for government agencies where there is typically a delay in processing payment requisitions, to avoid any liquidity concerns during the early stages of this chapter 11 case when subcontractors and suppliers may not honor the payment terms that were in place prior to the filing, Navillus requires access to the DIP Facility. Failure to obtain the relief requested in the Motion will immediately and irreparably harm Navillus, its estate, and its creditors.

4.  Navillus was unable to obtain financing on terms more favorable than those offered by Liberty under the DIP Facility and was unable to obtain unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense. Navillus was also unable to obtain secured credit under section 364(c) of the Bankruptcy Code on equal or more favorable terms than those offered by Liberty under the DIP Facility. A request for debtor-in-possession financing was made to Signature Bank, Navillus' pre-petition secured lender, but Signature declined. A credit facility in the amount and on the terms provided by the DIP Facility is not available from Liberty except on the terms set forth in the DIP Financing Agreement, including without limitation, granting Liberty the Post-Petition Lien and Security Interest and the Superpriority Claim.

5.  I believe that the terms and conditions of the DIP Facility and the DIP Financing Agreement are fair, reasonable, and the best available to Navillus under the circumstances, reflect the exercise of prudent business judgment by Navillus consistent with its fiduciary duties, and are supported by reasonably equivalent value and consideration. The DIP Facility was negotiated without collusion, in good faith and at arms' length between and among the Indemnitors and Liberty. Navillus believes that Liberty is therefore entitled to the full protection and benefits of section 364(e) of the Bankruptcy Code, as those protections and benefits have been described to me by counsel.

6.  Absent the relief sought by the Motion, Navillus' estate will be immediately and irreparably harmed because Navillus requires access to the proceeds of the DIP Facility to assure critical project owners and obligees under performance bonds that Navillus has the willingness, ability, and financial wherewithal to complete work in connection with its construction projects under bonded and non-bonded projects. In addition, it is notable that there are no upfront fees or undrawn commitment fees which are more typical of debtor-in-possession financings. Navillus believes that consummation of the DIP Facility in accordance with the DIP Financing Agreement is in the best interests of Navillus and its estate and is consistent with its fiduciary duties.

7.  For the reasons set forth herein and in the Motion, Navillus requests that the relief sought in the Motion be granted, and that it be granted such other and further relief as is deemed just and proper.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: November 28, 2017

_____
Christopher K. Wu