CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.

*Proposed Counsel to Navillus Tile, Inc.*

and

Melanie L. Cyganowski, Esq.
Jennifer S. Feeney, Esq.
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone:    (212) 661-9100
Facsimile:    (212) 682-6104

*Proposed Special Litigation and Conflicts Counsel to Navillus Tile, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                          :
In re:                                                    :    Chapter 11
                                                          :
NAVILLUS TILE, INC., DBA NAVILLUS          :    Case No. 17-13162 (SHL)
CONTRACTING,                                          :
                                                          :
                              Debtor.                :
                                                          :
------------------------------------------------------------------x

### NAVILLUS TILE INC.'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND LOCAL RULE 9019-1 ASSIGNING THE DISPUTED CLAIMS TO MEDIATION AND DIRECTING THE FUNDS PLAINTIFFS TO PARTICIPATE IN SUCH MEDIATION

Navillus Tile, Inc., d/b/a Navillus Contracting ("**Navillus**" or the "**Debtor**"), the above-

captioned debtor and debtor-in-possession, by its proposed counsel, submits this motion (the

"**Motion**") for the entry of an Order pursuant to section 105(a) of title 11 of the United States

Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rule 9019-1 of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local**

**Rules**"), General Order M-390 (as amended and restated by General Order M-452, the

"**Standing Order**"), and the Procedures Governing Mediation of Matters and the Use of Early

Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary

Proceedings for the United States Bankruptcy Court for the Southern District of New York (the

"**Mediation Procedures**"), assigning to mediation the disputed claims asserted by five union

pension and welfare benefit funds in connection with a judgment obtained in their favor in a

pending consolidated federal lawsuit (the "**Disputed Claims**").   In further support of this

Motion, Navillus respectfully states as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and

1334.  This is core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this proceeding is

proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are section 105(a) of the

Bankruptcy Code and Local Rule 9019-1.

3.      The relief sought herein is also predicated on the Court's Standing Order and the

Mediation Procedures.

## BACKGROUND

4.      On November 8, 2017 (the "**Petition Date**"), Navillus filed a voluntary petition

for relief pursuant to chapter 11 of the Bankruptcy Code.

5.      Navillus has remained in possession of its property and continues in the operation

and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of

the Bankruptcy Code.

2

6.     On November 27, 2017, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**") in this chapter 11 case.

7.     On the Petition Date, Navillus filed the Affidavit of Donal O'Sullivan pursuant to Local Bankruptcy Rule 1007-2 (the "**O'Sullivan Affidavit**").    Additional factual background information regarding Navillus' business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the O'Sullivan Affidavit and is incorporated herein by reference.  [Dkt. No. 7].

8.     Navillus is one of the largest subcontractors and general contractors in New York, specializing as a high-end concrete and masonry subcontractor on large private and public construction projects in the New York metropolitan area.  In addition to its core expertise in concrete superstructure work, Navillus also performs stone, tile, steel, restoration, repointing, roofing, carpentry, electrical, plastering and fireproofing work.  While the majority of Navillus' work is subcontracting work, Navillus also has the capability to serve as a general contractor on projects where it self-performs the work.

9.     As of the Petition Date, Navillus employed over seven hundred (700) individuals, including approximately six hundred forty (640) individuals to provide labor in connection with approximately sixty five (65) open construction projects and approximately sixty five (65) individuals at the management level and to provide home office support.  The level of field labor varies depending on the volume of open construction projects, and Navillus employs up to approximately one thousand six hundred (1,600) field laborers during peak times.

10.     Through the Building Contractors Association,  certain Project Labor Agreements and  certain  independent  agreements,  Navillus  is  associated  with  collective  bargaining

agreements for a number of trade unions in New York. Navillus is one of the largest contributors to union funds in the New York metropolitan area, having contributed more than $172 million to the New York union funds in the last five (5) years alone.

11.      Over the course of the past three (3) years, Navillus has defended a lawsuit (the "**District Court Action**") in the United States District Court for the Southern District of New York (the "**District Court**") brought by (i) the Trustees of the Metal Lathers Local 46 Pension Fund, the Metal Lathers Local 46 Trust Fund, the Metal Lathers Local 46 Annuity Fund, the Metal Lathers Local 46 Vacation Fund, the Metal Lathers Local 46 Apprenticeship Fund, and the Metal Lathers Local 46 Scholarship Fund (collectively, the "**Local 46 Funds**"), (ii) the Trustees of the Cement & Concrete Workers Pension Trust Fund, the Cement & Concrete Workers Welfare Trust Fund, the Cement & Concrete Workers Annuity Trust Fund, and the Cement & Concrete Workers Scholarship Trust Fund (collectively, the "**Cement Workers Funds**"), (iii) the Trustees of the Cement Masons' Local 780 Trust Fund, the Cement Masons' Local 780 Pension Fund, the Cement Masons' Local 780 Annuity Fund, the Cement Masons' Local 780 Vacation Fund, and the Cement Masons' Local 780 Apprenticeship Fund (collectively, the "**Local 780 Funds**"), (iv) the Trustees of the New York City District Council of Carpenters Pension Fund, the New York City District Council of Carpenters Welfare Fund, the New York City District Council of Carpenters Apprenticeship, Journeyman Retraining, Educational and Industry Fund, and the New York City District Council of Carpenters Annuity Fund (collectively, the "**Carpenters Fund**"), and (v) the Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, the "**Local 282 Funds**," and together with the Local 46 Funds, the Cement

Workers Funds, the Local 780 Funds and the Carpenters Funds, the "**Funds Plaintiffs**"), against Navillus and other defendants in the consolidated action styled as *Moore, et al. v. Navillus Tile, Inc., et al.* and *Gesualdi, et al. v. Navillus Tile, Inc., et al.* (Lead Case No. 14-cv-08326). The District Court Action has resulted in substantial litigation costs and a $76 million judgment (the "**Judgment**") entered against Navillus on September 22, 2017. Navillus strongly believes that the Judgment was wrongly decided and has appealed (the "**Appeal**") the Judgment to the United States Court of Appeals for the Second Circuit (the "**Second Circuit**") where it intends to pursue its appellate remedies to overturn or, at the very least, substantially reduce, the Judgment.

12.     On November 1, 2017, the Funds Plaintiffs served restraining notices on Navillus' bank accounts, resulting in the freezing of Navillus' bank accounts and bringing operations to an abrupt halt. On November 2, 2017, the U.S. Marshal levied Navillus' bank accounts to satisfy approximately $1.8 million of the Judgment held by the Local 282 Funds, one of the Funds Plaintiffs. This bankruptcy case was commenced shortly thereafter.

13.     But for Navillus' bankruptcy filing, a precipitous foreclosure by the Funds Plaintiffs in the District Court Action, given the amount of the Judgment, would have posed a threat to Navillus' long-term viability and caused serious consequences for hundreds of employees and trade creditors alike who depend upon Navillus. Many of Navillus' assets are in the form of work in progress on open construction projects as well as future contract revenues that are not capable of being liquidated.

14.     This bankruptcy case, however, is not just about payment of the Judgment amount; there is more than a monetary component at stake here. This chapter 11 filing protects the value of Navillus' business for *all* of its constituencies—including over seven hundred (700) Navillus employees, the trade creditors that continue to supply materials, equipment and other

goods and services to Navillus in connection with its sixty five (65) public and privately open construction projects, as well as the Funds Plaintiffs.  Navillus has had, and continues to have, a symbiotic relationship with the labor unions, and the Judgment jeopardizes Navillus' ability to remain a significant union employer in the New York construction market.

### RELIEF REQUESTED

15.     By this Motion, Navillus seeks the entry of an order, pursuant to section 105(a) of the Bankruptcy Code, Local Rule 9019-1, the Standing Order and the Mediation Procedures, assigning the Disputed Claims to mediation and directing Navillus and the Funds Plaintiffs (collectively, the "**Mediation Parties**") to participate in such mediation.

16.     While Navillus intends to expeditiously pursue the Appeal in the Second Circuit and use the chapter 11 process to reorganize its operations in an orderly fashion and develop a reorganization plan that will preserve its value as a going concern for its creditors and interest holders, Navillus believes the breathing spell afforded by the commencement of this bankruptcy case provides a worthwhile opportunity for the key parties to engage in mediation.

17.     Navillus believes that mediation at this juncture would be extremely beneficial towards Navillus' efforts (i) to resolve the ongoing disputes with the Funds Plaintiffs, (ii) to move forward in a positive direction with a fresh start with all of its constituencies—including the Funds Plaintiffs, (iii) to avoid the incurrence of additional fees and costs, and (iv) to avoid the unnecessary devotion of each parties' resources, time and effort litigating.  To ensure an efficient and meaningful mediation, however, Navillus believes it is necessary for the Court to direct the pertinent parties to participate in mediation.

18.     During the pendency of the District Court Action, Navillus and the Funds Plaintiffs had engaged in several attempts at informal mediation which were unsuccessful due to,

among other things, Navillus' belief of the need for the trustees of the Funds Plaintiffs to be present for any potentially successful mediation.

## **APPLICABLE AUTHORITY**

19.    Section 105(a) of the Bankruptcy Code provides that the Court may "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

20.    Local Rule 9019-1 provides that: "Alternative dispute resolution shall be conducted in the manner required by the [Mediation Procedures]."  In turn, the Mediation Procedures, which were adopted and made available on the Court's web site pursuant to the Standing Order, provides that "[t]he Court may order assignment of a matter to mediation upon its own motion, or upon a motion by any party in interest or the U.S. Trustee."  *Mediation Procedures*, at § 1.1.  Further, "[u]nless otherwise ordered by the presiding judge, any adversary proceeding, contested matter or other dispute may be referred by the Court to mediation."  *Id.* at § 1.3.

21.    Dispute resolution methods, such as mediation, have long been favored by the courts.  *See Hass v. Hass (In re Hass)*, 273 B.R. 45, 50 (Bankr. S.D.N.Y. 2002) ("Consensual resolution of litigation has been favored in the law from time immemorial, whether by the parties themselves, or through mediation or other techniques of dispute resolution."); *see also* General Order M-211 ("[T]he court wishes to encourage and promote, at appropriate stages in bankruptcy proceedings, the use of innovative, cost efficient, speedy methods of resolving disputes other than adjudication by a presiding judge.").

22.    Here, mediation would be appropriate as an efficient and cost-effective mechanism to resolve the Disputed Claims.  Because the Disputed Claims involve multiple union

parties with differing trustees, efforts to resolve those claims would involve a piecemeal process and make the overall process longer and lead to an escalation of costs.  An Order from the Court requiring all of the pertinent parties to engage in mediation will help reduce time and costs by focusing the issues and having all parties on the same playing field.

23.     While Navillus appreciates that mediation would not be binding on the Mediation Parties, Navillus believes the benefit of having a meaningful dialogue to amicably resolve the matter for the long-term interest of all parties through mediation will greatly outweigh any conceivable downside.

24.     Based on the foregoing reasons, Navillus respectfully request that the Court order the mediation of the Disputed Claims and direct the Mediation Parties to participate in the mediation in accordance with the Mediation Procedures, except as modified herein and provided that the Court waive the requirements of section 2.1 of the Mediation Procedures to the extent that the Mediation Parties agree upon a mediator.

## MEDIATION PROCEDURES

25.     Except as otherwise proposed or expanded upon by Navillus herein, the Court's Mediation Procedures shall apply to the proposed mediation.

26.     Navillus proposes to modify section 2.2.A. of the Mediation Procedures, which governs the appointment of the mediator, so that the mediator shall be selected by the following process: (a) Navillus shall select and propose 3 mediators with the necessary skills and background in labor law, collective bargaining agreements and labor contract administration to conduct the mediation (the "**Navillus' List**"), (b) the Funds Plaintiffs (collectively) shall select and propose 3 mediators also with the necessary skills and background in labor law, collective bargaining agreements and labor contract administration to conduct the mediation (the "**Funds**

**Plaintiffs' List**"), (c) Navillus and the Funds Plaintiffs shall mutually agree and select, in writing, one (1) mediator and one (1) alternate mediator from the combined Navillus' List and Funds Plaintiff's List within seven (7) days of the Court's order assigning the Mediation Parties to mediation. As presently set forth in the Mediation Procedures, if the Mediation Parties cannot agree upon a mediator within those seven (7) days, the Court shall appoint a mediator and alternate mediator.

27.     Navillus proposes to modify section 4.0 of the Mediation Procedures, which governs "Compensation of Mediators", so that the mediator's compensation for the mediation proposed herein shall be shared equally, with Navillus bearing one-half (1/2) of the mediator's fees and costs (the "**Estate's Share**") and the Funds Plaintiffs bearing one-half (1/2) of the mediator's fees and costs. Navillus requests that the Court's approval not be required for the payment of the Estate's Share; *provided*, *that*, the amount of the Estate's Share not exceed $75,000.00, in which case payment of the Estate's Share shall then be subject to the Court's approval. All other terms of the mediator's compensation shall be on such terms as mutually agreed between Navillus, the Funds Plaintiffs and the mediator. As presently set forth in the Mediation Procedures, in the event that the mediator, Navillus and the Funds Plaintiffs cannot agree on terms of compensation, then the Court shall fix such terms as are reasonable and just.

## RESERVATION OF RIGHTS

28.     Navillus reserves all rights, remedies, claims and defenses available to it under applicable law. Nothing contained in or omitted from this Motion is intended or should be construed as (a) an admission of liability on any claim filed or asserted against Navillus or (b) an admission as to the validity or allowance of any claim filed or asserted against Navillus.

**NOTICE**

29.     Notice of this Motion has been given to (a) the United States Trustee for the Southern District of New York; (b) proposed counsel to the Committee; (c) counsel to each of the Funds Plaintiffs; and (d) any other party who requests to receive notices.  Navillus submits that, under the circumstances, no other or further notice is required.

30.     No previous motion for the relief sought herein has been made to this or any other Court.

**CONCLUSION**

31.     Wherefore, Navillus respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit "A"** (a) granting this Motion, (b) assigning the Disputed Claims to mediation and directing the Mediation Parties to participate in such mediation, and (c) granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
         December 8, 2017

                                        CULLEN AND DYKMAN LLP

                          By:     /s/   C. Nathan Dee
                                        C. Nathan Dee, Esq.
                                        Elizabeth M. Aboulafia, Esq.
                                        100 Quentin Roosevelt Boulevard
                                        Garden City, New York 11530
                                        (516) 357-3700

                                        *Proposed Counsel to Navillus Tile, Inc.*

                                           and

                                        OTTERBOURG P.C.
                                        Melanie L. Cyganowski, Esq.
                                        Jennifer S. Feeney, Esq.
                                        230 Park Avenue
                                        New York, NY 10169

Telephone:      (212) 661-9100
Facsimile:      (212) 682-6104

*Proposed Special Litigation and
Conflicts Counsel to Navillus Tile, Inc.,
d/b/a Navillus Contracting*

# EXHIBIT "A"

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
                                            :
In re:                                      :   Chapter 11
                                            :
NAVILLUS TILE, INC., DBA NAVILLUS           :   Case No. 17-13162 (SHL)
CONTRACTING,                                :
                                            :
                      Debtor.               :
                                            :
--------------------------------------------------------------x

### [PROPOSED] NAVILLUS TILE, INC.'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND LOCAL RULE 9019-1 ASSIGNING THE DISPUTED CLAIMS TO MEDIATION AND DIRECTING THE FUNDS PLAINTIFFS TO PARTICIPATE IN SUCH MEDIATION

Upon the motion (the "**Motion**")[1] of Navillus Tile, Inc., d/b/a Navillus

Contracting (the "**Debtor**), for entry of an Order (the "**Order**") pursuant to section 105(a) of title

11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rule 9019-1

of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District

of New York (the "**Local Rules**"), General Order M-390 (as amended and restated by General

Order M-452, the "**Standing Order**"), and the Procedures Governing Mediation of Matters and

the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases

and Adversary Proceedings for the United States Bankruptcy Court for the Southern District of

New York (the "**Mediation Procedures**"), assigning to mediation (i) the disputed claims

asserted by the Funds Plaintiffs based on the Judgment (the "**Disputed Claims**"), all as more

fully set forth in the Motion; and the Court having reviewed the Motion; and the Court having

found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the

Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

---

[1] Capitalized terms utilized but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

4981415.3                                    1

the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that adequate and appropriate notice of the Motion has been provided under the circumstances and that no other or further notice is required; and the Court having determined that the relief sought in the Motion is in the best interests of Navillus, its estate, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Pursuant to section 105(a) of the Bankruptcy Code, Local Rule 9019-1, the Standing Order, and the Mediation Procedures, the Disputed Claims are hereby assigned to mediation in accordance with the Mediation Procedures; *provided*, *however*, that

      a.      Section 2.2.A. of the Mediation Procedures is modified to the extent necessary such that (i) Navillus shall select and propose 3 mediators (the "**Navillus' List**"), (ii) the Funds Plaintiffs (collectively) shall select and propose 3 mediators (the "**Funds Plaintiffs' List**"), (iii) Navillus and the Funds Plaintiffs shall mutually agree and select, in writing, one (1) mediator and one (1) alternate mediator from the combined Navillus' List and Funds Plaintiff's List within seven (7) days of the entry of this Order. If the Mediation Parties cannot agree upon a mediator within seven (7) days of the entry of this Order, the Court shall appoint a mediator and alternate mediator.

      b.      Section 4.0 of the Mediation Procedures is modified to the extent necessary such that the mediator's compensation for the mediation proposed by this Motion shall be shared equally, with Navillus bearing one-half (1/2) of the mediator's fees and costs and the Funds Plaintiffs bearing one-half (1/2) of the mediator's fees and costs. Navillus requests that the Court's approval not be required for the payment of the Estate's Share; *provided*, *that*, the amount of the Estate's Share not exceed $75,000.00, in which case payment of the Estate's Share shall then be subject to the Court's approval. All other terms of the mediator's compensation shall be on such terms as mutually agreed between Navillus, the Funds Plaintiffs and the mediator. In the event that the mediator, Navillus and the Funds Plaintiffs cannot agree on terms of compensation, then the Court shall fix such terms as are reasonable and just.

3.      Each of the Mediation Parties is directed to participate in the mediation of the Disputed Claims in accordance with the Mediation Procedures.

4.      Navillus is authorized to executed and deliver all instruments and documents, and take such other action as may be necessary or appropriate on behalf of Navillus' estate to implement and effectuate the relief contemplated by this Order.

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       _____, 2017


_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE