**Presentment Date and Time: January 3, 2018 at 10:00 a.m.**
**Objection Deadline: December 29, 2017 at 4:00 p.m.**

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.

*Proposed Counsel to Navillus Tile, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
|  |  |
|---|---|
| In re: | Chapter 11 |
| NAVILLUS TILE, INC., DBA NAVILLUS CONTRACTING | Case No. 17-13162 (SHL) |
| Debtor. |  |

----------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF JONES DAY AS SPECIAL LITIGATION AND LABOR COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE

**PLEASE TAKE NOTICE** that upon the annexed *Application of the Debtor for Entry of an Order Authorizing Employment and Retention of Jones Day as Special Litigation and Labor Counsel Nunc Pro Tunc to the Petition Date* (the "Motion"), filed on behalf of Navillus Tile, Inc. dba Navillus Contracting, the above-captioned debtor and debtor-in-possession ("Navillus" or the "Debtor"), the undersigned will present the attached proposed order to the Honorable Sean H. Lane, United States Bankruptcy Judge, for signature on January 3, 2018 at 10:00 a.m. (the "Presentment Date"), at the United States Bankruptcy Court, Courtroom 701, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that responses and objections, if any, to the Motion and the proposed order must be made in writing, conform to the Bankruptcy Rules and

the Local Bankruptcy Rules for the Bankruptcy Court and be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (a copy of which can be found at *www.nysb.uscourts.gov*, the official website for the United States Bankruptcy Court for the Southern District of New York), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served upon: (i) proposed counsel to Navillus, Cullen and Dykman LLP, Attn: C. Nathan Dee, Esq. and Elizabeth M. Aboulafia, Esq., 100 Quentin Roosevelt Blvd., Garden City, New York 11530; (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Paul Schwartzberg; and (iii) all parties who have filed a notice of appearance and request for service of documents, so as to be actually received by no later than 4:00 p.m. (prevailing Eastern Time) on December 29, 2017 (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no objection has been properly filed, served and received by the Objection Deadline, the Bankruptcy Court may sign the proposed order on the Presentment Date without a hearing.  In the event one or more objections to the Motion and proposed order are timely served and filed, and such objection(s) are not withdrawn or otherwise resolved before the Presentment Date, the Bankruptcy Court will schedule a hearing on notice to the appropriate parties.

Dated: December 19, 2017
      Garden City, New York

CULLEN AND DYKMAN LLP

By: ___/s/ Elizabeth M. Aboulafia___
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

*Proposed Counsel to Navillus Tile, Inc. dba Navillus Contracting*

**Presentment Date and Time:  January 3, 2018 at 10:00 a.m.**
**Objection Deadline:  December 29, 2017 at 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
                                                     :
In re:                                               :    Chapter 11
                                                     :
NAVILLUS TILE, INC., DBA NAVILLUS                    :    Case No. 17-13162 (SHL)
CONTRACTING,                                         :
                                                     :
                              Debtor.                :
                                                     :
-----------------------------------------------------------------x
```

### APPLICATION OF THE DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF JONES DAY AS SPECIAL LITIGATION AND LABOR COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE

Navillus Tile, Inc. d/b/a Navillus Contracting, the debtor and debtor-in-possession in the above-captioned proceeding (the "Debtor"), through undersigned counsel, submits this application (the "Application") for an Order Pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtor's retention of Jones Day ("Jones Day") as its special litigation counsel and labor counsel *nunc pro tunc* to the Petition Date (defined below).  In support of the Application, the Debtor refers to (a) the Declaration of Willis J. Goldsmith (the "Goldsmith Declaration"), annexed hereto as Exhibit A, and (b) the Declaration of Donal O'Sullivan (the "O'Sullivan Declaration"), annexed hereto as Exhibit B, and further respectfully represents as follows:

### BACKGROUND

1.      On November 8, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is authorized to continue to manage and operate its business as a debtor in possession pursuant to sections 1107

and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtor's chapter 11 case as of the date hereof.

2.      The Debtor is a New York corporation founded in 1987 and is one of the largest subcontractors and general contractors in New York, specializing as a high-end concrete and masonry subcontractor on large private and public construction projects in the New York metropolitan area.  The Debtor is one of the largest union construction firms in New York City and one of the largest contributors to union funds – more than $170 million from 2011 through 2016 alone.

3.      Over the course of three years leading up to the Petition Date, the Debtor was a defendant in a lawsuit in the United States District Court for the Southern District of New York (the "District Court") brought by five union pension and welfare benefit funds (the "Union Plaintiffs") against the Debtor and other defendants in the consolidated action styled as *Moore, et al. v. Navillus Tile, Inc., et al. and Gesuardi, et al. v. Navillus Tile, Inc., et al.* (Lead Case No. 14-cv-08326) (the "District Court Action").  Jones Day has represented the Debtor in connection with the District Court Action since its commencement.

4.      Following a seven-day bench trial in August of 2017, the District Court issued a written decision in favor of the Union Plaintiffs.  On September 22, 2017, the Clerk of the District Court entered a judgment against all Defendants in the total amount of approximately $76 million (the "Judgment").  The Defendants promptly appealed from the Judgment (the "Appeal") to the United States Court of Appeals for the Second Circuit (the "Second Circuit Court").

5.      On September 30, 2017, the Debtor along with another defendant moved the Second Circuit for an emergency stay of the Judgment pending the Appeal, after first

unsuccessfully moving for a stay in the District Court.  The Second Circuit initially granted an interim stay while it decided the motions, but then, on October 31, 2017, the Second Circuit Court denied the requested stay.  The very next day the Union Plaintiffs served restraining notices on the Debtor's bank accounts.

6.      On November 20, 2017, the Debtor and the Union Plaintiffs entered into the *Stipulated and Agreed Order Granting Relief From the Automatic Stay* [ECF No. 53] (the "Stay Relief Stipulation"), pursuant to which the parties agreed to a modification of the automatic stay imposed by section 362(a) of the Bankruptcy Code to permit the Debtor to pursue and prosecute the Appeal and all available appellate rights and remedies, including motions for rehearing and petitions for certiorari, through the entry of a mandate by the Second Circuit Court.  The Court so-ordered the Stay Relief Stipulation on November 22, 2017 [ECF No. 60].

7.      Pursuant to a scheduling order entered by the Second Circuit Court on November 30, 2017, the Debtor's and other defendants' principal briefs on the Appeal are due to be filed and served by January 5, 2018.  The Debtor will seek to reverse the $76 million Judgment against it through the Appeal.

8.      A comprehensive description of the Debtor, its history, its assets and liabilities and the events leading to the commencement of this chapter 11 case can be found in the *Affidavit of Donal O'Sullivan Pursuant to Local Bankruptcy Rule 1007-2* [ECF No. 7] (the "First Day Affidavit"), filed on the Petition Date and incorporated herein by reference.

## JURISDICTION

9.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

10.    The statutory predicates for the relief requested herein are section 327 of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules.

**RELIEF REQUESTED**

11.    The Debtor disputes the Judgment and through the Appeal hopes to overturn or, at the very least, substantially reduce, the Judgment.  In accordance with the Stay Relief Stipulation, the Debtor is able to continue pursuing and prosecuting the Appeal despite the Debtor's pending chapter 11 cases.

12.    By this Application, the Debtor seeks authority to employ and retain Jones Day as its special litigation and labor counsel to represent the Debtor in connection with the Appeal and collateral labor issues, effective as of the Petition Date, pursuant to section 327(e) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules, to assist it in matters relating to the Appeal and various labor matters in accordance with the terms of the engagement letter, dated November 13, 2017, a copy of which is attached hereto as <u>Exhibit C</u> (the "<u>Engagement Letter</u>").  The Engagement Letter describes, among other things: (a) the services that Jones Day anticipates performing for the Debtor and (b) the terms and conditions of Jones Day's proposed engagement by the Debtor.

**BASIS FOR RELIEF REQUESTED**

13.    Section 327(e) of the Bankruptcy Code authorizes a debtor in possession to employ one or more attorneys to represent the debtor on specified matters so long as those attorneys do not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which they are to be employed.  *See* 11 U.S.C. § 327(e).  Moreover, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 . . . solely because of such person's employment by or representation of the debtor before the commencement of the case."  11 U.S.C. § 1107(b).

A.    **Jones Day's Qualifications**

14.    The Debtor's decision to retain Jones Day as special litigation and labor counsel is based on a number of considerations which informed the Debtor's pre-petition decision to retain Jones Day:  Jones Day has over 2,500 attorneys in 43 offices throughout the world; Jones Day has a national and international reputation as a full-service law firm, and has a wide clientele that includes numerous Fortune 100 and 500 companies; Jones Day's litigation and labor and employment practices are some of the most sophisticated in the nation; and Jones Day has extensive experience in complex labor and employment litigation matters.

15.    Jones Day is also uniquely positioned to represent the Debtor due to its extensive familiarity with the District Court Action, the Appeal, and the Debtor's business overall.  Jones Day has advised the Debtor with respect to the District Court Action since its commencement over three years ago.  During the course of this representation, Jones Day gained valuable knowledge of and familiarity with the underlying litigation and the Debtor's business.

16.    In fact, requiring the Debtor to retain new counsel would be unduly prejudicial to the Debtor's efforts in successfully prosecuting the Appeal.  It would be inefficient to have new counsel spend considerable time to become familiar with the issues raised on the Appeal and the extensive record developed at the trial.  Moreover, it would be extraordinarily difficult to get up to speed sufficiently in advance of the impending January 5, 2018 briefing deadline.

17.    Because of Jones Day's lead role in defending the Debtor in the pre-petition litigation and its expertise with the labor law issues facing the Debtor, the Debtor submits that Jones Day is well qualified to represent the Debtor in the Appeal and advise it with respect to variety of labor issues that may arise in connection with the Debtor's pending chapter 11 case.  For these reasons, the Debtor submits that the retention and employment of Jones Day

as special litigation and labor counsel is in the best interests of the Debtor and its bankruptcy

estate.

### B.        Services to Be Provided by Jones Day

18.        The Debtor anticipates that Jones Day's services in this chapter 11 case

will include:

a)        assisting the Debtor in pursuing and prosecuting the Appeal and all proceedings related thereto;

b)        advising the Debtor with respect to its rights and obligations under its various collective bargaining agreements and the Bankruptcy Code related to such collective bargaining agreements;

c)        dealing with various unions including the Union Plaintiffs in connection with the Appeal and this chapter 11 case;

d)        assisting as needed and as requested in any court hearings in this chapter 11 case; and

e)        providing such other related services as may be requested by the Debtor from time to time.

19.        Jones Day has indicated its willingness to render the necessary

professional services described above as special litigation and labor counsel and will not serve as

general bankruptcy and reorganization counsel to the Debtor.

### C.        Compensation and Fee Applications

20.        Subject to this Court's approval and in accordance with sections 330 and

331 of the Bankruptcy Code and the applicable Bankruptcy Rules, Local Bankruptcy Rules for

the Southern District of New York (the "Local Bankruptcy Rules") and Orders and other

procedures of this Court, the Debtor requests that Jones Day be compensated on an hourly basis,

and be reimbursed for the actual, necessary expenses Jones Day incurs in connection with the

representation of the Debtor.

21.    Jones Day will be compensated at its standard hourly rates, which are based on the professionals' level of experience.  The hourly rates applicable to the attorneys at Jones Day proposed to represent the Debtor are as follows:

| Name | Location | Position | Billing Rate |
|------|----------|----------|-------------:|
| Lee Armstrong | New York | Partner | $1,025.00 |
| Willis Goldsmith | New York | Partner | $1,100.00 |
| Todd Geremia | New York | Partner | $975.00 |
| Shay Dvoretzky | Washington | Partner | $975.00 |
| Evan Miller | Washington | Partner | $1,075.00 |
| Josh Mester | Los Angeles | Partner | $1,000.00 |
| William Coglianese | Washington | Associate | $700.00 |
| Allison Waks | New York | Associate | $575.00 |
| Michael Casertano | New York | Associate | $525.00 |
| Benjamin Flowers | Columbus | Associate | $500.00 |
| James Gross | New York | Associate | $525.00 |
| Anna Kordas | New York | Associate | $525.00 |

Other lawyers and paralegals not listed may perform services for the Debtor.  Generally, Jones Day's current hourly rates proposed for this matter range from $500 to $1,100 for attorneys and from $325 to $450 for paralegals and law clerks.  These hourly rates are standard hourly rates for work of this nature.  In the normal course of business, the hourly rates may be revised on a periodic basis, and the Debtor has agreed to pay the adjusted rates as and when they go into effect.

22.    Jones Day will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

**D.    Disclosure Concerning Disinterestedness**

23.    To the best of the Debtor's knowledge, except as set forth in the Goldsmith Declaration and the accompanying Exhibit 2, Jones Day does not:  (a) represent or hold any interest adverse to the Debtor or its estate with respect to the matters on which Jones

-10-

Day seeks to be employed and Jones Day will not represent any interest adverse to the Debtor in

this chapter 11 case; or (b) have any connection with the Debtor, any creditors or other parties in

interest, their respective attorneys and accountants, or the United States Trustee or any of its

employees.  Jones Day, thus, is a "disinterested person" within the meaning of section 101(14) of

the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

24.    To the extent that, during the period of its retention, Jones Day discovers

any new relevant facts or relationships bearing on the matters described herein, Jones Day will

promptly supplement the Goldsmith Declaration.

25.    During the one year period prior to the Petition Date, Jones Day invoiced

the Debtor approximately $1,880,408.53 for services rendered and related expenses incurred in

connection with the District Court Action and the Appeal.  Of that amount, as of the Petition

Date, $1,465,662.34 had been paid and $414,746.19 remained unpaid.

26.    The receipt of prepetition payments does not preclude a law firm from

being employed as special counsel under section 327(e) of the Bankruptcy Code so long as the

receipt of such payment does not cause it to "hold any interest adverse to the debtor or to the

estate with respect to the matter on which [it] is to be employed."  11 U.S.C. § 327(e); see also In

re Mortgages Ltd., No. 08-07465 (RJH), 2008 WL 5024925, at *2 (Bankr. D. Ariz. Aug. 14,

2008) ("[T]he potential receipt of a preference does not disqualify a firm from employment as

special counsel when the debtor's and the firm's interests are parallel with respect to the matters

for which the firm is to be employed.")  "Since the role of the special counsel is, by definition,

limited, the trustee need only show that there is no adverse interest related to that role itself."

Hogil Pharmaceutical Corp. v. Sapir (In re Innomed Labs, LLC), No. 07-cv-4778 (WCC), 2008

WL 276490 (S.D.N.Y. Jan. 29, 2008).

27.     This Court has approved retentions of counsel under section 327(e) of the Bankruptcy Code where the law firm to be retained received payments prior to the petition date. See, e.g., In re Gawker Media, LLC, No. 16-11700 [ECF No. 169] (Bankr. S.D.N.Y. Aug. 11, 2016); In re SunEdison, Inc., No. 16-10992 (SMB) [ECF No. 361] (Bankr. S.D.N.Y. May 20, 2016); In re KIT digital, Inc., No. 13-11298 [ECF No. 222] (Bankr. S.D.N.Y. June 13, 2013); In re Apex Silver Mines Ltd., No. 09-10182 (JMP) [ECF No. 57] (Bankr. S.D.N.Y. Jan. 22, 2009).

28.     Moreover, because of the amounts invoiced but not yet paid as of the Petition Date, Jones Day has a prepetition claim against the Debtor's estate.  However, this claim does not disqualify Jones Day from being retained under section 327(e) of the Bankruptcy Code because Jones Day does not have an "interest adverse to the debtor or to the estate with respect to the matter on which [it] is to be employed" by virtue of holding such pre-petition claim.  See 11 U.S.C. § 327(e); see also In re Gawker Media, LLC, No. 16-11700 [ECF No. 169] (Bankr. S.D.N.Y. Aug. 11, 2016); In re KIT digital, Inc., No. 13-11298 [ECF No. 222] (Bankr. S.D.N.Y. June 13, 2013).

29.     Therefore, Jones Day's receipt of prepetition payments from the Debtor and its status as Debtor's prepetition creditor does not disqualify Jones Day from being retained pursuant to section 327(e) of the Bankruptcy Code.

## NOTICE

30.     Notice of this Application has been given in accordance with the *Order Establishing Notice Procedures and a Master Service List* [ECF No. 83].  The Debtor submits that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

31.     No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court (i) enter an order, substantially in the form attached hereto as <u>Exhibit D</u>, granting the relief requested herein; and (ii) grant such other and further relief to the Debtor as the Court may deem just and proper.

Dated: December 19, 2017                Respectfully submitted,
      New York, New York

                                         _*/s/  Elizabeth M. Aboulafia*_____
                                        C. Nathan Dee, Esq.
                                        Elizabeth M. Aboulafia, Esq
                                        CULLEN AND DYKMAN LLP
                                        100 Quentin Roosevelt Boulevard
                                        Garden City, New York 11530
                                        (516) 357-3700

                                        PROPOSED ATTORNEYS FOR DEBTOR
                                        AND DEBTOR IN POSSESSION

**<u>EXHIBIT A</u>**

Goldsmith Declaration

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                            :
In re:                       :    Chapter 11
                            :
NAVILLUS TILE, INC., DBA NAVILLUS  :    Case No. 17-13162 (SHL)
CONTRACTING,               :
                            :
               Debtor.      :
                            :
---------------------------------------------------------------x

## <u>DECLARATION OF WILLIS J. GOLDSMITH</u>

Willis J. Goldsmith, being duly sworn, deposes and says:

1.      I am a partner with the law firm of Jones Day ("<u>Jones Day</u>").  My office address is 250 Vesey Street, New York, New York 10281-1047.

2.      I am duly authorized to make this Declaration on behalf of Jones Day.  I make this Declaration in support of the *Application of the Debtor for an Order Authorizing Employment and Retention of Jones Day as Special Litigation and Labor Counsel Nunc Pro Tunc to the Petition Date* (the "<u>Application</u>").[1]  The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

### A.    Jones Day's Qualifications

3.      Jones Day is uniquely positioned to represent the Debtor due to its extensive familiarity with the District Court Action and the Debtor's business overall.  We have advised the Debtor with respect to the District Court Action since its commencement over three years ago.  During the course of this representation, we gained valuable knowledge of and familiarity with the underlying litigation and the Debtor's business.

---

[1]      Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

4.       Our experience also renders us qualified to represent the Debtor.  Jones
Day has over 2,500 attorneys in 43 offices throughout the world; we have a national and
international reputation as a full-service law firm, with a wide clientele that includes numerous
Fortune 100 and 500 companies; our litigation and labor and employment practices are some of
the most sophisticated in the nation; and we have extensive experience in complex labor and
employment litigation matters.

5.       Given our lawyers' lead role in the pre-petition litigation against the
Debtor and our familiarity with the labor law issues facing the Debtor, we are well qualified to
represent the Debtor in pursuing the Appeal and with respect to variety of labor issues that may
arise in connection with the Appeal and the Debtor's pending chapter 11 case.

**B.       Services to Be Provided by Jones Day**

6.       Jones Day's services in this chapter 11 case will include:

    a)       assisting the Debtor in pursuing and prosecuting the Appeal
and all proceedings related thereto;

    b)       advising the Debtor with respect to its rights and
obligations under its various collective bargaining
agreements and the Bankruptcy Code related to such
collective bargaining agreements;

    c)       dealing with various unions including the Union Plaintiffs
in connection with the Appeal and this chapter 11 case;

    d)       assisting as needed and as requested in any court hearings
in this chapter 11 case; and

    e)       providing such other related services as may be requested
by the Debtor from time to time.

7.       Jones Day is willing to render the necessary professional services
described above as special litigation and labor counsel and will not serve as general bankruptcy
and reorganization counsel to the Debtor.

C.    **Compensation and Fee Applications**

8.    Jones Day will be compensated at its standard hourly rates, which are based on the professionals' level of experience.  The hourly rates applicable to the attorneys at Jones Day proposed to represent the Debtor are as follows:

| Name | Location | Position | Billing Rate |
|---|---|---|---|
| Lee Armstrong | New York | Partner | $1,025.00 |
| Willis Goldsmith | New York | Partner | $1,100.00 |
| Todd Geremia | New York | Partner | $975.00 |
| Shay Dvoretzky | Washington | Partner | $975.00 |
| Evan Miller | Washington | Partner | $1,075.00 |
| Josh Mester | Los Angeles | Partner | $1,000.00 |
| William Coglianese | Washington | Associate | $700.00 |
| Allison Waks | New York | Associate | $575.00 |
| Michael Casertano | New York | Associate | $525.00 |
| Benjamin Flowers | Columbus | Associate | $500.00 |
| James Gross | New York | Associate | $525.00 |
| Anna Kordas | New York | Associate | $525.00 |

Other lawyers and paralegals not listed may perform services for the Debtor.  Generally, Jones Day's current hourly rates proposed for this matter range from $500 to $1,100 for attorneys and from $325 to $450 for paralegals and law clerks.  These hourly rates are standard hourly rates for work of this nature.  In the normal course of business, the hourly rates may be revised on a periodic basis, and the Debtor has agreed to pay the adjusted rates as and when they go into effect.

9.    Jones Day intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules, and pursuant to any additional procedures that may be established by the Court in this chapter 11 case.

10.    Subject to the Court's approval, Jones Day will charge for its legal services on an hourly basis in accordance with hourly rates in effect for this matter on the date

services are rendered.  These rates may change from time to time in accordance with Jones Day's

established billing practices and procedures.  Jones Day will maintain detailed, contemporaneous

records of time and any actual and necessary expenses incurred in connection with the rendering

of the legal services described above by category and nature of the services rendered.

### D.        Attorney Statement Pursuant To Fee Guidelines

The following is provided in response to the request for additional information set forth in
paragraph D(1) of the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and
Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11
Cases* (the "Fee Guidelines"), effective November 1, 2013:

**Question:**        **Did you agree to any variations for, or alternatives to, your standard
customary billing arrangements for this engagement?**

Response:        No.

**Question:**        **Do any of the professionals included in this engagement vary their rate
based on the geographic location of the bankruptcy case?**

Response:        No.

**Question:**        **If you represented the client in the 12 months prepetition, disclose your
billing rates and material financial terms for the prepetition engagement,
including any adjustments or discounts offered during the 12 months
prepetition.  If your billing rates and material financial terms have
changed post-petition, explain the difference and the reasons for the
difference.**

Response:        Jones Day's rates for its prepetition engagement on this matter ranged from
$500 to $1,100 for attorneys and from $325 to $450 for paralegals and law
clerks.  Jones Day has not adjusted its billing rates since the Debtor retained
Jones Day post-petition.

**Question:**        **Has your client approved your prospective budget and staffing plan, and,
if so, for what budget period?**

Response:        Yes, the Debtor has approved a project-based budget for appeal and general
labor work.

### E.    Disclosure Concerning Disinterestedness

11.    The Debtor, through proposed chapter 11 counsel, Cullen and Dykman LLP, has provided us with a listing of potentially interested parties in this chapter 11 case as set forth in Exhibit 1 hereto (the "Interested Parties"), which includes:  (a) the Debtor; (b) the Debtor's principal and equity holders; (c) secured creditors; (d) trade creditors; (e) contract/lease counterparties; (f) labor union judgment creditors; and (g) other parties in interest.

12.    Based on available information, I, with the help of my staff, undertook a detailed search to determine and to disclose, as set forth herein, whether we represent or have represented any Interested Parties.  To the extent that Jones Day's research of its relationships with the Interested Parties indicates that Jones Day has represented in the past two years, or currently represents, any of these entities in matters unrelated to this chapter 11 case, the identities of these entities and such entities' relationship to the Debtor and connection to Jones Day, are set forth on Exhibit 2 hereto.

13.    To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor Jones Day, nor any partner, associate or other professional thereof has any connection with the Debtor, its creditors, the U.S. Trustee and other party with an actual or potential interest in this chapter 11 case, except as set forth below and in Exhibit 2 hereto:

> (a)    Jones Day has not, does not and will not represent any entity other than the Debtor in matters related to these chapter 11 cases.

> (b)    In matters unrelated to the Debtor or this chapter 11 case, Jones Day currently represents or formerly represented certain of secured creditors of the Debtor or affiliates thereof, including De Lage Landen Financial Services, Inc. and Konica Minolta

Premier Finance.  These relationships and others are set forth on <u>Exhibit 2</u>.

(c) In matters <u>unrelated</u> to the Debtor or this chapter 11 case, Jones Day currently represents or formerly represented certain of contract/lease counterparties of the Debtor or affiliates thereof, including International Union of Operating Engineers, L14, Manhattan Jeep Chrysler Dodge, Inc. and Mercedes Benz of Brooklyn.  These relationships and others are set forth on <u>Exhibit 2</u>.

(d) In matters <u>unrelated</u> to the Debtor or this chapter 11 case, Jones Day currently represents or formerly represented certain of trade creditors and other parties in interest of the Debtor or affiliates.  These relationships and others are set forth on <u>Exhibit 2</u>.

14. Based on the process described above to identify and disclose Jones Day's relationships with the Interested Parties, I believe that each client representation or other connection to such parties has been disclosed.  In this regard, if Jones Day discovers additional information that requires disclosure, we will promptly file a supplemental disclosure with the Court.

15. Jones Day has not agreed to share compensation received in connection with these cases with any person, except as permitted by section 504(b) of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules in respect of its partners and regular associates.  Neither I, nor any partner, counsel or associate has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtor's chapter 11 case, other than as permitted by the Bankruptcy Code.

16. The proposed employment of Jones Day is not prohibited by or improper under Rule 5002 of the Bankruptcy Rules.  Jones Day and the professionals it employs are qualified to represent the Debtor in the matters for which Jones Day is proposed to be employed.

17.    During the one year period prior to the Petition Date, Jones Day invoiced the Debtor approximately $1,880,408.53 for services rendered and related expenses incurred in connection with the District Court Action and the Appeal.  Of that amount, as of the Petition Date, $1,465,662.34 had been paid and $414,746.19 remained unpaid.

18.    Jones Day is not an equity security holder or an insider of the Debtor.

19.    Jones Day is not, and was not, within two years before the Petition Date, a director, officer or employee of the Debtor.

20.    Accordingly, to the best of my knowledge, information and belief, Jones Day is a "disinterested person" as such term is defined by section 101(14) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 19, 2017

_/s/   Willis J. Goldsmith_              _____
Willis J. Goldsmith

## **Exhibit 1**

Interested Parties

## POTENTIAL  PARTIES IN INTEREST

**DEBTOR, PRINCIPAL AND EQUITY HOLDERS:**

NAVILLUS TILE, INC.
DONAL O'SULLIVAN
TRUSTEE OF THE DONAL O'SULLIVAN RLT
TRUSTEE OF DONAL O'SULLIVAN IDGT II

**SECURED CREDITORS**:

LIBERTY MUTUAL INSURANCE COMPANY
SIGNATURE BANK
SIGNATURE FINANCIAL LLC
DE LAGE FINANCIAL SERVICES, INC.
KONICA MINOLTA PREMIER FINANCE

**TRADE CREDITORS:**

A-1 WHOLESALE FENCE CO., INC
ACCURATE PRECAST CORPORATION
ACS SYSTEM ASSOCIATES, INC.
ADVANCED READY MIX CORP
ASTORIA INTERIORS GROUP, INC.
AIG NATIONAL INSURANCE CO
NATIONAL UNION FIRE INSURANCE CO.
ALF RENTAL COMPANY, INC.
ALL AMERICAN MASON SUPPLY
ALLIED BUILDING PRODUCTS CORP.
ALUMA SYSTEMS
AMAZON.COM
AMERICAN ELITE CONTRACTING COR
ALMADINA ENTERPRISES, INC.
AMERICAN OLEAN
ANATOLIA CONSTRUCTION
ANCHOR CONCRETE PRODUCTS, INC
ARMSTRONG ROOFING CORP
ARTEMIS PLUMBING & HEATING, INC.
ATLAS BUILDING CONSULTANTS
AWISCO NY CORP
BELDEN TRISTATE BRICK
BLOOD HOUND INC.
BERNSTEIN ASSOC. PHOTOGRAPHERS
BESTWAY CARTING, INC
BLANKE CORPORATION
BRACCI LUMBER & HARDWARE

BREEZY POINT LUMBER CO., INC.
CALL A HEAD
CARDELLA WASTE
CASA REDIMIX CONCRETE CORP.
CENTENNIAL ELEVATOR INDUSTRIES
CELTIC SHEET METAL
CELTIC BUILDING SUPPLIES, INC.
CENTRE FENCE CO. INC.
CENTURY PETROLEUM LTD.
CENTURY INDUSTRIAL & BEARING
CERCO PRODUCTS
CFS STEEL COMPANY
CLEARVIEW SHEET METAL
CARTER MILCHMAN & FRANK
COLD SPRING GRANITE COMPANY
CONTRACTORS COMPENSATION TRUST
GLACIER BAY TPA LLC
CORINTHIAN CAST STONE, INC
CROSSFIELD PLUMBING & HEATING
CONSTRUCTION RISK PARTNERS, LLC
CERAMIC TECHNICS LTD.
CUMMINS SALES AND SERVICE
DALTILE
D'AMATO & LYNCH, LLP
DDS MECHANICAL
DEI
DESIGNWEST USA LLC
DGA SECURITY SYSTEMS, INC
DOKA USA, LTD.
DIRECT SOURCE SUPPLY
EAGLE SCAFFOLDING
ECOLSCIENCES, INC.
WCD GROUP
ENGINEERED DEVICES CORP.
E. FITZGERALD ELECTRIC CO
EOC-NY
ETS CONTRACTING, INC.
EXTECH BUILDING MATERIALS
FAITH CONSTRUCTION INC
FELDMAN LUMBER
FERRARA BROS
FURLONG & LEE STONE SALES, INC.
GAELIC ATHLETIC ASSOCIATION NY
GATEWAY DEMO/CIVIL CORP.
GARVIN BROWN INC
GC WAREHOUSE

GENERAL INSULATION
GLENWOOD MASON SUPPLY CO.
GOLDBERG SEGALLA
GLOBAL PUMPING CORP.
HAILEY INSULATION CORP.
HARDWOOD MILLS, INC.
HARSCO INFRASTURCTURE AMERICAS
HILTI INC.
HOHMANN & BARNARD
HOWARD I. SHAPIRO & ASSOCIATES
HUNTINGON POWER EQUIPMENT
IMSC/ICON GROUP,INC
INDEPENDENT EQUIPMENT CORP.
INDUSTRIAL FLOORWORKS
INTEGRITY IRON INC.
ITIMPACT
J & S SUPPLY CORP
J-BAR REINFORCEMENT, INC.
J.F. LOMMA, INC.
JM&A CONSTRUCTION CORP.
KATCO ELECTRIC
KENSEAL CONSTRUCTION PRODUCTS
KERRY LEASING LLC
KG POWER SYSTEMS
KINGS READY MIX, INC
K.R.J. CONSULTING
LEMODE PLUMBING & HEATING CORP
LES MATRICES CARRITEC INC.
LIBERTY PLUMBING, INC.
EXCAVATORS LOCAL 731 BENEFITS
EXCAVATORS UNION LOCAL 731
NY LABORERS POLITICAL ACTION
N.Y.S. LECET
LUMBER BOYS
M&D FIREDOOR
MANHATTAN EQUIPMENT RENTAL
MARJAM SUPPLY
THE MARINO ORGANIZATION INC.
MECO ELECTRIC CO., INC.
MESSINA ASPHALT CORP.
METAL PARTNERS REBAR
METAL PARTNERS INTERNATIONAL
METROCOM NYC
MFS CONSULTING ENGINEERS
MICHAEL DOLCIMOSCILO
MIDTOWN TERRAZZO

MONTFORT BROS. INC.
MORROW EQUIPMENT COMP LLC
MEN OF STEEL REBAR FAB
MR. SAFETY NET
BARBARA J. SALES
THE NORTH CAROLINA GRANITE CORP.
NEMO TILE CO., INC.
NICO ASPHALT PAVING, INC.
NU-TECH PRODUCTS
NU-WAY HEATING & COOLING INC.
NYCON SUPPLY CORP.
NEW YORK CONCRETE WASHOUT SYS
OPCMIA LOCAL 262 GENERAL BEN
N.E DC OF PLASTERERS & CEMENT
N.E DC OF PLASTERERS & CEMENT
PACIFIC ELECTRICAL CONTRACTING
PACKAGE PAVEMENT CO., INC.
PAK GENERAL CONTRACTOR INC.
PALUMBO BLOCK CO.
PAVERS FUNDS BENEFIT ACCT
LOCAL 1010 LECET
PAYLESS SIGNS NY, LLC
PECKAR & ABRAMSON
PEERLESS COATINGS, LLC
PERI FORMWORK SYSTEMS INC.
PETROSCAN LTD.
PMC REBAR INC.
POLYCOR GRANITE CURBS INC.
POLYCOR GRANITE BUSSIERE
POWER PAK CIVIL & SAFETY
PRECISION CONCRETE PUMPING, INC.
PRIDE EQUIPMENT CORP.
PRO TILE DISTRIBUTORS, INC.
PR STONE CORP.
QUEENS BRICK & STONE, INC.
QUEST CONCRETE CORP.
RAPID STEEL SUPPLY CORP.
REGENCY RECLYING CORP.
RHODES ARCHITECTURAL STONE
R PROMOTIONS
RUNAWAY TIRE SERVICE
SAS STRESSTEEL INC.
SCAN STUDIOS
SCHANKER AND HOCHBERG, P.C.
SEE THAT GIRL'S CLEANING
SIMPSON GUMPERTZ & HEGER

SHERWIN WILLIAMS
SIEFERT ASSOCIATES  LLC
SPEEDO CORP.
SSESCO, INCORPORATED
STANLEY SUPPLY & TOOL
STAPLES
STEP UP SCAFFOLD
STILLWELL SUPPLY CORP.
STRUCTURE COMPLIANCE GROUP LLC
SUMMIT LAND SURVEYING
SUNBELT RENTALS
SWING STAGING, INC.
TANNER BOLT & NUT CORP.
TAP ELECTRICAL CONTRACTING SER
TECTONIC ENG & SURV CONSULT
TRANSPORT EQUIPMENT SALES
TGI OFFICE AUTO
THE SAFETY GROUP LTD.
TOMCON INDUSTRIES
TRIBORO CONTRACTORS SUPPLY
TRIPLE H CONSTRUCTION INC.
UNITED RENTALS
UNITED FENCE & GUARD RAIL CORP.
UPTOWN ELECTRIC
U.S. COMPLIANCE SYSTEMS
US ENVIR.CONSULTANT LAB, INC.
VARSITY PLUMBING & HEATING INC.
VESTAR, INC.
VICOSTONE
VON ROHR EQUIPMENT CORP.
VERMONT STONE ART
WALKER ZANGER
WEEKS LERMAN
WHITE CAP CONSTRUCTION SUPPLY
WILD WOMAN COMPANY INC

AMERICAN EXPRESS
CITIBUSINESS CARD
SIGNATURE FINANCIAL LLC

MKB CONSULTING
MENDRICH CONSTRUCTION SERVICES
BLUEWORKS INC.

**CONTRACT/LEASE COUNTERPARTIES:**

BRICKLAYERS AND ALLIED CRAFTWORKERS, L1
BRICKLAYERS AND ALLIED
NYC DISTRICT COUNCIL OF CARPENTERS,
CEMENT AND CONCRETE WORKER OF NYC,
CEMENT AND CONCRETE WORKER OF NYC, 18A
CEMENT AND CONCRETE WORKERS OF NYC, L20
CEMENT MASONS, L780
INTER'NAL UNION OF OPERATING ENGINEERS, L14
OPERATING ENGINEERS & SURVEYORS, L15, 15D 138
LIUNA LOCAL 731 EXCAVATORS
LIUNA LOCAL 66 LABORERS
LIUNA LABORER'S LOCAL 1010 PAVERS
LIUNA CONSTRUCTION AND GENERAL BUILDING
METALLIC LATHERS AND REINFORCING
PLASTERERS, L1 AND L262
POINTERS, CLEANERS AND CAULKERS, L1
UNITED DERRICKMEN AND RIGGERS, L197
BRICKLAYERS UNION, STONE SETTERS, L1
TEAMSTERS, L282
IRONWORKERS, L580

FAMITECH, INC.
HALLETS A DEVELOPMENT COMPANY, L.L.C.
HALLETTS FAMITECH LLC, C/O ROYAL REALTY CORP.
633 3RD AVENUE PROPERTY OWNER LLC

MANHATTAN JEEP CHRYSLER DODGE, INC.
MERCEDES BENZ OF BROOKLYN
SILVER STAR MOTORS
MASERATI OF MANHATTAN
T & G INDUSTRIES, INC.

**OTHER PARTIES IN INTEREST:**

WALL STREET ACCESS
WELLS FARGO

CIGNA
EMBLEMHEALTH
SPRINT
RCN BUSINESS
OPTIMUM
KONICA MINOLTA BUSINESS SOLUTIONS
AT&T

VERIZON
SPECTRUM BUSINESS
CON EDISON

SAFECO INSURANCE CORPORATION
LIBERTY MUTUAL INSURANCE COMPANY

CONSTRUCTION RISK PARTNERS
STARR INDEMNITY & LIABILITY COMPANY
ZURICH IN NORTH AMERICA
MARKEL AMERICAN INSURANCE COMPANY
XL CATLIN
INDIAN HARBOR INSURANCE COMPANY
NDU MANAGERS
ENDURANCE AMERICAN INSURANCE COMPANY
PARTNERS SPECIALTY GROUP, LLC
RSUI INDEMNITY COMPANY

BUILDING AND CONSTRUCTION TRADES COUNCIL
VFS US LLC
LANDMARK CONSTRUCTION ASSOCIATES INC.
CRANES, INC.

AECOM TISHMAN
NEW YORK CITY HOUSING AUTHORITY
SCHOOL CONSTRUCTION AUTHORITY
METROPOLITAN TRANSIT AUTHORITY
NYCDDC
TISHMAN SPEYER
PLAZA CONSTRUCTION CORP.
PORT AUTHORITY
LEON D. DEMATTEIS CONSTRUCTION CORP.
JUDLAU CONTRACTING, INC.
CAULDWELL WINGATE COMPANY, LLC
IANNELLI CONSTRUCTION CO., INC.
JRM CONSTRUCTION MANAGEMENT
STRUCTURE TONE
GILBANE BUILDING COMPANY
HUNTER ROBERTS CONSTRUCTION GROUP, LLC
TURNER CONSTRUCTION COMPANY
SKANSKA
CNY CONSTRUCTION 110 LLC
POSILLICO CIVIL INC.

**LABOR UNION JUDGMENT CREDITORS:**

Terrence Moore, Kevin Kelly, John Coffey, Ronald Richardson, Michael Salgo, Michael Anderson and Kevin O'Brien as Trustees of the Metal Lathers Local 46 Pension Fund, Metal Lathers Local Annuity Fund, the Metal Lathers Local 46 Vacation Fund, the Metal Lathers Local 46 Apprenticeship Fund and Metal Lathers Local 46 Scholarship Funds

Joseph Geiger, Stephen Mcinnis, Michael Cavanaugh, Paul Capurso, John Sheehy, Paul Tyzner, David Meberg, Kevin OCallaghan, John DeLollis and Catherine Condon as Trustees of the New York City District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Apprenticeship, Journeyman Retraining, Educational and Industry Fund,  New York City District Council of Carpenters Annuity Fund,

Angelo Angelone, Eric Lee and Michael Salgo as Trustees of the Cement & Concrete Workers Pension Trust Fund, Trustees of the Cement & Concrete Workers WelfareTrust Fund, Trustees of the Cement & Concrete Workers Annuity Trust Fund, Trustees of the Cement & Concrete Workers Scholarship Trust Fund, and Kieran O'Sullivan as Trustee of the Cement & Concrete Workers Training and Education Trust Fund

Gino Castignoli, Micahel Rendina, Robert Bertuzzi, Eddie Barbaria, Frank Martorano, Jr., Joseph Mitrione, Michael Salgo and Kevin Obrien, As Trustees of the Cement Masons Local 780 Trust Fund, Cement Masons Local 780 Pension Fund, Cement Masons Local 780 Annuity Fund, Cement Masons Local 780 Vacation Fund, Cement Masons Local 780 Apprenticeship Fund

Thomas Gesuladi, Louis Bisignano, Darin Jeffers, Michael O Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara Sr., March Herbst, Denise Recharson and Thomas Corbett as Trustee s of Local 282 Welfare Fund, Pension Trust Fund, Annuity Trust Fund, Job Training Fund and Vacation and Sick Leave Trust Fund

**<u>Exhibit 2</u>**

Identified
Representations

**NAVILLUS TILE, INC., *ET AL*.**

**SCHEDULE OF INTERESTED PARTIES THAT CURRENTLY EMPLOY
OR HAVE FORMERLY EMPLOYED JONES DAY IN MATTERS
UNRELATED TO THE DEBTORS OR THEIR CHAPTER 11 CASES**

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| **PARTIES IN INTEREST (OR AFFILIATED ENTITIES) WHO ARE CURRENT CLIENTS OR WERE CLIENTS WITHIN THE LAST TWO YEARS[1]** | | |
| Aecom Tishman | Other Parties in Interest | • Parent company ***Aecom*** and affiliate companies ***Aecom GHC1 Limited***, ***Aecom UK Holdco 1 Limited***, ***Aecom UK Holdco 2 Limited***, ***Aecom UK Limited Partnership***, ***Aecom HC1 Limited***, ***Aecom Services Pty Ltd.***, ***Aecom France*** and ***Aecom USA, Inc.*** are current clients;<br><br>• Affiliated joint venture, Aurecon and Aecom Joint Venture (AAJV), is a former client (closed 2015); and<br><br>• Affiliate company ***Aecom Australia Pty Ltd.*** is: (a) a current client; (b) the employer of two individuals who are current clients (opened 2017); and (c) the employer of three individuals who are former clients (all closed 2016). |
| AIG National Insurance Company<br>National Union Fire Insurance Company of Pittsburgh, PA | Trade Creditors | • Parent company American International Group, Inc. is: (a) a member of former client Walldesign Creditors' Committee (closed 2015); and (b) a partner in former client Varagon Capital Partners, L.P. (closed 2016). |
| Allied Building Products Corporation<br>Anchor Concrete Products, Inc. | Trade Creditors | • Affiliate company ***Oldcastle, Inc.*** is a current client; and<br><br>• Affiliate company Minerva Limited is a |

---

[1] The parties listed herein are parties in interest (or affiliated entities) who are current clients of Jones Day or were clients of Jones Day within the last two years. The names of current clients of Jones Day appear in bold and italics. The disclosure of stockholder interests or other affiliate relationships among potentially related entities reflects only information known to Jones Day through its conflict reporting system. Jones Day has not performed independent research to identify all stockholder interests or other affiliate relationships with respect to interested parties. Moreover, Jones Day has not disclosed representations of trade associations and similar industry or special interest organizations in which interested parties are members.

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| | | former client (closed 2015). |
| Aluma Systems, Inc. | Trade Creditors | • Parent company Brand Energy and Infrastructure Services is a former client (closed 2016); and<br><br>• Ultimate parent company Clayton, Dubilier and Rice LLC is: (a) a co-owner of current client **HD Supply, Inc.**; (b) a co-owner of former client Univar B.V. (closed 2016); (c) a stockholder of former client Italtel S.p.A. (closed 2015); and (d) the parent company of Culligan Ltd., which is affiliated with former client Certain Directors of Culligan Ltd. (closed 2015).<br><br>• *See also* entry below for Harsco Infrastructure Americas regarding related disclosure. |
| Amazon.com, Inc. | Trade Creditors | • Affiliate company Servicios Comerciales Amazon Mexico, S. de R.L. de C.V. is a former client (closed 2015). |
| American Olean<br>Daltile | Trade Creditors | • Parent company **Mohawk Industries, Inc.** is: (a) a current client; and (b) the ultimate parent company of former client Uilin Industries BVBA (closed 2016). |
| AT&T, Inc. | Other Parties in Interest | • Affiliate company The DirecTV Group, Inc. is a former client (closed 2016); and<br><br>• Affiliated entity AT&T Pension Trust is a partner in former client Morgan Stanley RE Fund II (closed 2015). |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
| --- | --- | --- |
| Hohmann & Barnard | Trade Creditors | • Affiliate companies **Scott Fetzer Company**, **The Lubrizol Corporation** and **Johns Manville Corporation** are current clients;<br><br>• Affiliate company **BNSF Railway Company** is: (a) a current client; and (b) a member of current clients **National Rail Group**, **California Railroad Group**; and **National Railway Labor Conference**;<br><br>• Affiliate company MidAmerican Energy Company is a former co-client in former client Missouri Gas Energy, a division of Laclede Gas Company, *et al.*, a matter that was closed in 2015;<br><br>• Affiliate company Precision Castparts Corporation is the former employer of an individual who is a former client (closed 2017); and<br><br>• Affiliate companies McLane Company, Inc. and Nylok LLC (both closed 2015); and Affordable Housing Partners, Inc. and HomeServices of America, Inc., (both closed 2017) are former clients. |
| Cigna Corporation | Other Parties in Interest | • Cigna Corporation and affiliate companies Cigna European Services (UK) Limited and Cigna Onsite LLC are former clients (all closed 2017). |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Citibusiness Card | Trade Creditors | • Parent company ***Citigroup, Inc.*** is: (a) a current client; and (b) a member of former client MF Global Lender Group (closed 2015);<br><br>• Affiliate companies ***Citigroup Energy Inc.***, ***Citicorp International Limited***, ***Citibank, N.A. London Branch***, ***Citibank, N.A. Hong Kong Branch*** and ***Citibank Financial Products*** are current clients;<br><br>• ***Citigroup Global Markets, Inc.*** is: (a) a current client; (b) a joint venture partner in current client ***Visible Alpha LLC***; and (c) a former co-client with current client ***Intesa SanPaolo*** in a matter closed in 2016;<br><br>• Affiliated entity ***Citigroup Pension Plan*** is a co-client in a current joint representation of current and former lenders and noteholders of iHeart Communications, Inc.;<br><br>• Affiliate company ***Citicorp International Limited*** is: (a) a current client; and (b) a former co-client, together with affiliate company Citibank Korea, Inc. and current client ***Standard Chartered Bank***, in a matter closed in 2016;<br><br>• Affiliate company Citigroup Global Markets India Private Limited is: (a) a former client (closed 2017); (b) a former co-client with parent company ***Citigroup, Inc.*** in a matter closed in 2016; (c) a former co-client with former client Axis Capital Limited (closed 2017) in a matter closed in 2016; and (d) a former co-client with former client JM Financial Institutional Securities Limited (closed 2016) in a matter closed in 2016;<br><br>• Affiliate company Department Stores National Bank is a former co-client with current client ***Macy's, Inc.*** in a matter closed in 2016;<br><br>• Affiliate company Citigroup Global Markets Japan is the employer of an individual who is a former client (closed 2015); |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| | | • Affiliate company Citibank, N.A. is a member of former client The Clearing House Payments Company LLC (closed 2015); and<br><br>• Affiliate companies Citibank International Plc, Citigroup Private Bank; and matters affiliated with Citibank (Non-US Branch ) (all closed 2015); affiliate companies Banco Citibank, S.A., Citigroup Energy Canada ULC and Citigroup Global Markets Asia Ltd.(all closed 2016); and affiliate company Citigroup Global Capital Markets (closed 2017) are former clients. |
| CSC Holdings LLC, aka Optimum | Other Parties in Interest | • Affiliate company **CSC Holdings Co., Ltd.** is a current co-client in a joint representation with current client **Sinotrans**; and<br><br>• Affiliate company Coditel Brabant S.P.R.L. is a former client (closed 2016). |
| De Lage Landen Financial Services, Inc. | Secured Creditors | • Parent company **Cooperatieve Rabobank U.A.** and affiliate company **De Lage Landen International B.V.** are current clients; and<br><br>• Affiliate company De Lage Landen International B.V. Sucursal en Espana is a former client (closed 2016). |
| Direct Source Supply | Trade Creditors | • Parent company **Myers Industries, Inc.** is a current client. |
| Ferrara Bros.<br>KG Power Systems<br>Nycon Supply Corporation | Trade Creditors | • Parent company U.S. Concrete, Inc. is a former client (closed 2017). |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Harsco Infrastructure Americas | Trade Creditors | • Parent company ***Harsco Corporation*** is: (a) a current client; and (b) a partner in a joint venture that owns former client Brand Energy and Infrastructure Services (closed 2016); and<br><br>• Affiliate company Harsco China Holding Company Limited is a former client (closed 2017).<br><br>• *See also* entry above for Aluma Systems, Inc. regarding related disclosure. |
| Hilti, Inc. | Trade Creditors | • Parent company ***Hilti AG*** is a current client. |
| Indian Harbor Insurance Company XL Catlin | Other Parties in Interest | • Affiliate company Catlin Group Limited is a former client (closed 2015). |
| International Union of Operating Engineers, L14 | Contract/Lease Counterparties | • Affiliated union chapter, ***International Union of Operating Engineers of Eastern Pennsylvania and Delaware***, is a client in a current joint representation of noteholders. |
| Judlau Contracting, Inc. | Other Parties in Interest | • Parent company Obrascon Huarte Lain, S.A. is: (a) a stockholder of former client Hotel Hoyo Uno, S. de R.L. de C.V. (closed 2015); and (b) the parent company of former client OHL Desarrollos Mexico, S.A. de C.V. (closed 2015). |
| Konica Minolta Premier Finance<br><br>Konica Minolta Business Solutions | Secured Creditors<br><br>Other Parties in Interest | • Affiliate company Konica Minolta Holdings, Inc. is a former client (closed 2016). |
| Leon D. DeMatteis Construction Corporation | Other Parties in Interest | • Affiliated company, DeMatteis Construction Group, S.A., and an individual affiliated with the company are former clients (both closed 2017). |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Manhattan Jeep Chrysler Dodge, Inc. | Contract/Lease Counterparties | • Parent company Fiat Chrysler Automobiles N.V. is the parent company of current client ***Centro Ricerche FIAT S.C.p.A.***; and of former client FCA US LLC (closed 2017);<br><br>• Affiliate company FCA Italy S.p.A. is a joint venture owner of current client ***FCA Bank S.p.A.***, which is the parent company of current client ***Leasys S.p.A.***; and<br><br>• Affiliated entity ***FCA US LLC Master Retirement Trust*** is a co-client in a current defense group representation of term loan lenders. |
| Mercedes Benz of Brooklyn | Contract/Lease Counterparties | • Parent company ***Daimler AG*** and affiliate companies ***Mercedes Benz USA LLC*** and ***Mercedes-Benz Financial Services USA LLC*** are current clients; and<br><br>• Affiliate companies Mercedes Benz (MB) Beverly Hills and Mercedes-Benz Belgium S.A. are former clients (both closed 2015). |
| New York City Housing Authority<br>New York City Metropolitan Transit Authority<br>New York City School Construction Authority<br>NYCDDC (name given) | Other Parties in Interest | • New York City governed entity, New York City Department of Education, is the employer of an individual who is a current client. |
| Polycor Granite Bussiere<br>Polycor Granite Curbs, Inc. | Trade Creditors | • Parent company ***Torquest Partners, Inc.*** is: (a) a current client; and (b) the owner of former client Array (Asia) Limited (closed 2017). |
| ***Port Authority of New York and New Jersey*** | Other Parties in Interest | • ***Port Authority of New York and New Jersey*** is a current client. |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| RCN Business | Other Parties in Interest | • Parent company TPG Capital, L.P. is: (a) an investor in current client ***ChemEOR, Inc.***; and (b) a private equity owner of former client Red Book Connect, Inc. (closed 2016); <br><br> • Affiliate companies ***Cushman & Wakefield, Inc.***, and ***Excelsia Nove S.r.l.*** are current clients; <br><br> • Affiliate company TPG Opportunity Management is a stockholder of former client McCarthy & Stone Limited (closed 2015); <br><br> • Affiliate company TPG Opportunities Management LLC is: (a) an investor in former client Lundy L.P. (closed 2016); and (b) a former co-client with current client ***Goldman Sachs International*** in a matter closed in 2015; and <br><br> • Affiliate companies IVD Holdings, Inc. (closed 2015); TPG Newbridge Capital Limited (closed 2016); and Cushman & Wakefield K.K. and Vertafore, Inc. (both closed 2017) are former clients. |
| ***The Sherwin-Williams Company*** | Trade Creditors | • ***The Sherwin-Williams Company*** and affiliate companies ***Sherwin-Williams Automotive Finishes Corporation*** and ***Sherwin-Williams Italy S.R.L.*** are current clients; and <br><br> • Affiliate companies Sherwin-Williams Do Brasil Industria E Comercio Ltda. (closed 2015) and Sherwin Williams France Finishes S.A.S. (closed 2016) are former clients. |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Sprint (name given) | Other Parties in Interest | • Sprint Nextel Corporation, nka Sprint Communications, Inc. is a former client (closed 2015);<br><br>• Parent company **Softbank Group Corporation** is: (a) a current client; and (b) an investor in former client Softbank Princeville Investments, L.P. (closed 2015);<br><br>• Affiliate companies **Brightstar de Mexico S.A. de C.V.** and **Sprintlink Germany GmbH** are current clients; and<br><br>• Affiliate company Softbank China & India Holdings LLC is a former client (closed 2016). |
| **Staples, Inc.** | Trade Creditors | • **Staples, Inc.** and affiliate company **Staples International, B.V.** are current clients; and<br><br>• Affiliate company Staples Deutschland GmbH & Co. KG is a former client (closed 2015). |
| Turner Construction Company | Other Parties in Interest | • Affiliate company Hochtief PPP Solutions is a stockholder of current client **SAAone B.V.**;<br><br>• Affiliate companies **ACS Infrastructure Development, Inc.**, **Urbaser, S.A.**, **Mantenimientos, Ayuda a la Explotació y Servicios, S.A. (Maessa)** and **Hochtief AG** are current clients;<br><br>• Affiliate company Flatiron West, Inc. is a partner in current client **Flatiron/Kiewit, a Joint Venture**; and<br><br>• Affiliate companies Leighton Holdings Limited (closed 2015) and Grupo Maessa Saudi Arabia (closed 2017) are former clients. |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| *Verizon Communications, Inc.* | Other Parties in Interest | • *Verizon Communications, Inc.*; and affiliate companies *NV Verizon Belgium Luxembourg, S.A.*, *Verizon Wireless, Inc.*, *Verizon Deutschland GmbH*, *Verizon Japan Ltd.*, *Verizon California, Inc.*, *Verizon Business Network Services, Inc.*, *Verizon Business International Holdings B.V.* and *Verizon New York, Inc.* are current clients; and<br><br>• Affiliate companies Verizon Wireline, Verizon Enterprise Solutions LLC and Verizon Ventures (all closed 2016); and Verizon Corporate Resources Group LLC and Verizon Data Services LLC (both closed 2017) are former clients. |
| VFS US LLC | Other Parties in Interest | • Affiliate company *Renault Trucks SAS* is a current client; and<br><br>• Affiliate company Volvo Industrial de México, S.A. de C.V. is a former client (closed 2016). |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Wells Fargo & Company | Other Parties in Interest | • ***Wells Fargo & Company*** is: (a) a co-client in current group representation of first lien term lenders; (b) together with several of its funds, a co-client in a current defense group representation of term lenders; and (c) a member of former client The Clearing House payments Company LLC (closed 2015); <br><br> • Affiliate companies ***Wells Fargo Rail Corporation***, ***Wells Fargo Securities LLC***, ***Wells Fargo Bank, N.A., London Branch*** and ***Wells Fargo Clearing Services LLC*** are current clients; <br><br> • Affiliate company ***Wells Fargo Bank, National Association*** is: (a) a current client; and (b) a stockholder of former client Shanghai Commercial Bank Limited (closed 2017); <br><br> • Affiliated fund, ***Wells Fargo Advantage Alternative Strategies Fund*** is a co-client in a two current group representations of current and former lenders and noteholders of iHeart Communications, Inc.; <br><br> • Affiliate company National Payment Processing is a former co-client with current client ***Universal Card, Inc.*** in a matter closed in 2016; and <br><br> • Affiliate companies Wells Fargo Bank International and Wells Fargo Trust Corporation Limited (both closed 2015); and Wells Fargo Municipal Capital Strategies LLC (closed 2016) are former clients. |
| White Cap Construction Supply | Trade Creditors | • Affiliate company ***HD Supply, Inc.*** is a current client. |
| Zurich North America | Other Parties in Interest | • Affiliate company Zurich Vida Compañia de Seguros, S.A. is a former client (closed 2016). |

**<u>EXHIBIT B</u>**

O'Sullivan Declaration

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                          :    Chapter 11
                                                :
NAVILLUS TILE, INC., DBA NAVILLUS               :    Case No. 17-13162 (SHL)
CONTRACTING,                                    :
                                                :
                      Debtor.                   :
                                                :
---------------------------------------------------------------x

## DECLARATION OF DONAL O'SULLIVAN

Donal O'Sullivan, pursuant to 28 U.S.C. § 1746, declares:

1.      I am the President of Navillus Tile, Inc. d/b/a Navillus Contracting, the debtor and

debtor-in-possession in the above-captioned proceeding (the "Debtor"), located at 633 3rd

Avenue, 17th floor, New York, New York 10017.  Included in my duties is, among other things,

supervising outside counsel and monitoring and controlling legal costs.

2.      I submit this Declaration in support of the *Application of the Debtor for an Order

Authorizing Employment and Retention of Jones Day as Special Litigation and Labor Counsel

Nunc Pro Tunc to the Petition Date* (the "Application").[1]  Except as otherwise indicated herein, I

have personal knowledge of the matters set forth herein.

## SELECTION OF JONES DAY

3.      The Debtor recognizes that a comprehensive review process is necessary when

selecting and managing special litigation and labor counsel to ensure that the bankruptcy

professionals are subject to the same client-driven market forces, security, and accountability as

professionals in nonbankruptcy engagements.  To that end, the Debtor assessed potential counsel

based on their experience and expertise in relevant legal issues and in similar proceedings.

---

[1]      Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

4.      The Debtor believes that Jones Day is uniquely positioned to represent the Debtor due to its extensive familiarity with the District Court Action and the Debtor's business overall. Jones Day has advised the Debtor with respect to the District Court Action since its commencement over three years ago.  During the course of this representation, Jones Day retained valuable knowledge of and familiarity with the underlying litigation and the Debtor's business.  Therefore, I believe that Jones Day is well-qualified and well-situated to represent the Debtor as special litigation and labor counsel in this chapter 11 case.

## RATE STRUCTURE AND COST SUPERVISION

5.      In connection with the filing of this chapter 11 case, the Debtor and Jones Day have agreed upon rates in accordance with Jones Day's customary rates.  Jones Day has confirmed to the Debtor that Jones Day's billing rates and material terms of engagement do not vary depending on whether such engagement is a bankruptcy or a nonbankruptcy engagement. Jones Day has further advised the Debtor that Jones Day's current hourly rates range from $500 to $1,100 for attorneys and from $325 to $450 for paralegals and law clerks.  It is my understanding that Jones Day reviews and adjusts its billing rates on a periodic basis to ensure that its rates are comparable to the billing rates of its peer firms.  To the extent that there is any disparity in such rates, however, I nevertheless believe that Jones Day's retention by the Debtor is warranted in this chapter 11 case.

6.      The Debtor understands that Jones Day's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the pendency of this chapter 11 case by various third parties, including the Court, and that such fees and expenses will be subject to the terms of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines (as that term is defined in the Goldsmith Declaration), and any orders of the Court

governing the procedures for approval of compensation of professionals retained in this chapter 11 case.

7.    I recognize that it is the Debtor's responsibility to monitor closely the billing practices of its counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtor's expectations and the exigencies of this chapter 11 case. Jones Day has informed me that the Debtor will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtor determines that such adjustments are necessary and appropriate, and that such requests will be carefully considered by Jones Day. As it did prepetition, the Debtor will continue to diligently review counsel fees and expenses and, together with Jones Day, amend such invoices as necessary.

8.    For the reasons set forth above, the Debtor believes that Jones Day's employment is necessary and in the best interest of the Debtor and its estate.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: December 19, 2017

Donal O'Sullivan
President – Navillus Tile, Inc

# **EXHIBIT C**

Engagement Letter

# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281-1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

DIRECT NUMBER: (212) 326-3649
WGOLDSMITH@JONESDAY.COM

November 13, 2017

VIA E-MAIL

Navillus Tile, Inc., d/b/a Navillus Contracting
633 3rd Avenue
New York, NY 10017
Attention: Donal O'Sullivan – President

Re:    Engagement Letter

Dear Donal:

This letter confirms the scope, terms and conditions of our engagement by Navillus Tile, Inc., d/b/a Navillus Contracting ("Navillus") with respect to representing Navillus: (1) as special litigation counsel in the matter currently on appeal titled *Moore v. Navillus Tile, Inc.*, Docket No. 17-02985 (2d Cir. 2017), and all proceedings related thereto, including, but not limited to, moving to lift the automatic stay in Navillus' Chapter 11 proceeding, to allow Navillus to prosecute the appeal; and (2) as labor counsel, including, but not limited to, advising Navillus on its rights and obligations under its various collective bargaining agreements and the Bankruptcy Code related to such collective bargaining agreements and dealings with various unions. Thank you for retaining Jones Day in this engagement and for your consideration and cooperation concerning the matters covered in this letter.

1.    Limited Scope of Engagement and Client Relationship

While we have represented Navillus in other matters pursuant to previous engagement letters, this letter sets forth the scope of our engagement now. Any new or expanded engagement beyond that described above will require our agreement. Similarly, except as expressly set forth in this letter, any representation in this engagement of any person or entity other than Navillus, such as a parent, subsidiary or other direct or indirect affiliate of Navillus, will require our agreement. That is, our client is, and we are entering into an attorney-client relationship only with, Navillus. Please advise any of Navillus' direct or indirect affiliates or any of your or their members, partners, managers, directors, officers, or other investors or controlling persons who express any uncertainty or different understanding, that this engagement does not include any

NAI-1503190237v1

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES
MADRID • MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Donal O'Sullivan
November 13, 2017
Page 2

undertaking by Jones Day to represent any of them or create any attorney/client relationship between Jones Day and any of them.

2.    Staffing

You are the person from whom we will take direction and to whom we will report in connection with this engagement. I will have primary responsibility for this engagement and will be assisted by such other lawyers and service personnel as deemed appropriate from time to time in order to provide high quality services in a cost-efficient manner.

3.    Potentially Adverse Representations or Conflicts of Interest; Advance Waiver

Jones Day represents and in the future will represent many other clients. Some may be direct competitors of Navillus or otherwise may have business interests that are contrary to Navillus' interests. It is even possible that, during the time we are working for you, an existing or future client may seek to engage us in connection with an actual or potential transaction or pending or potential litigation or other dispute resolution proceeding in which such client's interests are or potentially may become adverse to Navillus' interests.

Jones Day cannot enter into this engagement if it could interfere with our ability to represent existing or future clients who develop relationships or interests adverse to Navillus. We therefore ask Navillus to confirm that Jones Day may continue to represent or may undertake in the future to represent any existing or future client in any matter (including but not limited to transactions, litigation or other dispute resolutions), even if the interests of that client in that other matter are directly adverse to Jones Day's representation of Navillus, as long as that other matter is not substantially related to this or our other engagements on behalf of Navillus. In the event of our representation of another client in a matter directly adverse to Navillus, however, Jones Day lawyers or other service providers who have worked with Navillus will not work for such other client, and appropriate measures will be taken to assure that proprietary or other confidential information of a non-public nature concerning Navillus acquired by Jones Day as a result of our representation of Navillus will not be transmitted to our lawyers or others in the Firm involved in such matter.

In other words, we request that Navillus confirm that (1) no engagement that we have undertaken or may undertake on behalf of Navillus will be asserted by Navillus either as a conflict of interest with respect to, or as a basis to preclude, challenge or otherwise disqualify Jones Day from, any current or future representation of any client in any matter, including without limitation any representations in negotiations, transactions, counseling or litigation adverse to Navillus, as long as that other matter is not substantially related to any of our engagements on behalf of Navillus, (2) Navillus hereby waives any conflict of interest that exists

NAI-1503190237v1

JONES DAY

Donal O'Sullivan
November 13, 2017
Page 3

or might be asserted to exist and any other basis that might be asserted to preclude, challenge or otherwise disqualify Jones Day in any representation of any other client with respect to any such matter, (3) Navillus has been advised by Jones Day, and has had the opportunity to consult with other counsel, with respect to the terms and conditions of these provisions and its prospective waiver, (4) Navillus' consent to these provisions is both voluntary and fully informed, and (5) Navillus intends for its consent to be effective and fully enforceable, and to be relied upon by Jones Day.

4.    <u>Compensation and Disbursements</u>

As you know, our fees are determined by the time devoted by each lawyer or other service provider involved in the engagement and the hourly billing rates assigned to each such person, subject to interim compensation and court approval. Currently, hourly rates for our lawyers who are likely to be working on this matter range from $975 to $1,100 for partners and $500 to $600 for associates. Our hourly rates are revised periodically, and we reserve the right to revise them from time to time during the course of our representation of Navillus. We submit periodic billing statements (generally monthly).

In addition to our fees, we expect our clients to defray certain costs and expenses incurred during our representation of them. A description of our Disbursements and Charges Billing Policies is enclosed. Please note that although our charges for non-cash costs incurred by the Firm reflect our good faith estimate of our actual, fully absorbed, out-of-pocket costs, those estimates may differ from our actual costs. Normally, disbursements and charges will be subject to reimbursement from Navillus in the regular billing cycle.

We also want to notify you of your right, under Part 137 of the Rules of the Chief Administrator of the Courts in New York, to arbitration of fee disputes as provided in that rule, a copy of which will be provided to you at your request.

5.    <u>Audit Letter Issues</u>

We further want to advise you that, in responses to any of your requests to provide information to your auditors, our policy is to comply with the American Bar Association Statement of Policy Regarding Lawyers' Responses to Auditors' Requests for Information regarding the scope and content of such responses, except when such Policy is clearly inapplicable.

6.    <u>Procedures upon Termination; Return of Documents; Intellectual Property</u>

Unless previously terminated, our representation of Navillus will terminate upon our sending you our final statement for services rendered in this matter. In that case, or otherwise at

NAI-1503190237v1

JONES DAY

Donal O'Sullivan
November 13, 2017
Page 4

your request, any papers and property sent by you to us will be returned to you. Our own files pertaining to the matter, including lawyer work product and administrative records, as well as document copies, will be retained by the Firm in accordance with our document retention policy. All documents retained by the Firm will be transmitted in the ordinary course to the person responsible for administering our records retention program. Subject to our obligations under the bar requirements applicable to the undersigned, we reserve the right to destroy or otherwise dispose of any documents or other materials, including electronic versions, retained by us after the termination of the engagement.

All intellectual property and other know-how developed by us in connection with this engagement, including subject matter expertise, whether or not preserved in written or electronic form, may be retained by us and used in connection with engagements on behalf of other clients, so long as no confidential information relating to Navillus is thereby disclosed.

Please sign and return to us the enclosed copy of this letter in order to confirm that it accurately reflects the scope, terms and conditions with respect to this engagement. If you would like to discuss any of these matters, please give me a call.

Very truly yours,

Willis J. Goldsmith

On behalf of Navillus Tile, Inc., d/b/a Navillus Contracting, the undersigned confirms that this letter accurately reflects the scope, terms and conditions with respect to this engagement and that the undersigned's execution and delivery of this confirmation on behalf of Navillus has been duly authorized by Navillus.

Dated: 11/15/17

Signature: _____

Name: Donal O'Sullivan

Donal O'Sullivan
President
Navillus

NAI-1503190237v1



# Billing Policies for Disbursements and Charges

**Audio and Video Conference Calls.** Clients are billed for audio and video conference calls. Clients are not charged for local or long distance calls or facsimiles made or sent from within Jones Day offices.

**Computer Research Services.** Clients are billed actual charges for on-line computer research done in connection with specific client/matters. Clients are not charged for Bloomberg Law, Lexis or Westlaw services.

**Copying.** Copying charged to the client includes documents, exhibits, and other papers that are filed with a court or administrative agency; documents produced for the client at its request and/or convenience; and documents produced as may be required by other parties in relation to litigation or transactions. Clients are billed $.20 per page for non-color photocopying and $1.00 per page for color photocopying done at the Firm. The actual charges to the Firm for outside, third-party duplication services used for specific client matters are billed to the client. Documents required for the Firm's use only are not charged to clients.

**Courier Services.** The Firm utilizes an overnight "pouch" service among its offices, both foreign and domestic; clients are not charged for deliveries through the pouch service. Courier services such as Federal Express are used when the circumstances of specific client matters dictate the need for such service. Clients are billed for the actual charges to the Firm for any such courier service.

**Electronic Databases.** Clients are billed actual charges from the external vendor hosting services we use to store and maintain computer databases and electronic versions of such materials as court filings, transcripts, case dockets and calendars, correspondence, discovery materials, and deposition or trial exhibits. The Firm does not maintain such electronic databases internally.

**Food Services.** When food services are required to enhance the efficient handling of specific client matters, clients are billed the actual cost of the food and/or beverages plus the expense of the food service personnel or service providers who serve the food and/or beverages.

**Messenger Services.** Clients are billed for messenger services required for specific client matters at the actual rates charged by outside delivery services or the Firm's out-of-pocket expenses for bus fares, cabs, and similar items when Firm personnel are used.

**Postage (U.S. Mail).** Clients are not charged for postage when the amount on a particular mailing is less than $1.00. Standard rates are billed for all postage over $1.00 and for large mailings done on behalf of the client even when individual item postage is under $1.00 as well as for special postal services, e.g., Express Mail, Special Delivery, and Certified and Registered Mail.

**Special Services.** A client and the Firm may agree that certain special services are required, in connection with a specific matter, such as litigation support, extraordinary office supplies, temporary agency paralegals, project assistants or other staffing, video/audio production services/equipment, off-site location, imaging services, off-hour HVAC and related expenses, and document production services requiring trained personnel and specialized equipment. Before the client is billed for any such services, the client and Firm must agree on the type, scope, and cost of the services.

**Staff Overtime.** Staff overtime costs are billed to clients only when the overtime staff services are for the convenience of the client, rather than the convenience of the Firm. In such circumstances, clients are billed for the Firm's costs of providing the staff overtime, including actual overtime compensation (and a factor for benefits expenses) and necessary meal and transportation costs.

**Travel.** Clients are billed for travel charges (including, for U.S. travel, a $40.00 transaction charge covering a portion of the contracted cost of arranging air travel) incurred by Firm personnel for specific client matters. For domestic travel, we use coach fare only unless the client has authorized first or business class. We expect our lawyers to incur only reasonable meal, lodging, and other travel costs.

**Other Charges.** We prefer that third-party charges (e.g., consultants, court reporters, etc.) incurred on behalf of a client be billed directly to the client by the third party. If this is not possible, such charges are passed through at cost.

## **EXHIBIT D**

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                              :

In re:                       :   Chapter 11
                              :

NAVILLUS TILE, INC., DBA NAVILLUS    :   Case No. 17-13162 (SHL)
CONTRACTING,                :
                              :

             Debtor.         :
                              :

-----------------------------------------------------------------x

## ORDER AUTHORIZING EMPLOYMENT
## AND RETENTION OF JONES DAY AS SPECIAL LITIGATION
## AND LABOR COUNSEL NUNC PRO TUNC TO THE PETITION DATE

This matter coming before the Court on the *Application of the Debtor for an*

*Order Authorizing Employment and Retention of Jones Day as Special Litigation and Labor*

*Counsel Nunc Pro Tunc to the Petition Date* (the "Application"),[1] filed by the above-captioned

debtor and debtor in possession (the "Debtor"); the Court having reviewed the Application and

the Declaration, and having considered the statements of counsel and evidence adduced with

respect to the Application; and the Court having found that (i) the Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to

28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b),

(iv) notice of the Application was sufficient under the circumstances and (v) Jones Day does not

hold or represent any interest materially adverse to the Debtor's estate and is a "disinterested

person," as defined in section 101(14) of the Bankruptcy Code; Jones Day does not represent or

hold any interest adverse to the Debtor or the estate with respect to the matters for which it will

be retained, as required by section 327(e) of the Bankruptcy Code; and the Court having

determined that the legal and factual bases set forth in the Application, the Declaration establish

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to them in the Application or the exhibits thereto.

just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED.

2.      The Debtor is authorized to retain and employ Jones Day as special

litigation and labor counsel in this chapter 11 case, pursuant to section 327(e) of the Bankruptcy

Code and Rule 2014 of the Bankruptcy Rules, on the terms and conditions set forth in the

Application and the Engagement Letter, as of the Petition Date, to perform the following

services:

        a)      assisting the Debtor in pursuing and prosecuting the Appeal and all proceedings related thereto;

        b)      advising the Debtor with respect to its rights and obligations under its various collective bargaining agreements and the Bankruptcy Code related to such collective bargaining agreements;

        c)      dealing with various unions including the Union Plaintiffs in connection with the Appeal and this chapter 11 case; and

        d)      assisting as needed and as requested in any court hearings in this chapter 11 case related to the foregoing.

3.      In the event the Debtor requests that Jones Day provide legal services

and legal advice other than as set forth above, Jones Day shall provide ten (10) business days'

notice to the Debtor, the U.S. Trustee, and any appointed Official Committee of Unsecured

Creditors before such additional services are implemented and shall file such notice with the

Court.

4.      Jones Day shall be compensated for its services and reimbursed for any

related expenses as set forth in the Application and the exhibits thereto, and in accordance with

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy

Rules and any other applicable orders or procedures of this Court.

-2-

5.      To the extent that this Order is inconsistent with the Engagement Letter, the terms of this Order shall govern.

6.      This Order shall be immediately effective and enforceable upon its entry.

7.      The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Application.

8.      This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated:  _____, 2018
        New York, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE