Hearing Date and Time:  December 20, 2017 at 4:00 p.m.

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.

*Proposed Counsel to Navillus Tile, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                                                          :

In re:                                                      :    Chapter 11

NAVILLUS TILE, INC., DBA NAVILLUS        :    Case No. 17-13162 (SHL)
CONTRACTING                             :

             Debtor.                           :

-----------------------------------------------------------------x

**LIMITED RESPONSE AND RESERVATION OF RIGHTS
REGARDING  OBJECTIONS TO MOTION FOR ORDER (I) AUTHORIZING
THE DEBTOR TO (A) MAKE PAYMENTS TO ELIGIBLE EMPLOYEES UNDER
THE PERFORMANCE BONUS PROGRAM AND (B) CONTINUE THE
PERFORMANCE BONUS PROGRAM IN THE ORDINARY COURSE OF
BUSINESS; (II) APPROVING THE KEY EMPLOYEE INCENTIVE PROGRAM;
AND (III) GRANTING RELATED RELIEF**

Navillus Tile, Inc. d/b/a Navillus Contracting, the above-captioned debtor and debtor-in-possession ("Navillus" or the "Debtor"), by and through its proposed attorneys Cullen and Dykman LLP, hereby submits this limited response and reservation of rights (the "Limited Response") to the objections of (the "Objections" at Dkt. Nos. 113 and 132, respectively) of William K. Harrington, the United States Trustee for Region 2 (the "U.S. Trustee") and certain funds of the International Union of Operating Engineers Local 14-14B, 15, 15A, 15C & 15-D, AFL-CIO (the "IUOE Funds" and, together with the U.S. Trustee, the "Objecting Parties") to the *Motion of Navillus Tile, Inc. for an Order (I) Authorizing the Debtor to Make Payments to*

*Eligible Employees under the Performance Bonus Program and (B) Continue the Performance Bonus Program in the Ordinary Course of Business; (II) Approving the Key Employee Incentive Program; and (III) Granting Related Relief* (the "Motion" at Dkt. No. 100), and respectfully states as follows:

## **RELEVANT BACKGROUND**[1]

1.      On November 8, 2017 (the "Petition Date"), Navillus filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2.      Navillus has remained in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      On November 28, 2017, the Office of the United States Trustee for the Southern District of New York appointed an official committee of unsecured creditors (the "Committee") this chapter 11 case.

4.      On December 8, 2017, Navillus filed the Motion seeking (i) authority to (a) make payments to certain employees including, without limitation, management, project managers, project supervisors, estimators, accounting and other in-house administrative staff (the "Eligible Employees") under its pre-petition performance incentive bonus program (the "Performance Bonus Program") in the ordinary course of business for prior periods including from April 1, 2016 through March 31, 2017 (the "Initial Incentive Period") and (b) continue the Performance Bonus Program in the ordinary course of business for the period from April 1, 2017 through March 31, 2018 (the "Current Incentive Period") and any subsequent Incentive Period; (ii)

---

[1] In the interest of brevity, Navillus refers the Court to the Motion for additional background regarding the relief requested in the Motion and the status of this chapter 11 case.

2

approval of a key employee incentive program (the "KEIP") for the KEIP Participants for the Current Incentive Period and any subsequent Incentive Period.

5. Historically, the Eligible Employees have requested repayment of amounts earned under the Performance Bonus Program during the holiday season to supplement their year-end income. Accordingly, Navillus requested that the Court schedule a hearing on the Motion on shortened notice to enable the Eligible Employees to receive payment during this calendar year, to the extent approved by this Court. As a part of that request, Navillus agreed that a preliminary hearing would be held on December 20, 2017 with respect to the portion of the Motion that seeks to approve the payment of Performance Bonuses to Eligible Employees that are project-level and administrative, non-managerial office staff for the Initial Incentive Period (the "Preliminary Relief").

6. The balance of the relief requested in the Motion, including without limitation the approval of (a) payments to senior management and officers for amounts due and owing under the Performance Bonus Program for the Initial Incentive Period; (b) the continuation of the Performance Bonus Program in the ordinary course of business for the Current Incentive Period and any subsequent Incentive Period; (c) a KEIP for the KEIP Participants for the Current Incentive Period and any subsequent Incentive Period (the "Deferred Relief") is proposed to be considered at a later date in January to be determined by the Court.

7. Since the filing of the Motion, Navillus has provided this Court, the U.S. Trustee, the Committee professionals and counsel to Liberty with supporting documentation in the form of an exhibit listing the name, job title, union/non-union status, Performance Bonus amount, and insider status of each Eligible Employee. In addition, Navillus has responded to multiple

3

supplemental information requests from the U.S. Trustee and the Committee professionals in connection with the relief requested in the Motion.

8.  Accordingly, to the extent the U.S. Trustee asserts that Navillus has failed to provide sufficient information to enable the U.S. Trustee to evaluate the Performance Bonus Program, Navillus believes that this objection has been resolved.

## LIMITED RESPONSE

9.  Navillus submits that the Performance Bonus Program, whether characterized as such or as a KEIP, constitutes an incentive-based program which rewards Navillus' employees for their specific efforts to enhance profitability based on a formula of data-driven metrics directly tied to the profitability of Navillus' construction projects. The Performance Bonus Program has historically been a critical component of employee compensation at Navillus that is negotiated for at the time or hire and that Eligible Employees have an expectation to receive. Given that the Performance Bonus Program is based on project profitability, the expectation of payment of amounts earned for the Initial Incentive Period has provided Eligible Employees with a motivating incentive to use their best efforts in connection with the construction projects and related supporting work done at the home office level.

10. In the Objections, the Objecting Parties argue that the Performance Bonuses proposed to be paid for the Initial Incentive Period are retentive in nature. Navillus submits that the Performance Bonuses payable for the Initial Incentive Period are not retention - or "pay to stay" - bonuses, but rather represent a significant portion of annual compensation that has been earned based on the Eligible Employees' efforts to date. To deny these payments would effectively destroy the incentive-based structure that has been a key component of Navillus' profitability and cause significant personal financial damage to the affected employees.

11. The Objecting Parties make much of the fact that the Motion proposes to pay certain amounts to insiders of Navillus without any consideration of the extraordinary contributions of these individuals to the operation of the business. As an initial matter, Navillus does **not** seek the approval of any proposed insider payments as a part of the Preliminary Relief. Navillus anticipates that the discussions at the upcoming hearing are likely to be instructive as to any portions of the Motion that the Court determines require supplemental legal or factual support. Accordingly, by and through this Limited Response Navillus addresses only the objections to the Preliminary Relief and reserves the right to submit supplemental briefing in further support of the Deferred Relief.

12. Finally, the IUOE Funds also raise a host of other objections having nothing to do with Navillus' ability to satisfy the standards for approval of the Motion including, to name a few, a criticism that the Performance Bonus Program is generally geared towards non-union employees, false mischaracterizations of the <u>Moore Decision</u> (as defined in the IUOE Funds' objection) and allegations that reflect a fundamental misunderstanding of the structure of the Performance Bonus Program. First, it stands to reason that Navillus would focus its Performance Bonus Program on its non-union employees because these employees do not participate in the union employee benefit programs, and the non-union Eligible Employees typically hold positions at the field level which are more closely correlated to profit-driving activities. Moreover, contrary to the misstatement in the IUOE Funds' objection, Navillus historically has been and remains current on its contributions to multi-employer benefit funds based on work performed by Navillus employees on Navillus projects. Finally, because the Performance Bonuses are tied to work on Navillus' Eligible Projects, the remaining allegations relating to the <u>Moore Decision</u> are unavailing.

13. Navillus submits that the payment of Performance Bonuses earned by <u>all</u> Eligible Employees during the Initial Incentive Period and continuation of the Performance Bonus Program and KEIP for the Current Incentive Period and on a going forward basis is justified under applicable law based on the facts and circumstances of this case. However, at this time, the Preliminary Relief does not include any insider payments. Therefore, Navillus notes its opposition to the suggestion of the Objecting Parties that certain of the officer-level individuals should be deprived of their Performance Bonuses notwithstanding their extraordinary contributions to the profitability of the company, however it reserves the right to submit briefing on this issue following the hearing on the Preliminary Relief to ensure that Navillus provides the Court with the information it requires to evaluate the request for the Deferred Relief.

## **RESERVATION OF RIGHTS**

14. Navillus respectfully reserves any and all rights with respect to the Motion, the Objections and this Limited Response, including the right to further supplement this Limited Response and/or raise further objections with regard to the relief requested and to present any additional arguments or evidence prior to or at any further preliminary or subsequent hearings on the Motion.

**CONCLUSION**

**WHEREFORE**, for the reasons set forth herein and in the Motion, Navillus respectfully requests that the Court (a) overrule the Objections; (b) grant the Motion with respect to the Preliminary Relief requested therein; and (c) grant such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
December 20, 2017

CULLEN AND DYKMAN LLP

By:   */s/ Elizabeth M. Aboulafia*
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

*Proposed Counsel to Navillus Tile, Inc.*