Bernard H. Broome, PLLC
217 Broadway, Suite 505
New York, NY 10007
Tel: (212) 689-4670
Fax: (212) 545-9016
Email: bbroomelaw@gmail.com

Hearing Date: January 24, 2018

Hearing Time: 2:00 p.m.

Attorney for Alycia Benjamin-Peebles

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re

NAVILLUS TILE, INC.
d/b/a NAVILLUS CONTRACTING
               Debtor.

Chapter 11

Case No.: 17-13162 (SHL)

---

## MOTION OF ALYCIA BENJAMIN-PEEBLES FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW HER CIVIL LITIGATION CASE TO PROCEED

### BACKGROUND

1. Movant, Alycia Benjamin-Peebles (hereinafter "Movant"), sustained serious personal injuries on June 1, 2015, at approximately 11:30 a.m. when she was struck by a large wooden construction barricade owned by debtor, NAVILLUS TILE, INC. d/b/a NAVILLUS CONTRACTING (hereinafter "Debtor"), that was caused to fall on plaintiff while she was lawfully walking on the sidewalk of West 35th Street, between Broadway and Seventh Avenue, New York, New York.

2. On December 22, 2015, Movant brought an action for personal injuries against Debtor and filed a Summons and Complaint in the Supreme Court of Bronx County under Index No.: 305341/2015. Annexed hereto as Exhibit "A" is a copy of the Summons and Complaint.

3. Debtor, by their attorney, Cornell Grace, PC, served and filed an Answer on March 23, 2016. Annexed hereto as Exhibit "B" is a copy of the Verified Answer.

4. After prolonged discovery, Movant filed her Note of Issue with Jury Demand on July 21, 2017.

5. At a Pre-Trial Conference on November 27, 2017, Movant's case was stayed.

6. Movant now moves for an Order pursuant to 11 U.S.C. §362(d), to lift the automatic stay to permit the aforementioned civil action to proceed. Movant is not seeking to recover anything directly from Debtor or its bankruptcy estate, but will rely entirely on the proceeds of Debtor's applicable insurance policy to satisfy any judgment obtained therein. Debtor was insured by a policy of insurance issued by American International Group, Inc. under Policy No.: GL 561-07-23, with effective dates of coverage from May 15, 2015 to May 15, 2016, with a limit of $3 million per occurrence. Annexed hereto as Exhibit "C" is a copy of Debtor's attorneys, Cornell Grace, PC's response to the Bronx County Preliminary Conference Order.

## THE AUTOMATIC STAY SHOULD BE LIFTED

7. 11 U.S.C. §362(d) provides that the Court may grant relief from the automatic stay for cause upon request of a party in interest. The decision of whether to lift the stay is left to the discretion of the bankruptcy judge. In re Sonnax Indus., Inc., 907 F2d 1280, 1286 [2d Cir 1990]. The party opposing the relief from the stay has the burden of proof on all issues.

8. The Second Circuit has adopted the following factors to be considered in deciding whether litigation should be permitted to continue in another forum:

(1) whether relief would result in a partial or complete resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether litigation in another forum would prejudice the interests of other creditors;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;
(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceeding; and
(12) impact of the stay on the parties and the balance of harms.

See id. at 799-800; <u>In re Sonnax Indus., Inc.</u>, 907 F2d 1280, 1286 [2d Cir 1990].

9. In evaluating these factors, Courts only consider those relevant to the subject case and do not apply equal weight to each factor. <u>In re Mazzeo</u>, 167 F.3d 139, 143 (2d Cir. 1999).

10. Application of the relevant factors show that the stay should be lifted.

11. <u>Factor One: Complete Resolution of the Issues</u>: The only issue that exists between Movant and Debtor is Movant's personal injury action in the Supreme Court of Bronx County. If the stay was lifted, Movant can proceed with her personal injury action to conclusion. Granting the relief and lifting the stay would resolve the issues between the parties.

12. <u>Factor Two: No Interference with the Bankruptcy Case</u>: Movant limits her recovery to the available insurance proceeds with American International Group, Inc. in effect at the time of the accident. "Numerous Courts have permitted the stay to be lifted when the Movant is simply seeking to establish the fact and amount of the Debtor's liability and, as in this case, the Movant has stipulated that any recovery will be sought from the Debtor's insurer." <u>In re Peterson</u>, 116 BR 247, 250-51 (D.Colo. 1990). As such, "there can be no legitimate complaint that the estates will be dissipated by allowing the litigation to go forward.." <u>In re Memorial Corp.</u>, 382 BR 652, 689 (Bankr. D.Del 2008). "Where, as here, the plaintiffs have agreed that they will not seek any recovery from estate assets, there is no basis for continuing the automatic stay." <u>In re Todd Shipyards Corp.</u>, 92 BR 600 (Bankr. D.N.J. 1988) "Since the movants only seek to litigate their claims to the point of judgment and do not seek relief from the stay in order to attach the property of the debtor, such relief does not interfere with the bankruptcy proceedings."

13. <u>Factor Five: The Debtor's Insurer has Assumed Full Responsibility for Defending It</u>: The Debtor has insurance coverage for the subject accident with American International Group, Inc. Since American International Group, Inc. is providing a defense and indemnification to the Debtor, the Debtor will suffer no financial hardship from lifting of the automatic stay. <u>Holtkamp v. Littlefield (In re Holtkamp)</u>, 669 F2d 505, 508 (7th Cir. 1982) (stay lifted to allow civil action to go forward since insurer assumed full responsibility for defending litigation).

14. <u>Factor Seven: Lifting the Stay Will Not Prejudice Other Creditors</u>: Movant limits her recovery to the available insurance proceeds with American International Group, Inc. in effect at the time of the accident. Movant will collect any settlement or judgment that she obtains from the insurance proceeds available. Consequently, no other creditors will be harmed

as Movant will not enforce any judgment directly against the Debtor. RJ Groover Construction, 411 BR at 465; In re Loudon, 284 BR 106, 108 (8th Cir. BAP 2002); In re G.S. Distribution, Inc., 331 BR 552, 567-68 (Bankr. SDNY 2005) (no prejudice to creditors for lifting stay because movant will not be able to enforce judgment without permission of bankruptcy court); In re 15375 Memorial Corp., 382 BR at 690 (lifting stay because movant's "recovery against available insurance proceeds will in no way negatively impact the rights of the handful of other creditors in these cases").

15. Factor Eleven: Parties are Ready for Trial in the Other Proceeding: Movant filed her Note of Issue with Jury Demand in Supreme Court Bronx County on July 21, 2017 indicating that she is ready for trial in the other proceeding. Four (4) months later at a Pre-Trial Conference on November 27, 2017, Movant's civil action for personal injury was stayed, delaying trial.

16. Factor Twelve: Impact of the Stay on the Parties and the Balance of Harms: The automatic stay is prejudicial to Movant in that it will significantly delay resolution of her personal injury case. It will cause significant hardship to Movant without any benefit to Debtor. The Court in In re Bock Laundry Machine Co., 37 BR 564, 566 (Bankr. N.D.Ohio 1984) stated:

> "A number of courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate. The aging of evidence, loss of witnesses and crowded court dockets are factors which contribute to these hardships".

Debtor, by its insurance carrier, American International Group, Inc., has assumed the defense of Movant's case. Any judgment obtained in the State Court will be recovered from the insurance company and not against Debtor nor Debtor's bankruptcy estate. "The only party who stands to benefit financially if the stay is not lifted is Debtor's insurance company". In re Robertson, 244 BR 880, 883 (Bankr. N.D. Ga. 2000).

17. The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of a debtor's assets. A lifting of the stay to allow a plaintiff-creditor to determine liability will not affect the estate.

WHEREFORE, based on the foregoing, Movant respectfully requests an Order granting her motion for relief from the automatic stay in its entirety and for such other and further relief as

to this Court may deem just and proper.

Dated: New York, New York
      December 21, 2017

                                      BERNARD H. BROOME, PLLC
                                      Attorney for Alycia Benjamin-Peebles
                               By: */s/ Bernard H. Broome*
                                      Bernard H. Broome, Esq.
                                      217 Broadway, Suite 505
                                      New York, NY 10007
                                      Tel: (212) 689-4670
                                      Fax: (212) 545-9016
                                      Email: bbroomelaw@gmail.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

NAVILLUS TILE, INC.
d/b/a NAVILLUS CONTRACTING

Debtor

Chapter 11

Case No.: 17-13162 (SHL)

MOTION OF ALYCIA BENJAMIN-PEEBLES FOR RELIEF
FROM THE AUTOMATIC STAY TO ALLOW HER
CIVIL LITIGATION CASE TO PROCEED

BERNARD H. BROOME, ESQ.
Attorney for Alycia Benjamin-Peebles
217 Broadway, Suite 505
New York, NY 10007
(212) 689-4670
FAX: (212) 545-9016