**Presentment Date and Time: January 10, 2018 at 12:00 p.m.**
**Objection Deadline: January 10, 2018 at 11:30 a.m.**

Mark T. Power, Esq.
Jeffrey Zawadzki, Esq.
HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
(212) 478-7200

*Proposed Counsel to The Official Committee*
*of Unsecured Creditors of Navillus Tile, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                              Chapter 11

NAVILLUS TILE, INC., d/b/a NAVILLUS          Case No. 17-13162 (SHL)
CONTRACTING,

                    Debtor.
---------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF PROPOSED ORDER, PURSUANT
TO BANKRUPTCY CODE SECTIONS 327(A) AND 328(A), BANKRUPTCY
RULES 2014(A) AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1
AND 2016-1, AUTHORIZING EMPLOYMENT AND RETENTION OF
HAHN AND HESSEN LLP AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO NOVEMBER 28, 2017**

**PLEASE TAKE NOTICE** that upon the annexed *Application for Entry of an Order, Pursuant to Bankruptcy Code Sections 327(A) And 328(A), Bankruptcy Rules 2014(A) And 2016, And Local Bankruptcy Rules 2014-1 And 2016-1, Authorizing Employment And Retention of Hahn And Hessen LLP As Counsel to the Official Committee of Unsecured Creditors, Nunc Pro Tunc to November 28, 2017* (the "Application"), filed on behalf of the Official Committee of Unsecured Creditors (the "Committee") of Navillus Tile, Inc. dba

872106/001-6895114.1

Navillus Contracting, the above-captioned debtor and debtor-in-possession (the "Debtor"), the undersigned will present the attached proposed order to the Honorable Sean H. Lane, United States Bankruptcy Judge, for signature on **January 10, 2018 at 12:00 p.m.** (the "Presentment Date"), at the United States Bankruptcy Court, Courtroom 701, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that responses and objections, if any, to the Application and the proposed order must be made in writing, conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Bankruptcy Court and be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (a copy of which can be found at *www.nysb.uscourts.gov*, the official website for the United States Bankruptcy Court for the Southern District of New York), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served upon: (i) proposed counsel to the Committee, Hahn & Hessen LLP, 488 Madison Avenue, New York, N.Y. 10022, Attn: Mark T. Power, Esq. and Jeffrey Zawadzki, Esq.; (i) counsel to the Debtor, Cullen and Dykman LLP, Attn: C. Nathan Dee, Esq. and Elizabeth M. Aboulafia, Esq., 100 Quentin Roosevelt Blvd., Garden City, New York 11530; (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Paul Schwartzberg; and (iv) all parties who have filed a notice of appearance and request for service of documents, so as to be actually received by no later than 11:30 a.m. (prevailing Eastern Time) on January 10, 2018 (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no objection has been properly filed, served and received by the Objection Deadline, the Bankruptcy Court may sign the proposed

order on the Presentment Date without a hearing. In the event one or more objections to the Application and proposed order are timely served and filed, and such objection(s) are not withdrawn or otherwise resolved before the Presentment Date, the Bankruptcy Court will schedule a hearing on notice to the appropriate parties.

Dated: December 22, 2017
      New York, New York

                              **HAHN & HESSEN LLP**

                              /s/ *Mark T. Power*
                              Mark T. Power, Esq.
                              Jeffrey Zawadzki, Esq.
                              488 Madison Avenue
                              New York, New York 10022
                              (212) 478-7200

                              *Proposed Counsel to The Official Committee*
                              *of Unsecured Creditors of Navillus Tile, Inc.*

Mark T. Power, Esq.
Jeffrey Zawadzki, Esq.
HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
(212) 478-7200

*Proposed Counsel to The Official Committee of
Unsecured Creditors of Navillus Tile, Inc.*

Presentment Date and Time: January 10, 2018 at 12:00 p.m.
Objection Deadline: January 10, 2018 at 11:30 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                          Chapter 11

NAVILLUS TILE, INC., d/b/a NAVILLUS             Case No. 17-13162 (SHL)
CONTRACTING,

                    Debtor.
------------------------------------------------------------------x

### APPLICATION FOR ENTRY OF AN ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(A) AND 328(A), BANKRUPTCY RULES 2014(A) AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING EMPLOYMENT AND RETENTION OF HAHN AND HESSEN LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO NOVEMBER 28, 2017

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor-in-possession (the "Debtor") hereby applies (this "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), (a) authorizing the retention and employment of Hahn &

6883640.v3

Hessen LLP ("H&H") as counsel to the Committee *nunc pro tunc* to November 28, 2017, the date the Committee interviewed and selected H&H to represent it, and (b) providing any additional relief required in order to effectuate the foregoing.

In support of the Application, the Committee relies upon and incorporates by reference: (i) the affidavit of Mark T. Power (the "Power Affidavit") which is attached hereto as **Exhibit B**, and the declaration of Paul Capurso, Trustee of NYC District Council of Carpenters Benefit Funds, Chairperson of the Committee (the "Capurso Declaration"), which is attached hereto as **Exhibit C**. In further support of this Application, the Committee respectfully represents that:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the "Amended Standing Order of Reference" for the Southern District of New York, dated January 31, 2012. The Committee confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 328(a), and Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

## BACKGROUND

4. On November 8, 2017, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5. The Debtor continues to operate its business and manage its property as debtor and debtor- in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in this Chapter 11 Case.

6. On November 28, 2017 (the "Formation Date"), the United States Trustee for the Southern District of New York appointed three of the Debtor's largest unsecured creditors to serve as members of the Committee. The Committee is presently comprised of the following three members: (a) NYC District Council of Carpenters Benefit Funds, (b) Cement and Concrete Workers District Council Funds, and (c) District Council of New York City & Vicinity of the United Brotherhood of Carpenters.

7. On the Formation Date, the Committee interviewed proposed counsel and selected H&H to serve as its counsel. On December 7, 2017, the Committee interviewed and selected FTI Consulting, Inc. to serve as its financial advisor.

## RELIEF REQUESTED

8. The Committee seeks authorization to retain H&H, with offices located at 488 Madison Avenue, New York, New York 10022, as its counsel, effective as of the Formation Date. H&H has extensive experience related to complex chapter 11 matters and, in particular, the representation of creditors' committees in connection therewith. Further, H&H is highly qualified to represent the Committee in all aspects of the Debtor's Chapter 11 Case, as it has performed similar-type services over the course of its many

committee representations. Accordingly, for these and other reasons, the Committee believes that H&H is eminently qualified to represent it in this Chapter 11 Case.

## SCOPE OF REPRESENTATION

9.  H&H has agreed to be retained to advise and represent the Committee in the performance of its duties specified in section 1103 of the Bankruptcy Code, including:

   a. Rendering legal advice to the Committee with respect to its duties and powers in this case;

   b. Assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's business, the desirability of continuance of such business, and any other matters relevant to this Chapter 11 Case or to the business affairs of the Debtor;

   c. Advising the Committee with respect to the proposed debtor-in-possession financing;

   d. Advising the Committee with respect to any proposed sale of the Debtor's assets or a sale of the Debtor's business operations and any other relevant matters;

   e. Advising the Committee with respect to any proposed plan of reorganization or liquidation and the prosecution of claims against third parties, if any, and any other matters relevant to the case or to the formulation of a plan of reorganization or liquidation;

   f. Assisting the Committee in requesting the appointment of a trustee or examiner pursuant to section 1104 of the Bankruptcy Code, if necessary and appropriate; and

   g. Performing such other legal services, which may be required by, and which are in the best interests of, the unsecured creditors, which the Committee represents.

## PROFESSIONAL COMPENSATION

10.  During this Chapter 11 Case, H&H will file applications for allowance of compensation and reimbursement of actual and necessary expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local

Bankruptcy Rules, and any orders of this Court, and, to the extent required by the foregoing, the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Large Chapter 11 Cases*, issued by the Executive Office for the United States Trustee, effective as of November 1, 2013 (the "Appendix B Guidelines"), for all services performed and expenses incurred as attorneys for the Committee.

11. Pursuant to section 328(a) of the Bankruptcy Code, the Committee may retain H&H on any reasonable terms and conditions. See 11 U.S.C. § 328(a). The Committee has agreed that H&H will be paid its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Power Affidavit, and that it will be reimbursed according to H&H's customary reimbursement policies. The Committee believes that the proposed terms of H&H's retention are reasonable.

12. Pursuant to section 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation for actual and necessary expenses and services rendered in conjunction with this Chapter 11 Case. H&H's current hourly rates and reimbursement policies are what the general marketplace for legal services pays H&H in other matters every day and are reasonable. Effective as of November 1, 2017, H&H's hourly rates range from $750 to $930 for Partners, $500 to $675 for Counsel, $330 to $660 for Associates, and $260 to $270 for Paralegals and Law Clerks. As noted above, the Committee understands that these rates are comparable or below what is typically charged by firms with comparable experience.

13. In addition to payment of H&H's fees, H&H will also seek reimbursement for actual, necessary expenses pursuant to section 330(a)(1)(B) of the Bankruptcy Code.

14. Prior to applying any increases in its hourly rates beyond the rates set forth above, H&H shall provide ten days' notice of any such increases to the Committee, the Debtor and the United States Trustee and file such notice with the Court.[1]  H&H acknowledges that the United States Trustee retains all rights to object to such rate increase, and the Court retains the right to review any rate increase.

### *NUNC PRO TUNC* RETENTION

15. The Committee requests that H&H's retention be made effective *nunc pro tunc* to November 28, 2017, to allow H&H to be compensated for the work it performed for the Committee as of and following the Formation Date and prior to the Court's consideration and approval of this Application.  Due to the size and complex nature of this Chapter 11 Case, and the pending motions, including the DIP Financing Motion, which were scheduled to be heard the day after the Formation Meeting, there was an immediate need for H&H to perform services for the Committee.  Accordingly, immediately upon the selection of H&H as counsel to the Committee on the Formation Date, H&H turned its attention to, among other things:  1) participating in multiple meetings and calls with counsel to the Debtor, 2) reviewing and requesting additional information regarding the relief sought by the Debtor in its pending motions, 3) drafting and filing with the Court a Preliminary Objection to the Debtor's DIP Financing Motion (the "Preliminary Objection"), 4) attending a court hearing regarding the Preliminary Objection.  The

---

[1] H&H typically adjusts its hourly rates once a year commencing October 1st or November 1st.

Committee submits that under the circumstances, retroactive approval to the Formation Date is warranted. *See, e.g., In re TJN, Inc.*, 194 B.R. 396, 397-8 (USBC DSC, Feb. 14, 1996); *Kohout v. United States,* 513 B.R. 675, 680 (U.S.D.C. NDWVA, August 4, 2014), *aff'd Kohout v. United States*, 2015 U.S. App. LEXIS 12699 (4th Cir. W. Va., July 23, 2015).

### STATEMENT REGARDING UNITED STATES TRUSTEE GUIDELINES

16. H&H shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other application procedures and orders of the Court. The Committee and H&H also intend to make reasonable efforts to comply with the United States Trustee's requests for information and additional disclosures as set forth in the Appendix B Guidelines, both in connection with this Application and the interim and final fee applications to be filed by H&H in the course of its engagement.

17. The applicant statement referenced in Part D.1 of the Appendix B Guidelines is addressed in the Power Affidavit, annexed hereto as **Exhibit B**. The verified client statement referenced in Part D.2 of the Appendix B Guidelines is addressed in the Capurso Declaration, annexed hereto as **Exhibit C**.

18. As this Chapter 11 Case continues to develop, H&H will formulate a budget and staffing plan for this proposed engagement which it will review with the Committee as contemplated by Part E of the Appendix B Guidelines (and may be amended as necessary to reflect changed circumstances or unanticipated developments). Any disclosure of such budget and staffing plan will be retrospective only in conjunction with the filing of fee applications by H&H.

## NOTICE

19. Notice of this Application shall be given to (a) the United States Trustee for the Southern District of New York; (b) Debtor's counsel, (c) the parties that filed Notices of Appearance in this case, (d) any such other party entitled to notice pursuant to Local Bankruptcy Rule for the United States Bankruptcy Court for the Southern District of New York 9013-1(b). The Committee submits that no other or further notice need be provided.

## NO PRIOR REQUEST

20. No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

**WHEREFORE,** based upon the foregoing, the Committee respectfully requests (a) entry of the order, substantially in the form annexed hereto as **Exhibit A**, authorizing the Committee to retain Hahn & Hessen LLP as its counsel under a general retainer, effective as of November 28, 2017, and (b) such other and further relief as the Court may deem just and proper.

Dated:   December 22, 2017

          **The Official Committee of Unsecured Creditors of Debtor Navillus Tile, Inc.**

          By: *Paul Capurso*
             PAUL CAPURSO, Trustee
             NYC District Council of Carpenters
             Benefit Funds
             Chairperson of the Committee