CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Elizabeth M. Aboulafia, Esq.
Jon T. Powers, Esq.

*Counsel to Navillus Tile, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                                  :
In re:                                                            :    Chapter 11
                                                                  :
NAVILLUS TILE, INC., DBA NAVILLUS                                 :    Case No. 17-13162 (SHL)
CONTRACTING                                                       :
                                                                  :
                      Debtor.                                     :
                                                                  :
------------------------------------------------------------------x

**STIPULATED AND AGREED ORDER
GRANTING RELIEF FROM THE AUTOMATIC STAY**

**WHEREAS,** Navillus Tile, Inc. d/b/a Navillus Contracting, the debtor-in-possession herein (the "Debtor" or "Navillus"), filed a voluntary petition for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on November 8, 2017 (the "Petition Date") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and has remained in possession of its property and in the management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

**WHEREAS,** prior to the Petition Date, Michael Gibbs ("Plaintiff") commenced an action styled as Index No. 516313/2016 in the Supreme Court of the State of New York, County of Kings (the "State Court Action") against Navillus and a certain other individual (collectively

21843.1 516079v1

with Navillus, the "Defendants") alleging that the Defendants were liable to Plaintiff for personal injuries allegedly sustained by Plaintiff; and

**WHEREAS**, as a result of the commencement of Navillus' Chapter 11 case, the continuation of the State Court Action was stayed by operation of section 362(a) of the Bankruptcy Code; and

**WHEREAS**, Plaintiff desires to obtain relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code and to proceed with the prosecution and/or settlement of the State Court Action so as to determine and thereafter collect, solely from the proceeds of Navillus' applicable insurance and excess insurance, if any, in effect at the time of the incident, any amounts that may be due to Plaintiff as a result of the alleged personal injuries upon a determination or settlement of the State Court Action; and

**WHEREAS**, Plaintiff has agreed to waive any claims Plaintiff may have against Navillus' estate as a result of the personal injuries allegedly sustained and to limit its recovery upon a determination or settlement of the State Court Action to the proceeds of Navillus' applicable insurance and excess insurance, if any, in effect at the time of the incident; and

**WHEREAS**, the parties desire to resolve their disputes without the need for further litigation in Bankruptcy Court; it is

**HEREBY STIPULATED AND AGREED**, by the attorneys for Navillus, and Plaintiff, that:

1.  Upon the approval of this Stipulation by the Bankruptcy Court, the automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby modified solely to permit Plaintiff to continue the State Court Action to obtain a determination or settlement of the liability, if any, with respect thereto. Any judgment awarded Plaintiff against Navillus or any

2

settlement reached as it relates to Navillus shall be recovered only against the proceeds of Navillus' applicable insurance and excess insurance, if any, in effect at the time of the incident.

2. Plaintiff on behalf of itself and its successors, assigns and heirs hereby waives, relinquishes and discharges any and all claims or rights to recovery against Navillus and/or the assets and/or property of Navillus' estate (including, without limitation, with respect to any deductible or self-insured retention component, to the extent applicable, and any deficiency that may arise by virtue of the results obtained in the State Court Action), other than the applicable insurance and excess insurance, if any, in effect at the time of the incident, as a result of any judgment rendered or settlement reached in the State Court Action.

3. Except as expressly set forth herein, the provisions of the automatic stay, including, without limitation, those provisions prohibiting execution, enforcement, or collection of any judgment that may be obtained against Navillus from and against any assets or property of the estate (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect. Neither Plaintiff nor any of its agents shall take any action or attempt to cause any action to be taken to collect all or any portion of any judgment obtained or settlement reached from the assets and property of Navillus or Navillus' estate, without prejudice to Plaintiff's rights of recovery from the applicable insurance and excess insurance proceeds, if any, in effect at the time of the incident. Nothing contained herein shall prejudice Plaintiff's rights as to Navillus' co-defendant in the State Court Action.

4. Nothing set forth herein shall be deemed to constitute an admission. Nor shall anything contained herein constitute or operate as a general waiver or modification of the automatic stay that would permit the prosecution against Navillus of any other claims or actions by any persons or entity other than Plaintiff with respect to the State Court Action.

21843.1 516079v1

5. This Stipulation and Order is subject to Bankruptcy Court approval and shall only be effective when "SO ORDERED" by the Court. If this Stipulation and Order is not approved by the Bankruptcy Court, it shall be null and void and shall not be referred to or used, for any purpose, by any of the parties hereto or any parties to the State Court Action.

6. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signature, and such signatures will be deemed to be as valid as an original signature, whether confirmed by delivery of the original in person.

7. The Bankruptcy Court shall retain jurisdiction to resolve any disputes between the parties arising with respect to this Stipulation and this Stipulation may not be amended or modified except by further Order of this Court.

DATED: Garden City, New York
January 2, 2018

| CULLEN AND DYKMAN LLP | LAW OFFICE OF EVANS D. PRIESTON, P.C. |
|---|---|
| /s/ Jon T. Powers | |
| Elizabeth M. Aboulafia, Esq. | Evans D. Prieston, Esq. |
| Jon T. Powers, Esq. | 47-40 21st Street, 10th Floor |
| 100 Quentin Roosevelt Boulevard | Long Island City, New York 11101 |
| Garden City, NY 11530 | (718) 424-2444 |
| (516) 357-3700 | |
| Attorneys for Navillus Tile, Inc. | Attorneys for Plaintiff |

SO ORDERED:

21843.1 516079v1

5. This Stipulation and Order is subject to Bankruptcy Court approval and shall only be effective when "SO ORDERED" by the Court. If this Stipulation and Order is not approved by the Bankruptcy Court, it shall be null and void and shall not be referred to or used, for any purpose, by any of the parties hereto or any parties to the State Court Action.

6. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signature, and such signatures will be deemed to be as valid as an original signature, whether confirmed by delivery of the original in person.

7. The Bankruptcy Court shall retain jurisdiction to resolve any disputes between the parties arising with respect to this Stipulation and this Stipulation may not be amended or modified except by further Order of this Court.

DATED:   Garden City, New York
         January __, 2018

CULLEN AND DYKMAN LLP

_____
Elizabeth M. Aboulafia
Jon T. Powers, Esq.
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700

Attorneys for Navillus Tile, Inc.

LAW OFFICE OF EVANS D. PRIESTON, P.C.

_____
Evans D. Prieston, Esq.
47-40 21st Street, 10th Floor
Long Island City, New York 11101
(718) 424-2444

Attorneys for Plaintiff

SO ORDERED:

_____

4

21843.1 516079v1