UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

    NAVILLUS TILE, INC
    DBA NAVILLUS CONTRACTING,

                Debtor.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Case No. 17-13162-SHL
Chapter 11

Ford Motor Credit Company LLC (hereinafter "FMCC") hereby submits the following memorandum of law in support of its motion for relief from the automatic stay to enforce its rights with respect to a certain vehicles subject to Retail Installment Contracts, including, but not limited to selling the same and applying the proceeds to the obligation of the buyer to FMCC.  The accounts are in default and thus there exists a lack of adequate protection.

## I. STATEMENT OF FACTS

On or about December 26, 2016, Country Lincoln Mercury West LLC dba Ford Lincoln of Queens Blvd. entered into certain  Retail Installment Contract regarding one (1) 2017 Ford Fusion (V.I.N. 3FA6P0H79HR192818) .  Country Lincoln Mercury West LLC dba Ford Lincoln of Queens Blvd. assigned its right, title and interest in and to the Contract to FMCC.  The account is in default as set forth in the accompanying motion and affidavit of FMCC.

On or about December 26, 2016, Country Lincoln Mercury West LLC dba Ford Lincoln of Queens Blvd. entered into certain  Retail Installment Contract regarding one (1) 2017 Ford Fusion (V.I.N. 3FA6P0H79HR192817) .  Country Lincoln Mercury West LLC dba Ford Lincoln of Queens Blvd. assigned its right, title and interest in and to the Contract to FMCC.  The account is in default as set forth in the accompanying motion and affidavit of FMCC.

## II. <u>ARGUMENT</u>

<u>Standards for Relief From the Automatic Stay</u>

11 U.S.C. § 362(d) provides for circumstances under which this Court may terminate, annul,

modify, or condition the automatic stay.  11 U.S.C. § 362(d)(1) and (2), provide:

"(d)    On request of a party in interest and after notice and a hearing, the court shall grant relief
from the stay provided under subsection (a) of this section, such as by terminating,
annulling, modifying or conditioning such stay –

(1) for cause, including the lack of adequate protection of an interest in property of such
party in interest; or

(1) with respect to a stay of an act against property under subsection (a) of this section, if -

(A)    the debtor does not have an equity in such property; and
(B)    such property is not necessary to an effective reorganization."

"Two threshold points should be made concerning these provisions.  First, Section 362(d) is

mandatory, not permissive . . .  Second, the grounds for relief from stay are presented in subsections (1),

(2) and (3) in the disjunctive; thus, if any one subsection applies, the Court must grant a motion for relief

from automatic stay." <u>In re Zeoli</u>, 249 B.R. 61, 63 (Bankr. S.D.N.Y. 2000).

A.    <u>Default in Payments is Cause</u>

This Court has stated "[a] continued failure to make monthly payments under loan documents can

constitute cause for granting relief from the automatic stay . . .  Typically, however, cause will only be

found where the failure to make monthly payments corresponds with a nonexistent equity cushion

[internal citations omitted].  Even when a slight equity cushion exists, this does not constitute adequate

protection where post-petition interest is accruing, and the debtor is not able to pay expenses as they come

due." <u>In re Balco Equities Ltd., Inc.</u>, 312 B.R. 734m 749 (Bankr. S.D.N.Y. 2004). Thus, the failure to

make payments is a default under the contract constituting cause for termination of the stay to allow the

creditor to protect its interests in the property, which is depreciating.

4

B.    <u>There is No Equity in the Vehicle for the Debtor or the Bankruptcy Estate</u>

This Court has held that "[t]he secured creditor who seeks relief from the automatic stay under § 362(d)(2) must demonstrate (1) the amount of its claim, (2) that its claim is secured by a valid, perfected lien in property of the estate, and (3) that the debtor lacks equity in the property." <u>In re Elmira Litho, Inc.,</u> 174 B.R. 892, 900 (Bankr. S.D.N.Y. 1994). The motion establishes the validity of FMCC's security interest and that the value of the collateral is less than the amount owed under the contract.  As such, there is no equity in the collateral for the Debtor or the bankruptcy estate.


## III.  <u>CONCLUSION</u>

For the foregoing reasons, Ford Motor Credit Company LLC respectfully requests that this Court make and enter its Order terminating the automatic stay as to FMCC with respect to the vehicles including but not limited to selling the same and applying the proceeds of sale to the obligations of the buyer to FMCC, and for such other and further relief as the Court deems proper.

DATED:        February 5, 2018            **SCHILLER, KNAPP,**
                                          **LEFKOWITZ & HERTZEL, LLP**


                                 By:    <u>/s/ Martin A. Mooney          </u>
                                        Martin A. Mooney, Esq.
                                        Attorneys for Ford Motor Credit Company LLC
                                        950 New Loudon Road
                                        Latham, New York 12110
                                        (518) 786-9069