UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re                                                                Chapter 11

NAVILLUS TILE, INC., d/b/a NAVILLUS
CONSTRACTING                                              Case No. 17-13162 (SHL)


                                    Debtor.
---------------------------------------------------------x

## STIPULATION AND ORDER APPOINTING A FEE EXAMINER AND RELATED RELIEF

Upon the agreement between the Debtor, the Official Committee of Unsecured Creditors and the United States Trustee; upon further consideration that the size and complexity of this Chapter 11 case has resulted in the filing of numerous and complex professional fee applications; and upon the Court's conclusion that the appointment of a fee examiner under Bankruptcy Code section 105 appears to be in the best interests of the Debtor, its estate and creditors, and other parties-in-interest,

**IT IS HEREBY ORDERED THAT:**

### The Appointment of the Fee Examiner

1.      After consulting with the parties-in-interest, the United States Trustee shall appoint a disinterested person to serve as independent fee examiner (the "Fee Examiner") in this case, subject to the terms and conditions of this order and subject to the terms and conditions of that Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses For Retained Professionals and (II) Granted Related Relief, ECF No. 218 (the "Interim Compensation Order"), as modified herein.

2. The Fee Examiner is hereby designated as a Notice Party pursuant to the Interim Compensation Order. Monthly Fee Statements (as defined in the Interim Compensation Order) and all other documents, notices or pleadings required to be sent to or served upon any Notice Party under the Interim Compensation Order on or after the date of entry of an Order designating a Fee Examiner shall be sent to and served upon the Fee Examiner at the address so designated by the Fee Examiner.

3. This Order applies to all professionals who will file fee applications seeking compensation and expenses under Bankruptcy Code sections 330 and 331 (the "Fee Applications").

## **Responsibilities and Authority of the Fee Examiner**

4. The Fee Examiner shall, among other things, review and report on, as appropriate, the Fee Applications filed by the professionals subsequent to the date of a Notice of Appointment designating a Fee Examiner; provided, however, that the Fee Examiner shall have the right to review and report on fees and expenses requested in connection with the professionals' first interim fee applications in connection with the Fee Examiner's review and report on the final fee applications to be filed in this chapter 11 case.

5. The Fee Examiner is responsible for monitoring, reviewing, and assessing all Fee Applications for compliance with:

   a. Bankruptcy Code sections 328, 329, 330, and 331, as applicable;

   b. Rule 2016(a) of the Federal Rules of Bankruptcy Procedure;

   c. The Local Bankruptcy Rules;

   d. The Interim Compensation Order; and

2

e. The United States Trustee Guidelines.

6. The Fee Examiner has the authority to:

a. Develop case-specific guidelines supplementing, but not in conflict with, the authorities listed above;

b. Establish procedures to facilitate preparation and review of the Fee Applications, including;

   i. the use of specific forms and billing codes;

   ii. the submission of Fee Applications to the Fee Examiner by electronic mail contemporaneously with the filing of each Fee Application; and

   iii. the submission to the Fee Examiner by electronic mail of the fee detail containing the time entries and the expense detail ("Fee Detail") in the LEDES electronic format (for law firms) or Excel spreadsheets (for all professionals other than law firms). The Fee Examiner and any professional submitting data in Excel will work together to ensure the Fee Detail contains all necessary information.  Fee Detail should be submitted contemporaneously with the submission of each Application.

c. Establish procedures to resolve disputes with the professionals concerning the Fee Applications, including:

   i. Communicating concerns to the professionals about their Fee Applications and requesting further information as appropriate;

3

      ii. Presenting reports to the professionals of the Fee Examiner's review of Fee Applications describing the Fee Examiner's concerns;

     iii. Providing a copy of the Fee Examiner's reports to the U.S. Trustee;

     iv. Negotiating with the professionals any concerns the Fee Examiner has concerning Fee Applications; and

      v. Resolving consensually any concerns the Fee Examiner has about Applications, subject to the Court's approval.

d. Request budgets and staffing plans from the professionals. Any budgets requested shall not limit the amount of fees or expenses that may be allowed or restrict the extent or scope of services that a professional may determine are necessary to fulfill professional responsibilities.

e. Appear and be heard on any matter before this Court or an appellate court regarding the Fee Applications, including but not limited to:

      i. Filing comments and summary reports with the Court on Fee Applications;

     ii. Objecting to Fee Applications and litigating the objections; and

    iii. Appealing, defending an appeal, or appearing in an appeal regarding a Fee Application.

f. If deemed necessary by the Fee Examiner to discharge its duties, retain professionals to represent or assist the Fee Examiner with its work under standards and procedures analogous to section 327 of the Bankruptcy

4

Code and to have them compensated by the Debtor under standards and procedures analogous to those that apply to the professionals, including but not limited to Bankruptcy Code sections 330 and 331.

7. The Fee Examiner shall inform each professional of any issue relating to such professional's application for compensation or expenses prior to filing any report regarding such application so that each professional has a reasonable opportunity to respond to the Fee Examiner for the purpose of resolving the issues identified by the Fee Examiner, or amending its application, prior to the filing of the Fee Examiner's report. The Fee Examiner shall file a report that informs the Court of any proposed consensual resolutions of the compensation or expense request in each professional's application and any unresolved issues with respect to each professional's application and serve the same on the United States Trustee, counsel to the Debtor and counsel to the Committee at least seven (7) days prior to the applicable hearing date on the Fee Applications.

## Cooperation of Retained Professionals

8. Professionals shall cooperate with the Fee Examiner in the discharge of his duties and shall promptly respond to reasonable requests from the Fee Examiner for information.

9. Nothing herein shall require a professional or its client to provide any information that would disclose privileged or work product information. If a professional or its client does provide privileged or work product information to the Fee Examiner and identifies the nature of such information to the Fee Examiner, the Fee Examiner shall treat such information as confidential. The disclosure of such information to the Fee

Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney client, or other privilege.

### Fee Examiner Compensation and Reimbursement of Expenses

10. The Fee Examiner shall be entitled to reasonable compensation, including reimbursement of reasonable, actual, and necessary expenses, from the Debtor. The Fee Examiner's compensation and reimbursement shall be subject retrospectively to Court approval under standards and procedures analogous to those that apply to the professionals.

11. The Fee Examiner shall file interim and final fee applications under Bankruptcy Code sections 330 and 331.

12. The Fee Examiner is required to keep reasonably detailed time records and submit them with any interim or final fee application along with a narrative summary of services rendered.

### Exculpation

13. The Fee Examiner shall be given the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of his duties. In addition to such immunity, no action may be commenced against the Fee Examiner in connection with Fee Examiner matters except in this Court and only with the prior approval of this Court, which retains exclusive jurisdiction.

### Reservations of Rights and Jurisdiction

14. Nothing in this Order shall alter or impair the right of the United States Trustee or any party in interest to object to Fee Applications subject to this Order.

Nothing in this Order shall alter or modify prior orders governing the retention of professionals.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: May 25, 2018          /s/ Sean H. Lane
                             Sean H. Lane
                             United States Bankruptcy Judge

Consented to by:

CULLEN AND DYKMAN LLP

/s/ Elizabeth M. Aboulafia
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.
100 Quentin Roosevelt Boulevard
Garden City, NY  11530
(516) 357-3700

Counsel to Navillus Tile, Inc., d/b/a
Navillus Contracting



HAHN & HESSEN LLP

/s/ Mark T. Power
Mark T. Power, Esq.
Jeffrey Zawadzki, Esq.
488 Madison Avenue
New York, NY 10022
(212) 478-7200

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

*/s/ Paul K. Schwartzberg*
Paul K. Schwartzberg
Trial Attorney