OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
(212) 905-3677
Melanie L. Cyganowski, Esq.

*Counsel to Navillus Tile, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
: 
In re: : Chapter 11
 :
NAVILLUS TILE, INC., DBA NAVILLUS : Case No. 17-13162 (SHL)
CONTRACTING :
 :
Debtor. :
 :
-----------------------------------------------------------------x

### *EX PARTE* MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING ISSUANCE OF <u>SUBPOENA TO HUNTER ROBERTS CONSTRUCTION GROUP, LLC</u>

Navillus Tile, Inc. d/b/a Navillus Contracting, the above-captioned debtor and debtor-in-possession ("Navillus" or the "Debtor"), by and through its undersigned counsel Otterbourg P.C., hereby submits this *ex parte* motion (the "Motion"), pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2004-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for entry of an order authorizing the Debtor to issue a subpoena for the production of a certain documents or communications in the possession of Hunter Roberts Construction Group, LLC ("Hunter Roberts") as set forth more fully herein. In support of this Motion, the Debtor respectfully states as follows:

5293257.1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are Bankruptcy Rules 2004 and 9016 and Local Rules 2004-1 and 9077-1(b).

## BACKGROUND

**A.  General Background**

3. On November 8, 2017 (the "Petition Date"), Navillus filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

4. Navillus has remained in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On November 28, 2017, the United States Trustee appointed an official committee of unsecured creditors in this case.

6. On the Petition Date, Navillus filed the Affidavit of Donal O'Sullivan pursuant to Local Rule 1007-2 (the "First Day Affidavit" at Dkt. No. 7). A detailed factual background of Navillus' business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the First Day Affidavit.

**B.  Hunter Roberts Projects**

7. Prior to the Petition Date, Navillus and Hunter Roberts entered into various contracts (the "Contracts") regarding Navillus' services as a subcontractor on the following projects: (1) the Manhattan West Southwest Residential Tower (the "Manhattan West Project"); (2) Pier 57 at 29 11th Avenue, New York, NY (the "Pier 57 Project"); (3) JP Morgan Chase, One

2

Chase Manhattan Plaza (the "JP Morgan Project"); and (4) the Mikkeller Microbrewery at Citifield (the "Citifield Project," together with the Manhattan West Project, the Pier 57 Project, and the JP Morgan Project, the "Hunter Roberts Projects").

8. On February 13, 2018, Hunter Roberts filed a proof of claim (the "Claim") for the total amount of $1,282,804.54 on account of various back-charges related to the Manhattan West Project (the "Manhattan West Back-Charge Claim"), as well as for certain unliquidated claims related to the Pier 57 Project, the JP Morgan Project, and the Citifield Project (the "Unliquidated Claims").

## RELIEF REQUESTED

9. Navillus requests authority under Bankruptcy Rule 2004 to issue a subpoena (the "Subpoena") and document request (the "Document Request"), substantially in the form annexed hereto as Exhibit "A", for the production of certain documents or communications in Hunter Roberts' possession that would substantiate each component of the Claim. Navillus submits that the issuance of an *ex parte* order, substantially in the form annexed hereto as Exhibit "B", is appropriate in this case for the reasons set forth herein.

## BASIS FOR RELIEF REQUESTED

10. Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity" as well as the production of documents by such entity. *See* FED. R. BANKR. P. 2004(a). Bankruptcy Rule 2004(b) sets forth the permissible scope of an examination, stating in relevant part as follows:

> The examination of an entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . .

*See* FED. R. BANKR. P. 2004(b).

5293257.1

In addition, in a chapter 11 reorganization:

> [T]he examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

*See* FED. R. BANKR. P. 2004(b).

11. It is well settled that the scope of a Rule 2004 examination is "broad and unfettered and in the nature of a fishing expedition", as the language of the rule indicates. *See In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002). Indeed, it is far broader than the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure. *See, e.g.*, *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991).

12. Rule 2004 examinations may be used by a party to evaluate the existence and availability of assets of the estate. *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd* 17 F.3d 600 (2d Cir. 1994); *In re Almatis B.V.*, 2010 Bankr. LEXIS 4243, at *10 (Bankr. S.D.N.Y. Nov. 24, 2010) ("The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred"); *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) ("The purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved'").

13. Bankruptcy courts are required to make a finding of good cause for the examination in approving a request for a Rule 2004 examination. *See Coffee Cupboard*, 128 B.R. at 514. Good cause has been held to be shown where "the examination sought 'is necessary to

4

establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice.'" *In re Madison Williams and Company, LLC*, 2014 Bankr. LEXIS 50, at *10 (Bankr. S.D.N.Y. Jan. 7, 2014) (internal citations omitted); *In re MF Global Inc.*, 2013 Bankr. LEXIS 129, at *3 (Bankr. S.D.N.Y. Jan. 8, 2013) (same). In evaluating a request for a Rule 2004 examination, bankruptcy courts "balance the compelling interests of the parties, weighing the relevance of and necessity of the information sought by examination". *Coffee Cupboard*, 128 B.R. at 514; *Madison Williams*, 2014 Bankr. LEXIS 50, at *11.

14. Navillus submits that it has good cause to compel Hunter Roberts to produce any documents or communications to substantiate each component of the Claim, and seeks such relief on an *ex parte* basis. Navillus is unaware of any parties other than Hunter Roberts that have copies of such documents or familiarity with the contents therein, and the production of any such documents or communications by Hunter Roberts would not be unduly burdensome. Thus, *ex parte* relief is warranted under the circumstances.

15. As Navillus prepares to file its chapter 11 plan in the coming weeks, it is evaluating claims in connection with the assumption of its contracts. Navillus must evaluate potential back-charges and setoffs under such contracts against receivables on its open construction projects in connection with projecting cash flow and the availability of funds to make plan payments. Therefore, Navillus must review and assess the various components of the Claim to determine what amounts, if any, of the Manhattan West Back-Charge Claim and the Unliquidated Claims identified in the Claim are valid. Accordingly, Navillus requires any documents or communications in Hunter Roberts' possession that would substantiate each component of the Claim. Because such documents or communications relate to "the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a

5

plan" and "any other matter relevant to . . . the formulation of a plan," as set forth in Bankruptcy Rule 2004(b), Navillus submits that Hunter Roberts should be compelled to produce any such documents or communications.

## NOTICE

16. Notice of this Motion has been given in accordance with the Order Establishing Notice Procedures and a Master Service List [Dkt. No. 83]. Navillus submits that, under the circumstances, no other or further notice is required.

17. No prior request has been made to this or any other Court for the relief sought herein.

## CONCLUSION

18. Based on the foregoing, Navillus requests that the Court enter an *ex parte* order authorizing Navillus to issue the Subpoena to Hunter Roberts for the production of the documents or communications requested herein.

WHEREFORE, Navillus requests that the Court grant the Motion and enter an order, substantially in the form annexed hereto as Exhibit "B", (a) authorizing Navillus to issue the Subpoena and Document Request, substantially in the form annexed hereto as Exhibit "A", for the production the documents or communications requested herein by Hunter Roberts, and (b) granting such other and further relief as may be just and proper under the circumstances.

5293257.1

Dated: New York, New York
      May 25, 2018

                      OTTERBOURG P.C.

                      By: *s/ Melanie L. Cyganowski*
                      Melanie L. Cyganowski, Esq.
                      230 Park Avenue
                      New York, NY 10169
                      (212) 905-3677

                      Counsel to Navillus Tile, Inc.

5293257.1

# EXHIBIT "A"

5293257.1

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re  Navillus Tile, Inc., d/b/a Navillus Contracting        Case No.  17-13162
                              Debtor

                                                              Chapter   11


**SUBPOENA FOR RULE 2004 EXAMINATION**

To: Hunter Roberts Construction Group, LLC, 55 Water Street, 51st Floor, New York, NY 10041
            *(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit A, annexed hereto.

         The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 16, 2018
                CLERK OF COURT

                                          OR

         _____       _____
         *Signature of Clerk or Deputy Clerk*         *Attorney's signature*


The name, address, email address, and telephone number of the attorney representing *(name of party)* Navillus Tile, Inc._____ , who issues or requests this subpoena, are:

Melanie Cyganowski, Esq., Otterbourg P.C., 230 Park Ave., New York, NY 10169, mcyganowski@otterbourg.com; (212) 905-3677

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**EXHIBIT A**

## DOCUMENT REQUEST

Hunter Roberts Construction Group, LLC is requested to produce the following documents for inspection and copying at the offices of Otterbourg P.C., 230 Park Avenue, New York, NY 10169:

I.     INSTRUCTIONS

1. Each of these requests for production of documents shall be deemed to be a request for all such documents, whether prepared by or for you by any other party or any other person, which documents are in your possession, custody or control or in the possession, custody or control of your attorneys, accountants, consultants, employees, agents, or anyone acting on your behalf.

2. As to any document you are withholding from production on the basis of a privilege, you are to provide the following information to specifically identify the document:

    (i)     title or description,

    (ii)     date,

    (iii)     author,

    (iv)     recipient(s),

    (v)     number of pages,

    (vi)     subject matter, and

    (vii)     the specific grounds for withholding the document.

3. You are required to produce documents as they are kept in the usual course of business or to organize and label them to correspond to the categories in this request. Documents should be produced in their native format.

4. You are required to produce complete documents, including all drafts of any such documents.

2

5.  Any comments, notes, or signatures appearing on any documents, and not a part of the original, are to be considered a separate document, and any draft, preliminary form, or superseded version of any document is also to be considered a separate document, which you are also required to produce.

6.  If any of the requested documents cannot be produced in full, you are to produce said documents to the extent possible, specifying your reasons for your inability to produce the remainder and stating what information, knowledge, or belief you have concerning the unproduced portion.

7.  Unless otherwise stated, the time period applicable to this set of document requests is from March 15, 2013 to the present.

II.  DEFINITIONS

A.  All/Any/Each.  The terms "all", "any" and "each" shall each be construed as encompassing any and all.

B.  And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive, and bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

C.  Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

D.  Document.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Bankr. P. 2004 and Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

5293259.1

E. <u>Including.</u>  The term "including" means "including but not limited to."

F. <u>Item.</u>  The term "item" means any physical thing.

G. <u>Number.</u>  The use of the singular form of any word includes the plural and vice versa.

H. <u>Person.</u>  The term "person" is defined as any natural person or business, legal or governmental entity or association.

I. <u>Hunter Roberts.</u>  The term "Hunter Roberts" shall mean Hunter Roberts Construction Group, LLC.

J. <u>Claim.</u>  The term "Claim" shall mean the proof of claim filed by Hunter Roberts on February 13, 2018 for the total amount of $1,282,804.54 on account of various back-charges related to the Manhattan West Project, as well as for unliquidated claims related to the Pier 57 Project, the JP Morgan Project, and the Citifield Project.

K. <u>Parties.</u>  The terms "Navillus" and "Hunter Roberts" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

L. <u>Concerning.</u>  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

M. <u>Writings.</u>  The term "writings" shall include any handwriting, typewriting, printing, photostatting, photographing, and every other means of recording upon any tangible thing, and form of communicational representation, including letters, words, pictures, sounds, or symbols, or combinations thereof.

N. <u>Contracts.</u>  The term "Contracts" shall mean those certain contracts entered into by Hunter Roberts and Navillus regarding Navillus' services as a subcontractor on the following

4

projects: (1) the Manhattan West Project; (2) the Pier 57 Project; (3) the JP Morgan Project; and (4) the Citifield Project.

O.   <u>Projects.</u> The term "Projects" shall mean the construction of the projects more commonly known as (1) the Manhattan West Project; (2) the Pier 57 Project; (3) the JP Morgan Project; and (4) the Citifield Project, together with all work incidental thereto.

III.   <u>DOCUMENT REQUESTS</u>

1.   Any and all documents and/or communications substantiating the component of the Claim that seeks recovery of an amount not less than $1,282,804.54 on account of the Manhattan West Back-Charge Claim as set forth in the Attachment to the Proof of Claim.

2.   Any and all documents and/or communications substantiating the component of the Claim that seeks recovery of an undisclosed amount on account of the MW Performance Claim as set forth in the Attachment to the Proof of Claim.

3.   Any and all documents and/or communications substantiating the component of the Claim that seeks recovery of an undisclosed amount on account of the MW Payment Claim as set forth in the Attachment to the Proof of Claim.

4.   Any and all documents and/or communications substantiating the back-charge claim in connection with the Manhattan West Project regarding "Sonoflow in Tubs in 26Q and 57J" in the amount of $19,362.81.

5.   Any and all documents and/or communications substantiating the component of the Claim that seeks recovery of an undisclosed amount on account of the P57 Performance Claim as set forth in the Attachment to the Proof of Claim.

5

5293259.1

6. Any and all documents and/or communications substantiating the component of the Claim that seeks recovery of an undisclosed amount on account of the P57 Payment Claim as set forth in the Attachment to the Proof of Claim.

7. Any and all documents and/or communications substantiating the component of the Claim that seeks recovery of an undisclosed amount on account of the JP Morgan Performance Claim as set forth in the Attachment to the Proof of Claim.

8. Any and all documents and/or communications substantiating the component of the Claim that seeks recovery of an undisclosed amount on account of the JP Morgan Payment Claim as set forth in the Attachment to the Proof of Claim.

9. Any and all documents and/or communications substantiating the component of the Claim that seeks recovery of an undisclosed amount on account of the Citifield Performance Claim as set forth in the Attachment to the Proof of Claim.

10. Any and all documents and/or communications substantiating the component of the Claim that seeks recovery of an undisclosed amount on account of the Citifield Payment Claim as set forth in the Attachment to the Proof of Claim.

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                        :

In re:                                         :    Chapter 11

NAVILLUS TILE, INC., DBA NAVILLUS    :    Case No. 17-13162 (SHL)
CONTRACTING

                   Debtor.
-------------------------------------------------------------------x

## *EX PARTE* ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING ISSUANCE OF SUBPOENA TO HUNTER ROBERTS CONSTRUCTION GROUP, LLC

Upon the *ex parte* motion (the "Motion")[1] of Navillus Tile, Inc. d/b/a Navillus Contracting, the above-captioned debtor and debtor-in-possession ("Navillus" or the "Debtor"), by and through its attorneys Otterbourg P.C., pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rules 2004-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York, for entry of an *ex parte* order authorizing Navillus to issue a subpoena (the "Subpoena") for the production of certain documents or communications by Hunter Roberts Construction Group, LLC ("Hunter Roberts"), as set forth more fully in the Motion; and the Court being satisfied that the relief sought in the Motion is appropriate under the circumstances; and good and sufficient cause appearing for the entry of this Order; it is hereby

**ORDERED**, that the relief requested in the Motion is granted; and it is further

**ORDERED**, that Navillus is hereby authorized to serve a copy of this Order, together with the Subpoena, on Hunter Roberts at 55 Water Street, 51st Floor, New York, NY 10041 via overnight mail within three (3) days of entry of this Order; and it is further

**ORDERED**, that Hunter Roberts shall produce the documents or communications as set forth in the Subpoena to counsel to Navillus, Otterbourg P.C., 230 Park Avenue, New York, NY

5293257.1

10169, Attention: Melanie L. Cyganowski, Esq., within twenty one (21) days of service of the Subpoena; and

**ORDERED**, that the Court shall retain jurisdiction to hear and determine any dispute arising out of this Order.

Dated: May \_\_\_\_, 2018
       New York, New York

                                                                  THE HONORABLE SEAN H. LANE
                                                                  UNITED STATES BANKRUPTCY JUDGE

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

5293257.1