**Presentment Date and Time: June 18, 2018 at 10:00 a.m.**
**Objection Deadline: June 14, 2018 at 4:00 p.m.**

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.
Travis Powers, Esq.

*Counsel to Navillus Tile, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re:                                                : Chapter 11
                                                      :
NAVILLUS TILE, INC., DBA NAVILLUS    : Case No. 17-13162 (SHL)
CONTRACTING                                           :
                                                      :
            Debtor.                                   :
                                                      :
------------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF MOTION OF NAVILLUS TILE, INC. FOR ENTRY OF AN ORDER AUTHORIZING ENTRY INTO FORM OF VOLUNTARY LETTER OF DEFAULT WITH LIBERTY MUTUAL INSURANCE COMPANY

**PLEASE TAKE NOTICE** that upon the annexed *Motion of Navillus Tile, Inc. for Entry of an Order Authorizing Entry into Voluntary Letter of Default With Liberty Mutual Insurance Company* (the "Motion"), filed on behalf of Navillus Tile, Inc. dba Navillus Contracting, the above-captioned debtor and debtor-in-possession ("Navillus" or the "Debtor"), the undersigned will present the attached proposed order to the Honorable Sean H. Lane, United States Bankruptcy Judge, for signature on June 18, 2018 at 10:00 a.m. (the "Presentment Date"), at the United States Bankruptcy Court, Courtroom 701, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that responses and objections, if any, to the Motion and the proposed order must be made in writing, conform to the Bankruptcy Rules and

the Local Bankruptcy Rules for the Bankruptcy Court and be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (a copy of which can be found at *www.nysb.uscourts.gov*, the official website for the United States Bankruptcy Court for the Southern District of New York), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served upon: (i) counsel to Navillus, Cullen and Dykman LLP, Attn: C. Nathan Dee, Esq. and Elizabeth M. Aboulafia, Esq., 100 Quentin Roosevelt Blvd., Garden City, New York 11530; (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Paul Schwartzberg; and (iii) all parties who have filed a notice of appearance and request for service of documents, so as to be actually received by no later than 4:00 p.m. (prevailing Eastern Time) on June 14, 2018 (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no objection has been properly filed, served and received by the Objection Deadline, the Bankruptcy Court may sign the proposed order on the Presentment Date without a hearing. In the event one or more objections to the Motion and proposed order are timely served and filed, and such objection(s) are not withdrawn or otherwise resolved before the Presentment Date, the Bankruptcy Court will schedule a hearing on notice to the appropriate parties.

Dated: May 30, 2018
      Garden City, New York         CULLEN AND DYKMAN LLP


By:   */s/ Elizabeth M. Aboulafia*
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.
Travis Powers, Esq.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

*Counsel to Navillus Tile, Inc. dba Navillus Contracting*

Presentment Date and Time: June 18, 2018 at 10:00 a.m.
Objection Deadline: June 14, 2018 at 4:00 p.m.

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.
Travis Powers, Esq.

*Counsel to Navillus Tile, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| NAVILLUS TILE, INC., DBA NAVILLUS CONTRACTING | Case No. 17-13162 (SHL) |
| Debtor. | |

------------------------------------------------------------------x

**MOTION OF NAVILLUS TILE, INC. FOR ENTRY OF AN ORDER AUTHORIZING ENTRY INTO FORM OF VOLUNTARY LETTER OF DEFAULT WITH LIBERTY MUTUAL INSURANCE COMPANY**

Navillus Tile, Inc. d/b/a Navillus Contracting, the above-captioned debtor and debtor-in-possession ("Navillus" or the "Debtor"), by and through its undersigned counsel, Cullen and Dykman LLP, hereby submits this motion (the "Motion"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 4001 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, (a) authorizing Navillus to provide a Voluntary Letter of Default (the "Default Letter"), substantially in the form as set forth in **Exhibit B** attached hereto, to Liberty Mutual Insurance Company ("Liberty"), as described in this Motion, in furtherance of Navillus' desire that Liberty consider executing surety bonds on its behalf on future construction projects, as described in the motion, and (b) granting related relief.

21843.1 569896v1

## INTRODUCTION

1. On November 8, 2017 (the "Petition Date"), Navillus filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2. Navillus has remained in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. An official committee of unsecured creditors (the "Committee") was appointed by the Office of the United States Trustee for the Southern District of New York in this chapter 11 case on November 28, 2017.

4. On the Petition Date, Navillus filed the Affidavit of Donal O'Sullivan pursuant to Local Bankruptcy Rule 1007-2 (the "O'Sullivan Affidavit").  A detailed factual background of Navillus' business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the First Day Affidavit.

## JURISDICTION AND VENUE

5. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief sought herein are Bankruptcy Code sections 105(a) and 363(b), and Bankruptcy Rules 4001 and 6004.

## BACKGROUND

7. Navillus' chapter 11 case was precipitated by an approximately $76 million judgment (the "Judgment") entered on September 22, 2017 against Navillus and other defendants in favor of certain union benefit funds, and the operational impacts arising as a result of the

2

Judgment.  The Judgment is currently subject to appeal to the United States Court of Appeals for the Second Circuit.

8.  Navillus' subsequent chapter 11 filing has had a negative impact on Navillus' ability to obtain significant bonding capacity and successfully bid on the type of large public construction projects that Navillus successfully bid on and performed prior to its chapter 11 filing.  Specifically, Navillus has been unable to bid on construction projects of the magnitude required to ensure that the company has a backlog of work in the years following its eventual successful exit from its chapter 11 proceeding.

9.  As a result, on May 1, 2018, Navillus filed a *Motion of Navillus Tile, Inc. for Entry of an Order Authorizing Entry into Pre-Bidding Agreement*, wherein Navillus requested authority to enter into a Pre-Bidding Agreement (the "Pre-Bidding Agreement") with E. Fitzgerald Co. ("Fitzgerald") in order to allow Navillus and Fitzgerald, as a joint venture (the "Joint Venture"), to submit joint bids for certain large-scale construction projects.  *See* Doc. No. 364.  On May 18, 2018, the Court entered an order approving the motion to enter into the Pre-Bidding Agreement.

10.  In order to bid on large-scale construction projects, the Joint Venture will be required to post performance and payment bonds.  Liberty, Navillus' prepetition surety, has indicated a willingness to consider the execution of such bonds on the Joint Venture's behalf, provided that, among other things, Liberty is granted certain protections authorized by the Court.

11.  Namely, to consider the execution of surety bonds on the Joint Venture's behalf in connection with future construction projects, Liberty requires that Navillus and Fitzgerald provide Liberty with the Default Letter, to be held in escrow by Liberty and to be issued by Liberty to the owner of the project(s) should it become apparent to Liberty, in its discretion, that

3

the Joint Venture is or will be unable to complete the bonded project(s). The Default Letter provides Liberty with a mechanism to mitigate potential losses under its bonds in the event that it becomes apparent to Liberty that the Joint Venture is or will be unable to complete any future project(s) bonded by Liberty, or that it otherwise appears to Liberty that the Joint Venture cannot comply with or satisfy its financial obligations on such projects.

12. Accordingly, by this Motion, Navillus seeks this Court's approval to execute the Default Letter and provide it, executed on the Joint Venture's behalf but otherwise in blank form, to Liberty, for Liberty to complete and use in connection with any and all projects that it may bond in the future on behalf of the Joint Venture. The form of the proposed Default Letter is annexed hereto as Exhibit B.

13. Navillus submits that authorizing it to execute and provide the Default Letter to Liberty as described in this Motion is in the best interest of Navillus' estate and creditor constituencies because it furthers Navillus' ability to bid on major new projects and thereby assists in ensuring that Navillus maintains a consistent portfolio of new construction projects. Executing bonds on behalf of a chapter 11 debtor is a rare instance and, in agreeing to consider executing such bonds as future bidding opportunities arise, Liberty requires certain protections in the event that the Joint Venture is successful in obtaining future construction projects and subsequently becomes unable to perform.

14. Furthermore, the Default Letter provides a "notice period" in which the Committee (or a post-confirmation oversight entity, if any such entity is appointed pursuant to a chapter 11 plan) may seek to challenge Liberty's issuance of the letter between the three (3) business day time period in which Liberty issues the Default Letter and the alleged default

4

becomes effective.  The Committee has consented to the approval of the Default Letter on these terms.

## RELIEF REQUESTED

15.    By this Motion, Navillus seeks entry of the Order: (a) authorizing Navillus to execute the Default Letter and provide it to Liberty, substantially in the form as set forth in **Exhibit B** attached hereto, and (b) granting related relief.

## BASIS FOR RELIEF REQUESTED

**Entry into the Default Letter is an Exercise of Navillus' Sound Business Judgment and Satisfies the Heightened Scrutiny Standard.**

16.    Navillus has "acted on an informed basis, in good faith and in an honest belief that" agreeing to enter into the Default Letter is in its best interest and the best interest of its creditors.  *Official Comm. of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources, Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992).  Thus, Navillus has satisfied the business judgment standard under Bankruptcy Code section 363(b)(1) for entry into transactions outside the ordinary course of business, and courts will "not generally interfere with business decisions absent a showing of 'bad faith, self-interest, or gross negligence.'"  *In re Borders Grp., Inc.*, 453 B.R 477, 482 (Bankr. S.D.N.Y. 2011) (quoting *Integrated Resources*, 147 B.R. at 656); *see also U.S. Bank Trust Nat'l Ass'n v. Am. Airlines, Inc. (In re AMR Corp.)*, 485 B.R. 279, 288 (Bankr. S.D.N.Y. 2013).

17.    Indeed, the business judgment rule's presumption that corporate officers and directors act in a good faith and informed basis in making business decisions generally "shields corporate decision-makers and their decisions from judicial second-guessing when the following elements are present: (1) a business decision, (2) disinterestedness, (3) due care, (4) good faith, and (5) according to some courts and commentators, no abuse of discretion or waste of corporate

5

assets." *Integrated Resources*, 147 B.R. at 656; *see also In re Genco Shipping & Trading Ltd.*, 509 B.R. 455, 464 (Bankr. S.D.N.Y. 2014).

18.     The Default Letter meets this standard for non-ordinary course transactions under the business judgment rule because: (1) Navillus and its officers and directors made a business decision to agree to execute the Default Letter in connection with future bidding opportunities, (2) Navillus and Liberty are disinterested, (3) Navillus acted with due care and good faith, and (4) no corporate assets will be wasted by entry into the Default Letter.

19.     As execution of the Default Letter is a transaction by and among Navillus and Liberty, Navillus submits that it is an arms-length transaction among unrelated entities rather than an insider transaction requiring heightened scrutiny.  However, given that Fitzgerald, an insider of Navillus, is also a signatory to the Default Letter proposed to be executed on behalf of the Joint Venture, Navillus further submits that entry into the Default Letter also satisfies the standard of heightened scrutiny.  *See In re Bidermann Indus., U.S.A.*, 203 B.R. 547, 551 (Bankr. S.D.N.Y. 1997) (noting that insider transactions "are necessarily subjected to heightened scrutiny because they are rife with the possibility of abuse.").

20.     Execution of the Default Letter in connection with future construction projects withstands such heightened scrutiny because enabling the Joint Venture to bid on future projects is in the best interest of Navillus' estate and creditors rather than any controlling shareholder involved in the transaction.  In fact, by signing the Default Letter, Fitzgerald is accepting a condition that may otherwise not have been imposed by Liberty in order to enable Navillus to have the opportunity to bid on substantive construction projects through the Joint Venture notwithstanding its status as a debtor-in-possession.

21.     Accordingly, Navillus submits that its decision to execute the Default Letter and provide it to Liberty, to be issued as described above, if approved by this Court, satisfies any elevated standard of review, to the extent applicable, because the Default Letter is a precondition to execution of bonds by Liberty that may permit the Joint Venture to bid on large scale construction projects.  If awarded, these projects will enable Navillus to generate revenues to fund future business operations and satisfy creditor claims.  Absent this Court's approval of Navillus' execution of the Default Letter as described, Liberty will not execute bonds on behalf of Navillus or the Joint Venture for any project going forward during the pendency of this chapter 11 case and Navillus' estate will be unable to potentially realize the benefits of a successful new contract award.

22.     Navillus therefore submits that execution of the Default Letter as described above is both an exercise of Navillus' sound business judgment pursuant to Bankruptcy Code section 363(b) and withstands heightened scrutiny and, as such, respectfully requests that this Court authorize Navillus to enter into the Default Letter.

## MOTION PRACTICE

23.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and includes a discussion of their application to this Motion.  Accordingly, Navillus submits that this Motion satisfies Local Rule 9013-1(a).

## NOTICE

24.     Notice of this Motion has been given in accordance with the Order Establishing Notice Procedures and a Master Service List.  *See* Doc. No. 83.  Navillus submits that, under the circumstances, no other or further notice is required.

25. No previous application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, Navillus respectfully requests that the Court enter the Order granting the relief requested herein, together with such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
       May 30, 2018

                                    CULLEN AND DYKMAN LLP

                                    By: */s/ Elizabeth M. Aboulafia*
                                    C. Nathan Dee, Esq.
                                    Elizabeth M. Aboulafia, Esq.
                                    Travis Powers, Esq.
                                    100 Quentin Roosevelt Boulevard
                                    Garden City, NY 11530
                                    (516) 357-3700

                                    *Counsel to Navillus Tile, Inc.*

# EXHIBIT A

## Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
In re:                                                            :   Chapter 11
                                                                  :
NAVILLUS TILE, INC., DBA NAVILLUS                                 :   Case No. 17-13162 (SHL)
CONTRACTING                                                       :
                                                                  :
                              Debtor.                             :
                                                                  :
------------------------------------------------------------------x

**ORDER AUTHORIZING ENTRY INTO FORM OF VOLUNTARY LETTER OF
DEFAULT WITH LIBERTY MUTUAL INSURANCE COMPANY**

Upon the motion (the "Motion")[1] of Navillus Tile, Inc., as debtor and debtor in possession (the "Debtor"), for entry of an order (this "Order") pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 4001 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing Navillus to enter into a Voluntary Default Letter (the "Default Letter"), substantially in the form as set forth in **Exhibit B** attached to the Motion, with Liberty Mutual Insurance Company ("Liberty"), and (b) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the relief being requested being in the best interests of Navillus and its estate and creditors; and the Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

21843.1 569896v1

herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Navillus is hereby authorized to enter into the Default Letter with Liberty.

3. Navillus is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2018
      New York, New York

                                                           _____
                                                           HONORABLE SEAN H. LANE
                                                           UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

## **Default Letter**

[JOINT VENTURE LETTERHEAD]

_____ [date to be added by Liberty]

<u>*Via E-mail/Fax*</u>

[addressed to Project Owner]

      Re:    [proper project name/contract number]

To Whom It May Concern:

    This letter is to advise you that [the Joint Venture], the contractor on the above-referenced Contract, is financially unable to perform and/or complete the performance of the work and/or comply with its contractual obligations under the Contract and is therefore in default under the Contract.  [The Joint Venture] therefore hereby irrevocably and voluntarily abandons and terminates the Contract effective immediately.

    A representative of our Surety, Liberty Mutual Insurance Company ("Liberty"), will contact you shortly to discuss the matter.

    This voluntary default shall be effective three (3) business days after the date above, provided that no less than three (3) business days' notice of this letter is given to (a) counsel for Navillus Tile, Inc. and (b)(i), in the event the effective date of a chapter 11 plan ("Plan") has not occurred in the chapter 11 case of Navillus Tile, Inc. (Bankr. S.D.N.Y. Case No. 17-13162) (the "Effective Date"), counsel to the Official Committee of Unsecured Creditors of Navillus Tile, Inc. (the "Committee"), or (ii) in the event the Effective Date has occurred, counsel to the entity tasked with oversight of the Plan, if any, as provided for in the Plan.  In such instance, the Committee or such other oversight entity as provided for in the Plan shall have the right to raise with Liberty, after receipt of the voluntary default, and during the three (3) business day notice period set forth above, any objection to the grounds for the voluntary default and, to the extent such objection is not consensually resolved, to seek bankruptcy court assistance in resolving such objection.

                                          Very truly yours,

                                          [E. Fitzgerald]

                                          _____

                                          By:

        [Navillus]

        _____
        By:

cc:    Mark T. Power, Esq.
        C. Nathan Dee, Esq.
        (via e-mail)

21843.1 569896v1