**Proposed Hearing Date and Time:  August 27, 2018 at TBD**
**Proposed Objection Date and Time: August 24, 2018 at 4:00 p.m.**

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.
Travis Powers, Esq.

*Counsel for Navillus Tile, Inc.,*
*d/b/a Navillus Contracting*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re:                                                                  :    Chapter 11
:
NAVILLUS TILE, INC., DBA NAVILLUS          :    Case No. 17-13162 (SHL)
CONTRACTING                                                  :
:
:
:
------------------------------------------------------------x

## MOTION FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (II) SCHEDULING COMBINED HEARING; (III) ESTABLISHING A VOTING RECORD DATE; (IV) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (V) APPROVING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SOLICITATION LETTER IN SUPPORT OF CONFIRMATION OF THE PLAN; (VI) APPROVING THE  FORM OF BALLOT AND ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN;  (VII) APPROVING THE FORM OF NOTICE TO NON-VOTING CLASSES UNDER THE PLAN; (VIII) APPROVING THE FORM OF NOTICE OF THE COMBINED HEARING; (IX) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN; (X) SETTING RELATED DEADLINES; AND (XI) AUTHORIZING THE FILING OF OMNIBUS ASSUMPTION MOTION

Navillus Tile, Inc., *d/b/a* Navillus Contracting, the above-captioned debtor and debtor-in-

possession ("Navillus" or the "Debtor"), by and through its undersigned counsel, Cullen and

Dykman LLP, hereby submits this motion (the "Motion") pursuant to sections 105(d), 1125,

1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3017,

3018, 3020, 6006 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rules 3017-1, 3018-1, and 3020-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Conditional Approval Order"), (i) conditionally approving the *First Amended Disclosure Statement with Respect to Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (as it may be further amended, modified, and supplemented, the "Disclosure Statement"); (ii) scheduling a combined hearing (the "Combined Hearing") on final approval of the Disclosure Statement and confirmation of the *First Amended Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (as it may be further amended, modified, and supplemented, the "Plan"); (iii) establishing a voting record date (the "Record Date"); (iv) approving solicitation packages and procedures for distribution thereof; (v) approving the form of ballot (the "Ballot"), substantially in the form attached hereto as **Exhibit B**, and establishing procedures for voting on the Plan; (vi) approving the Official Committee of Unsecured Creditors' letter in support of confirmation of the Plan (the "Solicitation Letter"), substantially in the form attached hereto as **Exhibit C**[1]; (vii) approving the form of notice (the "Non-Voting Notice") to non-voting classes under the Plan, substantially in the form attached hereto as **Exhibit D**; (viii) approving the form of notice of the Combined Hearing (the "Combined Hearing Notice"), substantially in the form attached hereto as **Exhibit E**; (ix) establishing notice of objection procedures for final approval of the Disclosure Statement confirmation of the Plan; (x) setting related deadlines in this chapter 11 case; and (xi) authorizing the filing of one or more omnibus motions to assume executory contracts or unexpired leases (each, an "Omnibus Assumption Motion") prior to the date of the Combined Hearing.

---

[1] A copy of the proposed Solicitation Letter will be filed shortly.

**Preliminary Statement**

By this Motion, and pursuant to the authority cited herein, Navillus – with the support of the Committee – seeks entry of the Conditional Approval Order and the approval of various substantive and procedural matters central to expediting the Plan confirmation process and remaining administration of this chapter 11 case.  Navillus believes that it is appropriate under the circumstances presented by this chapter 11 case to employ an expedited confirmation process whereby the Court would conditionally approve the Disclosure Statement, consider final approval of the Disclosure Statement at a Combined Hearing on final approval of the Disclosure Statement and confirmation of the Plan, and allow Navillus to forego, as unnecessary, an expensive, time-consuming two-step process.  In order to proceed in the most cost efficient and effective manner to confirm the Plan while continuing to afford creditors and equity holders due process and broad notice and opportunity to be heard, Navillus respectfully requests that the Court enter the Conditional Approval Order governing the confirmation process for this chapter 11 case.  The following table provides certain proposed dates related to the specific relief requested in the Motion.

| Event | Proposed Date |
|---|---|
| Conditional Disclosure Statement Approval Hearing | August 27, 2018 or as soon thereafter as is convenient for the Court. |
| Voting Record Date: | Date of Entry of the Conditional Approval Order |
| Proposed Service of Solicitation Packages: | Within two (2) business days of entry of the Conditional Approval Order |
| Voting Deadline: | September 27, 2018, at 5:00 p.m. (EST) |
| Plan Confirmation Objection Deadline: | September 27, 2018, at 5:00 p.m. (EST) |

| Voting Certification Deadline: | October 1, 2018 |
|---|---|
| Deadline to Reply to Plan Objections: | October 1, 2018 |
| Final Disclosure Statement Approval Hearing and Plan Confirmation Hearing: | October 4, 2018 at 11 a.m. (EST) |

As demonstrated herein, Navillus submits, among other things, that the facts and circumstances of this case warrant conditional approval of the Disclosure Statement, and that the Disclosure Statement contains adequate information pursuant to Bankruptcy Code section 1125(a). Additionally, Navillus submits that the proposed procedures are fair and appropriate and should be approved. In further support of this Motion, Navillus states as follows:

**Introduction**

1.      On November 8, 2017 (the "Petition Date"), Navillus filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2.      Navillus has remained in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      An official committee of unsecured creditors (the "Committee") was appointed by the Office of the United States Trustee for the Southern District of New York in this chapter 11 case on November 28, 2017.

4.      On the Petition Date, Navillus filed the Affidavit of Donal O'Sullivan pursuant to Local Bankruptcy Rule 1007-2 (the "First Day Affidavit"). A detailed factual background of Navillus' business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the First Day Affidavit.

5.      On May 29, 2018, Navillus filed its original *Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* ("Original Plan")[2] (Dkt. No. 425) and related original *Disclosure Statement with Respect to Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (the "Original Disclosure Statement") (Dkt. No. 426).

6.      The Original Plan and Original Disclosure Statement represented Navillus' opening offer to its creditors prior to a case-wide mediation held by and among Navillus, the Committee, the five union benefit funds that hold an approximately $76 million judgment against Navillus and their related sponsoring unions (together, the "Union Parties," and, together with Navillus and the Committee, the "Mediation Parties") with input from Liberty Mutual Insurance Company ("Liberty"), Navillus' surety, post-petition lender and exit lender.

7.      Following three (3) days of extensive mediation among the Mediation Parties, as well as substantial post-mediation negotiations, Navillus and the Mediation Parties have reached a global settlement, the terms of which are being incorporated into the Plan and Disclosure Statement, both of which will be filed with the Court in the coming days.

8.      The Plan amends and supersedes the Original Plan.  The Disclosure Statement amends and supersedes the Original Disclosure Statement.  As set forth in the motion to shorten notice filed contemporaneously herewith, Navillus requests that the Court conduct a hearing on the conditional approval of the Disclosure Statement on August 27, 2018 or as soon thereafter as is convenient for the Court.

9.      The Plan provides for, among other things, the reorganization of Navillus' business pursuant to chapter 11 of the Bankruptcy Code and the emergence of Reorganized

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Original Plan.

Navillus as a going concern. The Plan will be funded by Cash on hand, the proceeds of exit financing provided by Liberty, and the New Value Contribution provided by Donal O'Sullivan, and it will provide for a one-time Cash distribution to holders of allowed claims and the retention of equity by Navillus' current equity holders in exchange for the payment of the New Value Contribution by Donal O'Sullivan and the additional collateral and personal guaranty provided in support of the exit financing to be provided by Liberty.

### Jurisdiction

10.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 105(d), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018, 3020, 6006 and 9006, and Local Rules 3017-1, 3018-1, and 3020-1.

### Relief Requested

11.    By this Motion, Navillus seeks entry of the Conditional Approval Order, substantially in the form attached hereto as **Exhibit A**, (i) conditionally approving the Disclosure Statement; (ii) scheduling the Combined Hearing on final approval of the Disclosure Statement and confirmation of the Plan; (iii) establishing the Record Date; (iv) approving solicitation packages and procedures for distribution thereof; (v) approving the form of Ballot, substantially in the form attached hereto as **Exhibit B**, and establishing procedures for voting on the Plan; (vi) approving the Solicitation Letter, substantially in the form attached hereto as **Exhibit C**; (vii) approving the form of Non-Voting Notice, substantially in the form attached hereto as **Exhibit D**; (viii) approving the Combined Hearing Notice, substantially in the form attached hereto as **Exhibit E**; (ix) establishing notice of objection procedures for final approval of the Disclosure

6

Statement and confirmation of the Plan; (x) setting related deadlines in this chapter 11 case; and (xi) authorizing the filing of one or more Omnibus Assumption Motions prior to the Combined Hearing.

12.    Navillus will shortly file its Plan and Disclosure Statement with this Court, the material terms of which have been agreed to by the Committee, the Union Parties and Liberty, representing Navillus' key constituents.  The Disclosure Statement that is the subject of this Motion represents the end product of an extensive and collaborative effort to negotiate a settlement by and among Navillus, the Committee and the Union Parties, with the support of Liberty.  As a result of the case-wide mediation which occurred this summer, the Mediation Parties and Liberty have negotiated a global settlement which will provide for a full and complete resolution of this chapter 11 case and the appeal pending before the Second Circuit Court of Appeals.  Among other things, the global settlement contemplates the filing of a consensual Plan which will provide for distributions in full to holders of allowed administrative expense claims and priority claims, a one-time distribution to the Union Parties in settlement of their cure claims, a one-time cash distribution to holders of general unsecured claims, and a retention of equity by the current owners of Navillus.[3]

13.    Navillus desires to complete its chapter 11 case, emerge expeditiously from chapter 11, and provide distributions to creditors as expediently as possible.  To achieve this goal, Navillus seeks to combine the hearings on the final approval of the Disclosure Statement and confirmation of the Plan.  Navillus submits that this approach will save the estate considerable time and expense and is in the best interest of Navillus, its estate and creditors.

---

[3] The Original Disclosure Statement – which was filed with the Court on May 29, 2018 and has been available to creditors and other parties in interest electronically since that time – contains over seventy-five (75) pages of extensive information concerning the history of Navillus, the events occurring in the chapter 11 case and Navillus' proposed future operations.

## Basis for Relief Requested

I.    **Conditional Approval of the Disclosure Statement, Scheduling the Combined Hearing, and Adequate Information under Bankruptcy Code Section 1125**

   a.    **Conditional Approval of the Disclosure Statement and Scheduling the Combined Hearing**

14.    Although this Motion contemplates that Navillus will seek final approval of the Disclosure Statement at the Combined Hearing, Navillus requests that the Court conditionally approve the Disclosure Statement at this time to enable Navillus to commence with solicitation of votes to accept or reject the Plan, eliminate the need for the scheduling of a separate hearing on approval of the Disclosure Statement, shorten the length of this chapter 11 case, facilitate the confirmation and consummation of the Plan, and materially reduce administrative expenses.

15.    The authority to conditionally approve the Disclosure Statement in a case that is neither a prepackaged case nor a small business debtor is supplied by Bankruptcy Code section 105(d)(2)(B)(vi), which provides, in relevant part, that:

> (d) The court, on its own motion or on the request of a party in interest . . .
>
> (2) unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, may issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that – . . .
>
> (B) in a case under chapter 11 of this title – . . .
>
> (vi) provides that the hearing on approval of the disclosure statement may be consolidated with the hearing on confirmation of the plan.

11 U.S.C. § 105(d)(2)(B)(vi).

16.     Navillus submits that granting the conditional approval of the Disclosure Statement and scheduling the Combined Hearing to consider final approval of the Disclosure Statement together with confirmation of the Plan is warranted in this case to minimize the administrative fees and expenses associated with the Plan approval process.   The Disclosure Statement and Plan are the product of extensive negotiations between the Mediation Parties and Liberty, and therefore already have the support of Navillus' major constituents.   Moreover, the treatment afforded all classes of claims has substantially improved from the terms described in the Original Disclosure Statement.   Finally, conditional approval of the Disclosure Statement and the Combined Hearing will promote judicial economy by streamlining the confirmation process and expedient reorganization of Navillus for the benefit of creditors through prompt distributions and the reduction of administrative expenses of the estate.

### b.  Adequacy of the Disclosure Statement

17.     Navillus submits that conditional approval (and ultimately final approval) of the Disclosure Statement is warranted because the Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.   A disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by impaired creditors entitled to vote on the chapter 11 plan.   *See In re Momentum Mfg. Corp.*, 25 F. 3d 1132, 1136 (2d Cir. 1994); *In re Dakota Rail, Inc.,* 104 B.R. 138, 142 (Bankr. D. Minn. 1989); *In re Copy Crafters Quickprint Inc.,* 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties").

18.     In examining the adequacy of the information contained in a disclosure statement, the Court has broad discretion.  *See Texas Extrusion Corp v. Lockheed Corp.* (*In re Texas Extrusion Corp.*), 844 F.2d 1142, 1157 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988); *see also Dakota Rail*, 104 B.R. at 143 (court has "wide discretion to determine . . . whether a disclosure statement contains adequate information without burdensome, unnecessary and cumbersome detail").

19.     This grant of discretion was intended to facilitate effective reorganization of a debtor in the broad range of businesses in which chapter 11 debtors engage, and the broad range of circumstances that accompany chapter 11 cases.  *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 40809 (1977).  "In reorganization cases, there is frequently great uncertainty.  Therefore, the need for flexibility is greatest."  *Id.* at 409.  Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case.

20.     Courts generally examine whether the disclosure statement contains, if applicable, the following types of information:

a.      the circumstances that gave rise to the filing of the bankruptcy petition;

b.      a complete description of the available assets and their value;

c.      the anticipated future of the debtor;

d.      the source of the information provided in the disclosure statement;

e.      a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

f.      the condition and performance of the debtor while in Chapter 11;

g.      information regarding claims against the estate;

h.      a liquidation analysis setting forth the estimated return creditors
        would receive under Chapter 7;

i.      the accounting and valuation methods used to produce financial
        information in the disclosure statement;

j.      information regarding the future management of the debtor
        including the amount of compensation to be paid to any insiders,
        directors and/or officers of the debtor;

k.      a summary of the plan of reorganization;

l.      an estimate of all administrative expenses, including attorneys'
        fees and accountants' fees;

m.      the collectability of any accounts receivable;

n.      any financial information, valuations or pro forma projections that would
        be relevant to creditors' determinations of whether to accept or reject the
        plan;

o.      information relevant to the risks being taken by the creditors and interest
        holders;

p.      the actual or projected value that can be obtained from avoidable
        transfers;

q.      the existence, likelihood and possible success of non-bankruptcy
        litigation;

r.      the tax consequences of the plan; and

s.      the relationship of the debtor with its affiliates.

*See, e.g.*, *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988).

21.    Navillus submits that the Disclosure Statement contains "adequate information"

within the meaning of section 1125(a)(1) of the Bankruptcy Code sufficient to warrant its

conditional approval.  Specifically, the Disclosure Statement contains the pertinent information

necessary for holders of eligible claims and interests to make an informed decision on whether to

vote to accept or reject the Plan, including, among other things, information concerning (i) the

Plan, including a summary of the classification and treatment of all classes of creditors and equity interests, (ii) the distributions to be made under the Plan on or after its effective date, (iii) estimated recoveries by creditors and equity security holders under the Plan on account of their respective allowed claims and equity interests, (iv) risk factors affecting the Plan, and (v) all releases contemplated under the Plan.   The Disclosure Statement also provides background information on Navillus, the events leadings to the chapter 11 filing, and significant events during the chapter 11 case.

22.     Accordingly, Navillus respectfully submits that the Disclosure Statement should be conditionally approved pursuant to section 105(d) of the Bankruptcy Code.

## II.     Establishing a Voting Record Date

23.     Bankruptcy Rule 3017(d) provides that, for purposes of soliciting votes in connection with the confirmation of a chapter 11 plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court . . ." FED. R. BANKR. P. 3017(d).   Bankruptcy Rule 3018(a) contains a similar provision with respect to determining the record date for voting purposes.

24.     Navillus requests that the Court establish as the Record Date in this case the date on which the Conditional Approval Order is entered by the Court for purposes of determining (i) which eligible holders of Claims and Equity Interests are entitled to vote on the Plan and (ii) which holders of Claims and Equity Interests are entitled to receive other notices described herein.

### III.    Approving Solicitation Packages and Procedures for Distribution

25.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to creditors and equity holders for the purpose of soliciting their votes and providing adequate notice of a hearing on confirmation of a chapter 11 plan.  FED. R. BANKR. P. 3017(d).

#### a.    Voting Classes

26.    In accordance with Bankruptcy Rule 3017(d), after the Court has conditionally approved the Disclosure Statement, Navillus, through its voting agent, Garden City Group, LLC (the "Voting Agent"), will transmit by first class mail to holders of Claims in Class 4 (Union Parties Cure Claims) and Class 5 (General Unsecured Trade Claims) (collectively, the "Voting Classes") a solicitation package (the "Solicitation Package")[4] containing: (i) a copy of the Conditional Approval Order (without exhibits); (ii) the Combined Hearing Notice; (iii) the Disclosure Statement (with the Plan annexed thereto); (iv) the Solicitation Letter; and (v) form of Ballot and pre-addressed return envelope.  Navillus submits that such materials and manner of service satisfy the requirements of Bankruptcy Rule 3017(d).

#### b.    Non-Voting Classes

27.    Pursuant to section 1126(f) of the Bankruptcy Code, unimpaired creditors are "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required."  11 U.S.C. § 1126(f).  Accordingly, Navillus proposes that it not be required to transmit a Solicitation Package to holders of Administrative Claims, Professional Fee Claims, the Liberty DIP Loan Claim and Priority Tax Claims, which are unclassified Claims, or to holders of claims and equity interests in Class 1 (Article 3A Claims), Class 2 (Other

---

[4] Navillus requests that this Court authorize Navillus to make non-substantive changes to the Disclosure Statement, Plan, Ballots, the Combined Hearing Notice, and any other notice related to the Plan or Disclosure Statement and all exhibits and appendices to any of the foregoing without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to their distribution.

Secured Claims), Class 3 (Other Priority Claims), and Class 6 (Equity Interests) who are unimpaired, and, therefore, are deemed to have accepted the Plan.

28.    Navillus, through the Voting Agent, proposes to transmit, or cause to be transmitted by first class mail to each of the holders in Claims or Equity Interests in Classes 1, 2, 3, and 6 (collectively, the "Non-Voting Parties"): (i) the Combined Hearing Notice; and (ii) a Non-Voting Notice, substantially in the form annexed hereto as **Exhibit D**, which sets forth the manner in which a copy of the Plan and Disclosure Statement may be obtained.

29.    Navillus, through the Voting Agent, proposes to transmit, or cause to be transmitted by first class mail, the Solicitation Packages and the notices proposed to be sent to Non-Voting Parties within two (2) business days of entry of the Conditional Approval Order (the "Solicitation Deadline").

30.    Navillus anticipates that some notices may be returned by the United States Postal Service as undeliverable.  Navillus believes that it would be costly and wasteful to mail such notices to the same addresses to which previous notices have been returned as undeliverable. Therefore, Navillus seeks the Court's approval for a departure from the strict notice rule, excusing Navillus from mailing such notices to those entities listed at such addresses unless Navillus is provided with accurate addresses for such entities prior to twenty (20) days before the Combined Hearing.

31.    Navillus submits that it has shown good cause for implementing the proposed notice and service procedures, which substantially comply with the time periods provided by Bankruptcy Rule 2002 and the applicable Local Rules, and request that the Court approve such notice as adequate.  Navillus anticipates that service will largely, if not entirely, comply with the time periods provided in the Bankruptcy Rules and Local Rules.   Copies of the proposed

Disclosure Statement and the Plan will also remain on file with the Office of the Clerk of the Bankruptcy Court and be viewable through access to the PACER and ECF systems, as well as be accessed free of charge by the website being maintained by the Voting Agent at http://www.choosegcg.com/cases-info/nvs/.  Additionally, the Disclosure Statement and Plan can be obtained by any interested party on written request or email to Navillus' counsel at the following address:  Cullen and Dykman LLP, 100 Quentin Roosevelt Blvd., Garden City, NY 11530, (516) 357-3700, Attn: Elizabeth M, Aboulafia, Esq., eaboulafia@cullenanddykman.com.

32.    No interested party will be prejudiced by the proposed notice procedures.  All holders of claims in the Voting Classes will receive copies of the Disclosure Statement and Plan, and Navillus believes that the solicitation period proposed in this Motion provides holders of claims in the Voting Classes with ample time to make an informed decision to accept or reject the Plan.  As discussed above, the Plan represents the culmination of extensive negotiations by and among Navillus, the Committee and the Union Parties, and the Committee has been provided with drafts of the Plan, Disclosure Statement, and this Motion.  Accordingly, Navillus submits that the solicitation period is sufficient under the circumstances and should be approved.

**IV.    Approving the Committee's Solicitation Letter in Support of Confirmation of the Plan**

33.    Section 105(a) of the Bankruptcy Code provides the Bankruptcy Court with broad authority and discretion to enforce the provisions of the Bankruptcy Code. Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  The broad scope of the Bankruptcy Court's equitable powers is supported by ample authority.  *See In re American Family Enters*., 256 B.R. 377, 405 (D.N.J. 2000); *In re Allegheny Int'l, Inc.,* 118 B.R. 282, 302 (Bankr. W.D. Pa. 1990). Under the powers granted to the Court under section 105 of the Bankruptcy Code, Navillus

respectfully requests the Court approve the Committee's Solicitation Letter as it will serve the useful purpose of briefly informing the creditors entitled to vote on the Plan the reasons why confirmation of the Plan is in their best interests.

## V.    Approving Form of Ballot and Establishing Procedures for Voting on the Plan

### a.    Approval of Form of Ballot and Distribution Thereof

34.    Bankruptcy Rule 3017(d) requires Navillus to mail a form of Ballot, which substantially conforms to Official Form No. B314, only to "creditors and interest holders entitled to vote on the plan." FED. R. BANKR. P. 3017(d). Navillus proposes to distribute Ballots to holders of Claims in the Voting Classes. The proposed form of Ballot is substantially in the form annexed hereto as **Exhibit B** and is based on Official Form No. B314, but has been modified to address the particular aspects of this chapter 11 case and to include certain additional information relevant to the holders of Claims in the Voting Classes.

### b.    Establishing a Voting Deadline for Receipt of Ballots

35.    Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the Court shall fix a time within which the holders of claims or equity interests may accept or reject a plan. FED. R. BANKR. P. 3017(c). As stated, Navillus anticipates commencing the solicitation of votes to accept or reject the Plan by the Solicitation Deadline. Based on such schedule, Navillus proposes that, to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to the Voting Agent by: (i) first class mail, in the return envelope provided; (ii) overnight courier; or (iii) personal delivery so that it is actually **received** by the Voting Agent no later than **September 27, 2018 at 5:00 p.m. (EST)** (the "Voting Deadline"). Navillus submits that this solicitation period provides sufficient time for parties entitled to vote can make an informed decision to accept or reject the Plan.

### c. Approval of Procedures for Vote Tabulation

36.     Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been
> accepted by creditors, other than any entity designated under
> subsection (e) of this section, that hold at least two-thirds in
> amount and more than one-half in number of the allowed claims of
> such class held by creditors, other than any entity designated under
> section (e) of this section, that have accepted or rejected such plan.

11 U.S.C. §1126(c).

37.     Further, Bankruptcy Rule 3018(a) provides that the "court after notice and a

hearing may temporarily allow the claim or interest in an amount which the court deems proper

for the purpose of accepting or rejecting a plan." FED R. BANKR. P. 3018(a).

### i. *Voting Procedures*

38.     For purposes of voting on the Plan, with respect to all creditors, Navillus proposes

that the amount of a claim used to tabulate acceptances or rejections of the Plan should be

determined in accordance with the following procedures, as set forth in Section VIII.B of the

Disclosure Statement, without prejudice to the rights of Navillus or the applicable creditors in

any other context:

(a)     Disputed Filed Claims.  With regard to a Claim that is the subject of an
objection filed at least twenty-five (25) days prior to the Voting Deadline, such
Claim will be Disallowed provisionally for voting purposes, except to the extent
and in the manner that (i) Navillus agrees that the Claim should be allowed for
voting purposes in its objection to such Claim; or (ii) such Claim is allowed
temporarily for voting purposes in accordance with Bankruptcy Rule 3018
pursuant to a motion filed at least twenty (20) days prior to the Voting Deadline.

(b)     Claims Estimated for Voting Purposes.  With respect to a Claim that has
been estimated or otherwise allowed for voting purposes by order of the
Bankruptcy Court, the amount and classification of such Claim will be that set by
the Court.

(c)     Wholly Unliquidated Claims.  A Claim filed as wholly unliquidated,
contingent and/or undetermined will be accorded one vote, valued at one dollar,

17

for the purposes of section 1126(c) of the Bankruptcy Code, unless the Claim is disputed as set forth in (a) above.

(d)    <u>Late Claims</u>.  With respect to a Claim as to which a Proof of Claim has not been timely filed (i.e., was filed after the Bar Date), the voting amount of such Claim (subject to any applicable limitations set forth below) will be equal to the amount listed, if any, in respect of such Claim in the Schedules, to the extent such Claim is not listed as Contingent, unliquidated, or Disputed, unless the Claim is disputed as set forth in (a) above.  If such Claim is either not listed in the Schedules, or is listed as Contingent, unliquidated or Disputed, then the Claim respecting such Proof of Claim will be Disallowed provisionally for voting purposes.

(e)    <u>Duplicate Claim</u>.  A creditor will not be entitled to vote its Claim to the extent such Claim duplicates or has been superseded by another Claim of such creditor.

(f)    <u>Undisputed Scheduled Claims</u>.  With respect to a Claim that appears on the Schedules as undisputed, noncontingent and liquidated, and as to which no objection has been filed at least twenty-five (25) days prior to the Voting Deadline, the amount and classification of such Claim shall be that specified in the Schedules unless superseded by an undisputed Proof of Claim.

(g)    <u>Bankruptcy Court Determined Claims</u>.  With respect to a Claim for which an order has been entered reducing, reclassifying or allowing, the amount and classification of the Claim shall be that specified in such order.

39.    In addition, Navillus proposes that the following voting procedures and standard assumptions apply for purposes of tabulating Ballots, as set forth in Section VIII.B of the Disclosure Statement:

(a)    For the purpose of voting on the Plan, the Voting Agent will be deemed to be in constructive receipt of any Ballot timely delivered to the address designated for the receipt of Ballots cast on the Plan;

(b)    Any Ballot received by the Voting Agent after the Voting Deadline shall not be counted;

(c)    Pursuant to Bankruptcy Rule 3018(a), whenever a holder of a Claim submits more than one Ballot voting the same Claim prior to the Voting Deadline, the last such Ballot sent and received shall count unless such holder has sufficient cause within the meaning of Bankruptcy Rule 3018(a) to submit, or Navillus consents to the submission of, a superseding Ballot;

(d)    The Ballot shall be deemed filed in the amount of a filed Claim, and if no Claim has been filed, in the amount of the Claim as specified in the Schedules, as long as the Claim is listed in the Schedules as undisputed, non-contingent or liquidated; otherwise, the Ballot shall not be counted;

(e)    If a holder of a Claim casts simultaneous duplicative Ballots voted inconsistently, then such Ballots shall not be counted;

(f)    The authority of the signatory of each Ballot to complete and execute the Ballot shall be presumed;

(g)    Any Ballot that is not signed shall not be counted;

(h)    Any Ballot received timely by the Voting Agent by electronic communication (i.e. email) or facsimile will not be counted;

(i)    A holder of a Claim must vote all of its Claims within a particular Class under the Plan either to accept or reject the Plan and may not split its vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan, or that indicates both a vote for and against the Plan, will not be counted;

(j)    Any Ballot that is timely received and executed but does not indicate whether the holder of the relevant Claim is voting for or against the Plan shall not be counted;

(k)    Navillus may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; provided, however, that any such waivers shall be documented in the Voting Certification filed by the Voting Agent with the Court; and

(l)    No person, including Navillus and the Voting Agent, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

40.    Navillus believes that the foregoing proposed procedures provide a fair and equitable voting process.

41.    Navillus additionally requests that any party seeking to temporarily allow a claim for purposes of voting to accept or reject the Plan be required to file a motion pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing its Claim for purposes of voting to accept or reject the Plan at least twenty (20) days prior to the Voting Deadline.  Navillus further

proposes, in accordance with Bankruptcy Rule 3018, that as to any creditor filing such a motion, such creditor's Ballot should not be counted unless allowed by the Court for voting purposes, after notice and a hearing, pursuant to an order entered at least six (6) days prior to the Voting Deadline or as otherwise directed by the Court.

### ii. *Vote Certification*

42.    On or before **October 1, 2018**, the Voting Agent shall certify in writing (the "Voting Certification") the amount and number of Allowed Claims in the Voting Classes that vote to accept or reject the Plan, and shall file the Voting Certification via ECF and serve the Voting Certification upon: (i) the Court; (ii) the U.S. Trustee; and (iii) counsel to the Committee. Navillus submits, although that such procedures provide brief shortening of the time period for filing a voting certification under Local Rule 3018-1(a), the proposed procedures nonetheless provide for a fair and equitable voting process and should be approved by the Court.

## VI.    Establishing Notice and Objection Procedures for the Combined Hearing

### a.    Setting the Combined Hearing

43.    Pursuant to Bankruptcy Rule 3017(c), at the time of or before the approval of the Disclosure Statement, "the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." FED. R. BANKR. P. 3017(c).  In accordance with Bankruptcy Rules 2002(b) and 3017(c) and in view of Navillus' proposed solicitation schedule outlined in this Motion, Navillus requests that the Combined Hearing be scheduled on **October 4, 2018, at 11:00 a.m. (EST)** or as soon as practicable thereafter at the Court's convenience.

44.    The Combined Hearing may be continued from time to time without further notice, except for adjournments announced in open Court or as indicated in any notice of agenda

of matters scheduled for hearing filed with the Court.  The proposed date for the Combined

Hearing enables Navillus to pursue final approval of the Disclosure Statement and confirmation

of the Plan pursuant to an appropriate timetable that will promote judicial economy and the

expedient reorganization of Navillus' estate to the benefit of all creditors and parties in interest.

### b. Establishing Procedures for Notice of the Combined Hearing

45.    Bankruptcy Rules 2002(b) and (d) require not less than twenty-eight (28) days'

notice of the time fixed for filing objections and the hearing to consider confirmation of a chapter

11 plan.  In accordance with Bankruptcy Rules 2002 and 3017(d), Navillus proposes to provide

all known holders of Claims and Equity Interests, as of the Record Date, simultaneously with the

distribution of the Solicitation Packages to those entities entitled thereto, the Combined Hearing

Notice, substantially in the form annexed hereto as **Exhibit E**, which provides: (i) the Voting

Deadline for the submission of Ballots to accept or reject the Plan; (ii) the deadline for filing

objections to confirmation of the Plan; and (iii) the time, date and place of the Combined

Hearing.

46.    Navillus submits that under the circumstances of this case, notice by publication

is not required under Bankruptcy Rule 2002(l).  Navillus further submits that the foregoing

procedures will provide adequate notice of the Combined Hearing and all related matters and,

accordingly, request that the Court deem such notice adequate and proper.

### c. Establishing Procedures for Objections to the Adequacy of the Disclosure Statement and Confirmation of the Plan

47.    Bankruptcy Rule 2002(b) requires that all creditors be given at least twenty-eight

days' notice by mail of the time fixed for filing objections to approval of a disclosure statement

or confirmation of a plan.  Additionally, Bankruptcy Rule 3017(a) provides similar notice

requirements with respect to the filing of a disclosure statement.  Pursuant to Bankruptcy Rule

3020(b)(1), objections to confirmation of a plan must be filed "within a time fixed by the court." FED. R. BANKR. P. 3020(b)(1).  Local Rule 3020-1(a) requires that objections to confirmation of a plan be filed no later than seven (7) days before the Combined Hearing.

48.    The Combined Hearing Notice provides, and Navillus requests, that any objections to the adequacy of the Disclosure Statement or to confirmation of the Plan (a) be in writing; (b) state with particularity the grounds therefore and include, when possible, proposed language for amending the Plan or Disclosure Statement to resolve such objection; (c) conform to the Bankruptcy Rules and the Local Rules; (d) be filed electronically with the Bankruptcy Court; and (e) be served in accordance with General Order M-399 so as to be **received** no later than **5:00 p.m. (EST) on September 27, 2018** on the following parties: (i) counsel to Navillus, Cullen and Dykman LLP, Attn: C. Nathan Dee, Esq. and Elizabeth M. Aboulafia, Esq., 100 Quentin Roosevelt Blvd., Garden City, New York 11530; (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Paul Schwartzberg, Esq.; and (iii) the attorneys for the Committee, Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022, Attn: Mark T. Power, Esq.

49.    Navillus further requests that the Court set **October 1, 2018** as the deadline for filing and service of replies or an omnibus reply to any objections to confirmation of the Plan.

50.    Navillus submits that the proposed timing for service of objections and replies, if any, will afford the Court and Navillus sufficient time to consider any objections before the Combined Hearing.  Accordingly, Navillus requests that the Court approve the schedule set forth herein pursuant to Bankruptcy Rule 3020 and Local Rule 3020-1(a).

#### d. Establishing Procedures for Direct Testimony by Proffer

51.     To obtain confirmation of the Plan, Navillus will be required to demonstrate that the Plan satisfies the applicable provisions of section 1129 of the Bankruptcy Code.  In order to enable Navillus to satisfy the evidentiary burden of proof required in connection with confirmation of the Plan without the need for a time-consuming question-and-answer process, and pursuant the Chambers' Rules of this Court, Navillus requests the Court's approval to submit written direct testimony by proffer in lieu of direct examination.  Navillus submits that the proposed proffer will provide for a more streamlined process at the Combined Hearing without prejudice to the Court or any party in interest, as the witness whose testimony is to be proffered will be present at the Combined Hearing and available for cross-examination, if needed.

### VII.    Authorizing the Filing of Omnibus Assumption Motions

52.     Bankruptcy Rule 6006(e) provides that a debtor cannot "seek authority to assume or assign multiple executory contracts or unexpired leases in one motion unless . . . the court otherwise authorizes the motion to be filed."  FED. R. BANKR. P. 6006(e).  Navillus' schedules list over one hundred eighty (180) executory contracts and unexpired leases as of the Petition Date, and the Plan provides for the assumption of numerous executory contracts and unexpired leases and the filing of an "assumption and cure schedule" to provide notice to contract and lease counterparties of the amounts, if any, proposed to be paid to cure any defaults.

53.     Given that Navillus is pursuing confirmation on an expedited timeframe, it seeks authority to file one or more Omnibus Assumption Motions in an effort to afford additional time to address any issues that may arise out of the proposed assumption and cure of certain executory contracts as soon as possible and prior to the date of the Combined Hearing.  To that end, Navillus seeks authority to file one or more Omnibus Assumption Motions prior to the date of

the Combined Hearing in accordance with the omnibus motion procedures set forth in Bankruptcy Rule 6006(f). Navillus submits that filing the Omnibus Assumption Motion(s) as soon as practicable will afford affected parties additional time to work through the assumption process while also avoiding any undue delay in obtaining confirmation of the Plan.

### Notice

54.    Notice of this Motion has been given to the parties entitled to notice under this Court's *Order Establishing Notice Procedures and a Master Service List*. Navillus submits that, under the circumstances, no other or further notice is required.

### No Prior Request

55.    No prior motion for the relief requested herein has been made to this or any other Court.

### Conclusion

56.    Based upon the foregoing, under the authority of sections 105(d), 1125, 1126, and 1128 of chapter 11 of title 11 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018, 3020, 6006 and 9006, and Local Rules 3017-1, 3018-1, and 3020-1, Navillus respectfully requests that this Court grant the relief requested herein.

WHEREFORE, Navillus respectfully requests that this Court enter the Conditional Approval Order, substantially in the form attached hereto as **Exhibit A**, (i) conditionally approving the Disclosure Statement; (ii) scheduling the Combined Hearing on final approval of the Disclosure Statement and confirmation of the Plan; (iii) establishing the Record Date; (iv) approving Solicitation Packages and procedures for distribution thereof; (v) approving the form of Ballot and establishing procedures for voting on the Plan; (vi) approving the Solicitation Letter; (vii) approving the form of Non-Voting Notice to non-voting classes under the Plan; (viii) approving

the Combined Hearing Notice; (ix) establishing notice of objection procedures for final approval

of the Disclosure Statement confirmation of the Plan; (x) setting related deadlines in this chapter

11 case; (xi) authorizing the filing of one or more Omnibus Assumption Motions and (xii)

granting such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
        August 20, 2018

                                        CULLEN AND DYKMAN LLP


                                        By: *s/  Elizabeth M. Aboulafia*
                                        C. Nathan Dee, Esq.
                                        Elizabeth M. Aboulafia, Esq.
                                        Travis Powers, Esq.
                                        100 Quentin Roosevelt Boulevard
                                        Garden City, NY  11530
                                        (516) 357-3700

                                        *Counsel for Navillus Tile, Inc.,*
                                        *d/b/a Navillus Contracting*

## EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                          :

In re:                        :   Chapter 11
                          :

NAVILLUS TILE, INC., DBA NAVILLUS  :   Case No. 17-13162 (SHL)
CONTRACTING                 :
                          :
                          :
---------------------------------------------------------------x

**ORDER (I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (II)
SCHEDULING COMBINED HEARING; (III) ESTABLISHING A VOTING RECORD
DATE; (IV) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR
DISTRIBUTION THEREOF; (V) APPROVING THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS' SOLICITATION LETTER IN SUPPORT OF
CONFIRMATION OF THE PLAN; (VI) APPROVING THE  FORM OF BALLOT
AND ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN;  (VII)
APPROVING THE FORM OF NOTICE TO NON-VOTING CLASSES UNDER THE
PLAN; (VIII) APPROVING THE FORM OF NOTICE OF THE COMBINED
HEARING; (IX) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR
CONFIRMATION OF THE PLAN; (X) SETTING RELATED DEADLINES; AND
<u>(XI) AUTHORIZING THE FILING OF OMNIBUS ASSUMPTION MOTION</u>**

Upon the motion (the "Motion")[1] of Navillus Tile, Inc., *d/b/a* Navillus Contracting, the

above-captioned debtor and debtor-in-possession ("Navillus" or the "Debtor"), by and through

its attorneys, Cullen and Dykman LLP, pursuant to sections 105(d), 1125, 1126, and 1128 of

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3017,

3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

and Rules 3017-1, 3018-1, and 3020-1 of the Local Rules of the United States Bankruptcy Court

for the Southern District of New York (the "Local Rules"), seeking entry of an order (i)

conditionally approving the *First Amended Disclosure Statement with Respect to Chapter 11 Plan*

*of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the*

*Bankruptcy Code* (the "Disclosure Statement"); (ii) scheduling a combined hearing (the "Combined

Hearing") on final approval of the Disclosure Statement and confirmation of the *First Amended*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (the "Plan"); (iii) establishing a voting record date (the "Record Date"); (iv) approving solicitation packages and procedures for distribution thereof; (v) approving the form of ballot (the "Ballot") and establishing procedures for voting on the Plan; (vi) approving the Official Committee of Unsecured Creditors' letter in support of confirmation of the Plan (the "Solicitation Letter"); (vii) approving the form of notice (the "Non-Voting Notice") to non-voting classes under the Plan; (viii) approving the form of notice of the Combined Hearing (the "Combined Hearing Notice"); (ix) establishing notice of objection procedures for final approval of the Disclosure Statement and confirmation of the Plan; (x) setting related deadlines in this chapter 11 case; and (xi) authorizing the filing of one or more omnibus motions to assume executory contracts or unexpired leases (each, an "Omnibus Assumption Motion") prior to the date of the Combined Hearing; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED on to the extent set forth herein.

2.    The Disclosure Statement filed by Navillus is hereby conditionally approved pursuant to section 105(d) of the Bankruptcy Code.

2

3.      The proposed form of Ballot, substantially in the form attached hereto as **Exhibit A**, is approved to be distributed to holders of Claims in Class 4 (Union Parties Cure Claims) and Class 5 (General Unsecured Trade Claims) (collectively, the "Voting Classes").

4.      The Solicitation Letter, substantially in the form attached hereto as **Exhibit B**, is hereby approved to be included in the Solicitation Packages.

5.      The form of Non-Voting Notice, substantially in the form attached hereto as **Exhibit C**, is approved to be distributed to the holders in Claims or Equity Interests in Class 1 (Article 3A Claims), Class 2 (Other Secured Claims), Class 3 (Other Priority Claims), and Class 6 (Equity Interests) (collectively, the "Non-Voting Parties").

6.      The Notice of Combined Hearing (the "Combined Hearing Notice"), substantially in the form attached hereto as **Exhibit D**, is hereby approved.

7.      Within two (2) business days of entry of this Order, Navillus' voting agent, Garden City Group, LLC (the "Voting Agent") shall transmit, or cause to be transmitted, by first class mail to holders of Claims in the Voting Classes a solicitation package (the "Solicitation Package") containing: (i) a copy of this Order (without exhibits); (ii) the Combined Hearing Notice; (iii) the Disclosure Statement (with the Plan annexed thereto); (iv) the Solicitation Letter; and (v) form of Ballot and pre-addressed return envelope.

8.      Navillus shall be authorized to make non-substantive changes to the Disclosure Statement, Plan, Ballots, the Combined Hearing Notice, and any other notice related to the Plan or Disclosure Statement and all exhibits and appendices to any of the foregoing without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to their distribution.

9.      Within two (2) business days of entry of this Order, the Voting Agent shall transmit, or cause to be transmitted, by first class mail to each of the Non-Voting Parties: (i) the Combined Hearing Notice; and (ii) the Non-Voting Notice.

10.     To be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to the Voting Agent by: (i) first class mail, in the return envelope provided; (ii) overnight courier; or (iii) personal delivery so that it is actually **received** by the Voting Agent no later than **September 27, 2018 at 5:00 p.m. (EST)** (the "Voting Deadline").

---

**If sent in the envelope provided or by overnight courier or personal delivery:**

Navillus Tile, Inc.
c/o GCG
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

**If sent via first class mail:**

Navillus Tile, Inc.
c/o GCG
P.O. Box 10446
Dublin, Ohio 43017-4046

---

11.     For purposes of voting on the Plan, with respect to all creditors, the following procedures shall apply to determine the amount of a claim used to tabulate acceptances or rejections of the Plan, as set forth in Section VIII.B of the Disclosure Statement:

(a)     Disputed Filed Claims.  With regard to a Claim that is the subject of an objection filed at least twenty-five (25) days prior to the Voting Deadline, such Claim will be Disallowed provisionally for voting purposes, except to the extent and in the manner that (i) Navillus agrees that the Claim should be allowed for voting purposes in its objection to such Claim; or (ii) such Claim is allowed temporarily for voting purposes in accordance with Bankruptcy Rule 3018 pursuant to a motion filed at least twenty (20) days prior to the Voting Deadline.

4

(b)    <u>Claims Estimated for Voting Purposes.</u>  With respect to a Claim that has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court, the amount and classification of such Claim will be that set by the Court.

(c)    <u>Wholly Unliquidated Claims</u>.  A Claim filed as wholly unliquidated, contingent and/or undetermined will be accorded one vote, valued at one dollar, for the purposes of section 1126(c) of the Bankruptcy Code, unless the Claim is disputed as set forth in (a) above.

(d)    <u>Late Claims</u>.  With respect to a Claim as to which a Proof of Claim has not been timely filed (i.e., was filed after the Bar Date), the voting amount of such Claim (subject to any applicable limitations set forth below) will be equal to the amount listed, if any, in respect of such Claim in the Schedules, to the extent such Claim is not listed as Contingent, unliquidated, or Disputed, unless the Claim is disputed as set forth in (a) above.  If such Claim is either not listed in the Schedules, or is listed as Contingent, unliquidated or Disputed, then the Claim respecting such Proof of Claim will be Disallowed provisionally for voting purposes.

(e)    <u>Duplicate Claim</u>.  A creditor will not be entitled to vote its Claim to the extent such Claim duplicates or has been superseded by another Claim of such creditor.

(f)    <u>Undisputed Scheduled Claims</u>.  With respect to a Claim that appears on the Schedules as undisputed, noncontingent and liquidated, and as to which no objection has been filed at least twenty-five (25) days prior to the Voting Deadline, the amount and classification of such Claim shall be that specified in the Schedules unless superseded by an undisputed Proof of Claim.

(g)    <u>Bankruptcy Court Determined Claims</u>.  With respect to a Claim for which an order has been entered reducing, reclassifying or allowing, the amount and classification of the Claim shall be that specified in such order.

12.    The following voting procedures and standard assumptions shall apply for purposes of tabulating Ballots, as set forth in Section VIII.B of the Disclosure Statement:

(a)    For the purpose of voting on the Plan, the Voting Agent will be deemed to be in constructive receipt of any Ballot timely delivered to the address designated for the receipt of Ballots cast on the Plan;

(b)    Any Ballot received by the Voting Agent after the Voting Deadline shall not be counted;

(c)    Pursuant to Bankruptcy Rule 3018(a), whenever a holder of a Claim submits more than one Ballot voting the same Claim prior to the Voting Deadline, the last such Ballot sent and received shall count unless such holder has sufficient cause within the meaning of Bankruptcy Rule 3018(a) to submit, or Navillus consents to the submission of, a superseding Ballot;

(d)    The Ballot shall be deemed filed in the amount of a filed Claim, and if no Claim has been filed, in the amount of the Claim as specified in the Schedules, as long as the Claim is listed in the Schedules as undisputed, non-contingent or liquidated; otherwise, the Ballot shall not be counted;

(e)    If a holder of a Claim casts simultaneous duplicative Ballots voted inconsistently, then such Ballots shall not be counted;

(f)    The authority of the signatory of each Ballot to complete and execute the Ballot shall be presumed;

(g)    Any Ballot that is not signed shall not be counted;

(h)    Any Ballot received timely by the Voting Agent by electronic communication (i.e. email) or facsimile will not be counted;

(i)    A holder of a Claim must vote all of its Claims within a particular Class under the Plan either to accept or reject the Plan and may not split its vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan, or that indicates both a vote for and against the Plan, will not be counted;

(j)    Any Ballot that is timely received and executed but does not indicate whether the holder of the relevant Claim is voting for or against the Plan shall not be counted;

(k)    Navillus may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; provided, however, that any such waivers shall be documented in the Voting Certification filed by the Voting Agent with the Court; and

(l)    No person, including Navillus and the Voting Agent, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

13.    Any party seeking to temporarily allow a claim for purposes of voting to accept or reject the Plan shall file a motion pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing its Claim for purposes of voting to accept or reject the Plan not less than twenty (20) days before the Voting Deadline.  As to any creditor filing such a motion, such creditor's Ballot

6

should not be counted unless allowed by the Court for voting purposes, after notice and a hearing, pursuant to an order entered at least six (6) days prior to the Voting Deadline or as otherwise directed by the Court.

14.     On or before **October 1, 2018**, the Voting Agent shall certify in writing (the "Voting Certification") the amount and number of Allowed Claims in the Voting Classes that vote to accept or reject the Plan, and shall file the Voting Certification via ECF and serve the Voting Certification upon: (i) the Court; (ii) the U.S. Trustee; and (iii) counsel to the Committee.

15.     The Combined Hearing for final approval of the Disclosure Statement and for confirmation of the Plan shall be held on **October 4, 2018, at 11:00 a.m. (EST)**, or as soon thereafter as counsel may be heard, before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Courtroom 701 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

16.     Any objections to the adequacy of the Disclosure Statement or to confirmation of the Plan shall (a) be in writing; (b) state with particularity the grounds therefore and include, when possible, proposed language for amending the Plan or Disclosure Statement to resolve such objection; (c) be filed electronically with the Clerk of the Bankruptcy Court  with a courtesy copy delivered to Chambers; and (d) be served with a hard copy mailed to (i) counsel to the Navillus, Cullen and Dykman LLP, Attn: C. Nathan Dee, Esq. and Elizabeth M. Aboulafia, Esq., 100 Quentin Roosevelt Blvd., Garden City, New York 11530; (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Paul Schwartzberg, Esq.; and (iii) the attorneys for the Committee, Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022, Attn: Mark T. Power, Esq., so as to be **received** no later than **September 27, 2018 at 5:00 p.m. (EST)**.

17.     The deadline for filing and service of replies or an omnibus reply to any objections to confirmation of the Plan shall be **October 1, 2018**.

18.     Navillus is authorized to submit written direct testimony by proffer in lieu of direct examination in connection with the evidence to be presented at the Combined Hearing.

19.     Navillus is authorized to file one or more Omnibus Assumption Motions in accordance with the procedures set forth in Bankruptcy Rule 6006(f) prior to the date of the Combined Hearing.

20.     With respect to addresses from which notices in this Chapter 11 Case have been returned by the United States Postal Service as undeliverable, Navillus is excused from mailing Solicitation Packages or other notice to entities listed at such addresses unless Navillus is provided with accurate addresses for such entities prior to twenty (20) days before the Combined Hearing.

21.     The procedures set forth in this Order are adequate and proper notice to all parties in interest and no other or further notice need be provided.

22.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2018
        New York, New York

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

**Form of Ballot**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                              :
In re:                          :  Chapter 11
                              :
NAVILLUS TILE, INC., DBA NAVILLUS  :  Case No. 17-13162 (SHL)
CONTRACTING                  :
             Debtor.        :
                              :
------------------------------------------------------------------x

## <u>BALLOT ACCEPTING OR REJECTING CHAPTER 11 PLAN</u>

### CLASS __ - [_____]

      This ballot (the "**Ballot**") is submitted to you to solicit your vote to accept or reject the *First Amended Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as the same may be amended, modified or supplemented from time to time, the "**Plan**") as described in the related *First Amended Disclosure Statement with Respect to Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as the same may be amended, modified or supplemented from time to time, the "**Disclosure Statement**") conditionally approved by order of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Court's conditional approval of the Disclosure Statement does not indicate approval of the Plan by the Court. The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy from the Voting Agent, Garden City Group, LLC, at the address listed below. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek independent legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot that are not otherwise defined have the meanings given to them in the Plan.

      The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by each class of creditors and holders of equity interests which is impaired under the Plan. Each impaired class of creditors may accept the Plan if the holders of at least two-thirds (2/3) in amount and more than one half (1/2) in number of the allowed claims which vote on the Plan vote to accept the Plan, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code (the "**Bankruptcy Code**"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

      To have your vote counted, you must complete, sign, and return this Ballot with original signature to the Voting Agent as follows:

**If sent in the envelope provided
or by overnight courier or personal delivery:**

Navillus Tile, Inc.
c/o GCG
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

**If sent via first class mail:**

Navillus Tile, Inc.
c/o GCG
P.O. Box 10446
Dublin, Ohio 43017-4046

so that it is actually **received** by **5:00 p.m.** Eastern Standard Time on **September 27, 2018**. Any Ballots received after such time shall not be counted.

### PLEASE READ THE PROCEDURES FOR VOTING ON THE PLAN AND COMPLETING THIS BALLOT AS SET FORTH IN SECTION VIII.B OF THE DISCLOSURE STATEMENT.

---

PLEASE COMPLETE ITEMS 1 AND 3 AND, IF YOU CHOOSE NOT TO VOTE, YOU MAY COMPLETE ITEM 2.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1.  Class Vote**.  The undersigned, a holder of a Class _____ Claim in the amount set forth below, votes to (check <u>one</u> box):

☐    **Accept** the Plan                    ☐    **Reject** the Plan

Creditor Name: _____        Claim Amount: $ _____

**Item 2.   Releases**.  **<u>COMPLETE THIS ITEM 2 ONLY IF YOU DID NOT VOTE TO EITHER ACCEPT OR REJECT THE PLAN IN ITEM 1 ABOVE</u>.**  PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE ACCEPTED THE RELEASE PROVISIONS IN SECTION 12.01(c) OF THE PLAN.  YOU ARE ALSO DEEMED TO HAVE ACCEPTED THE RELEASE PROVISIONS OF SECTION 12.01(c) OF THE PLAN IF YOU DO NOT CAST A VOTE WITH RESPECT TO THE PLAN; HOWEVER, IN THIS INSTANCE ONLY, YOU MAY CHECK THE BOX BELOW TO REJECT THE RELEASE PROVISIONS IN THE PLAN.

2

The undersigned, the holder of a Class __ Claim in the amount set forth above, having voted to reject or abstained from voting on the Plan:

☐    Rejects the Release Provision

**Item 3.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Plan, Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant and has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed and timely returned Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

3

## **EXHIBIT C**

**Official Committee of Unsecured Creditors' Solicitation Letter**

## **EXHIBIT D**

**Non-Voting Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------- x
                                                   :
In re:                                             :   Chapter 11
                                                   :
NAVILLUS TILE, INC., DBA NAVILLUS                  :   Case No. 17-13162 (SHL)
CONTRACTING                                        :
                                                   :
                          Debtor.                  :
                                                   :
----------------------------------------------------------------------------- x

<u>**NOTICE OF NON-VOTING STATUS**</u>
**(Classes 1, 2, 3, and 6)**

  **PLEASE TAKE NOTICE THAT** on _____, 2018, the United States Bankruptcy Court for the Southern District of New York conditionally approved the *First Amended Disclosure Statement with Respect to Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (as it may be amended, the "**Disclosure Statement**") filed by Navillus Tile, Inc *d/b/a* Navillus Contracting, the debtor and debtor-in-possession ("**Navillus**" or the "**Debtor**"), for use by the Navillus in soliciting acceptances or rejections of the *First Amended Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (as it may be amended, the "**Plan**").

**TO HOLDERS OF CLAIMS AND EQUITY INTERESTS IN CLASSES 1, 2, 3 AND 6:**

  **UNDER THE TERMS OF THE PLAN, YOUR CLAIMS AGAINST OR EQUITY INTERESTS IN NAVILLUS ARE NOT IMPAIRED AND, THEREFORE, PURSUANT TO SECTION 1126(f) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (I) DEEMED TO HAVE ACCEPTED THE PLAN, AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

  **IF YOU HAVE ANY QUESTIONS, OR WISH TO REQUEST A COPY OF THE PLAN AND DISCLOSURE STATEMENT (AT NO COST TO YOU), CONTACT NAVILLUS' VOTING AGENT, GARDEN CITY GROUP LLC, AT THE CONTACT INFORMATION BELOW.  THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

> **Voting Agent:**
>
> Navillus Tile, Inc.
> c/o GCG
> 5151 Blazer Parkway, Suite A
> Dublin, Ohio 43017
>
> **If sent via first class mail:**
>
> Navillus Tile, Inc.
> c/o GCG
> P.O. Box 10446
> Dublin, Ohio 43017-4046

# EXHIBIT E

**Combined Hearing Notice**

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.
Travis Powers, Esq.

*Counsel for Navillus Tile, Inc.,*
*d/b/a Navillus Contracting*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                                  :
In re:                                                            :  Chapter 11
                                                                  :
NAVILLUS TILE, INC., DBA NAVILLUS                                 :  Case No. 17-13162 (SHL)
CONTRACTING                                                       :
                                                                  :
                                                                  :
                                                                  :
------------------------------------------------------------------x

**NOTICE OF (I) CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT; (II)
ESTABLISHMENT OF RECORD DATE; (III) APPROVAL OF PROCEDURES AND
DEADLINE FOR VOTING ON THE PLAN; AND (IV) HEARING ON FINAL
APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN
AND PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE PLAN**

**PLEASE TAKE NOTICE** that by order dated _____, 2018 (Dkt. No. __) (the
"Conditional Approval Order"), the United States Bankruptcy Court for the Southern District of
New York (the "Bankruptcy Court") conditionally approved the *First Amended Disclosure
Statement with Respect to Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a
Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (as it may be further amended,
modified, and supplemented, the "Disclosure Statement") filed by Navillus Tile, Inc., *d/b/a*
Navillus Contracting, the above-captioned debtor and debtor-in-possession ("Navillus" or the
"Debtor").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Conditional Approval
Order, the Bankruptcy Court approved the procedures for voting on the Plan and authorized
Navillus to solicit votes from those parties entitled to vote with regard to the acceptance or
rejection of the *First Amended Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a
Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (as it may be further amended,
modified, and supplemented, the "Plan"). Among other things, the Bankruptcy Court fixed
**September 27, 2018 at 5:00 p.m. (EST)** as the deadline for actual receipt by Navillus' Voting
Agent, Garden City Group, LLC, of all Ballots cast accepting or rejecting the Plan.

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Combined Hearing") for final approval of the Disclosure Statement and to consider the confirmation of the Plan will be held at **11:00 a.m. (EST) on October 4, 2018,** before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Courtroom 701 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE**, that any responses or objections to the adequacy of the Disclosure Statement or to confirmation of the Plan must (a) be in writing, (b) state with particularity the basis and nature of any response or objection and include, where appropriate, proposed language to be incorporated into the Plan or Disclosure Statement to resolve any such response or objection, (c) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (d) be filed with the Bankruptcy Court electronically in accordance with General Order M-399, and (e) served in accordance with General Order M-399 so as to be actually **received on or before 5:00 p.m. (EST) on September 27, 2018** on the following parties: (i) counsel to Navillus, Cullen and Dykman LLP, Attn: C. Nathan Dee, Esq. and Elizabeth M. Aboulafia, Esq., 100 Quentin Roosevelt Blvd., Garden City, New York 11530; (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Paul Schwartzberg, Esq.; and (iii) the attorneys for the Committee, Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022, Attn: Mark T. Power, Esq.

**PLEASE TAKE FURTHER NOTICE that you need not appear at the Combined Hearing if you do not object to the relief to be requested at the Combined Hearing.**

**PLEASE TAKE FURTHER NOTICE**, that the Combined Hearing may be continued or adjourned from time to time without further notice other than by (i) announcement of the adjournment date in open court at the Combined Hearing, or (ii) as indicated in any notice of agenda of matters scheduled for hearing filed by Navillus with the Bankruptcy Court.

Dated: Garden City, New York
_____, 2018                          CULLEN AND DYKMAN LLP


                                            By: _____
                                            C. Nathan Dee, Esq.
                                            Elizabeth M. Aboulafia, Esq.
                                            Travis Powers, Esq.
                                            100 Quentin Roosevelt Boulevard
                                            Garden City, NY  11530
                                            (516) 357-3700

                                            *Counsel for Navillus Tile, Inc.,*
                                            *d/b/a Navillus Contracting*