CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.

*Counsel to Navillus Tile, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                            :
In re:                                                      :   Chapter 11
                                                            :
NAVILLUS TILE, INC., DBA NAVILLUS          :   Case No. 17-13162 (SHL)
CONTRACTING                                           :
                                                            :
                              Debtor.                       :
                                                            :
---------------------------------------------------------------x

## NOTICE OF FILING OF EXHIBITS

**PLEASE TAKE NOTICE** that on August 20, 2018, Navillus Tile, Inc. d/b/a Navillus

Contracting ("Navillus"), the above-captioned debtor and debtor-in-possession filed the *Motion*

*for Entry of an Order (I) Conditionally Approving Disclosure Statement; (II) Scheduling*

*Combined Hearing; (III) Establishing a Voting Record Date; (IV) Approving Solicitation*

*Packages and Procedures for Distribution Thereof; (V) Approving the Official Committee of*

*Unsecured Creditors' Solicitation Letter in Support of Confirmation of the Plan; (VI) Approving*

*the Form of Ballot and Establishing Procedures for Voting on the Plan; (VII) Approving the*

*Form of Notice to Non-Voting Classes Under the Plan; (VIII) Approving the Form of Notice of*

*the Combined Hearing; (IX) Establishing Notice and Objection Procedures for Confirmation of*

*the Plan; (X) Setting Related Deadlines; and (XI) Authorizing the Filing of Omnibus Assumption*

*Motion*  (the "Motion") [Docket No. 589].

**PLEASE TAKE FURTHER NOTICE** that annexed hereto is a clean version and blackline revised version of the Proposed Order (Exhibit A to the Motion), a clean version and blackline revised version of the Form of Ballot (Exhibit B to the Motion), and the Official Committee of Unsecured Creditors' Solicitation Letter (Exhibit C to the Motion).

Dated: Garden City, New York
      August 24, 2018

CULLEN AND DYKMAN LLP

By: *s/  Elizabeth M. Aboulafia*
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.
100 Quentin Roosevelt Boulevard
Garden City, NY  11530
*Counsel to Navillus Tile, Inc.*

## EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                         :

In re:                                 :    Chapter 11
                                           :

NAVILLUS TILE, INC., DBA NAVILLUS    :    Case No. 17-13162 (SHL)
CONTRACTING                                 :
                                           :
                                           :
-----------------------------------------------------------------x

**ORDER (I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (II) SCHEDULING COMBINED HEARING; (III) ESTABLISHING A VOTING RECORD DATE; (IV) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (V) APPROVING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SOLICITATION LETTER IN SUPPORT OF CONFIRMATION OF THE PLAN; (VI) APPROVING THE  FORM OF BALLOT AND ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN;  (VII) APPROVING THE FORM OF NOTICE TO NON-VOTING CLASSES UNDER THE PLAN; (VIII) APPROVING THE FORM OF NOTICE OF THE COMBINED HEARING; (IX) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN; (X) SETTING RELATED DEADLINES; (XI) AUTHORIZING THE FILING OF OMNIBUS ASSUMPTION MOTION; AND (XII) ALLOWING UNION PARTIES CURE CLAIMS FOR VOTING PURPOSES**

Upon the motion (the "Motion")[1] of Navillus Tile, Inc., *d/b/a* Navillus Contracting, the above-captioned debtor and debtor-in-possession ("Navillus" or the "Debtor"), by and through its attorneys, Cullen and Dykman LLP, pursuant to sections 105(d), 1125, 1126, and 1128 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 3017-1, 3018-1, and 3020-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), seeking entry of an order (i) conditionally approving the *First Amended Disclosure Statement with Respect to Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"); (ii) scheduling a combined hearing (the "Combined

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Hearing") on final approval of the Disclosure Statement and confirmation of the *First Amended Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (the "Plan"); (iii) establishing a voting record date (the "Record Date"); (iv) approving solicitation packages and procedures for distribution thereof; (v) approving the form of ballot (the "Ballot") and establishing procedures for voting on the Plan; (vi) approving the Official Committee of Unsecured Creditors' letter in support of confirmation of the Plan (the "Solicitation Letter"); (vii) approving the form of notice (the "Non-Voting Notice") to non-voting classes under the Plan; (viii) approving the form of notice of the Combined Hearing (the "Combined Hearing Notice"); (ix) establishing notice of objection procedures for final approval of the Disclosure Statement and confirmation of the Plan; (x) setting related deadlines in this chapter 11 case; and (xi) authorizing the filing of one or more omnibus motions to assume executory contracts or unexpired leases (each, an "Omnibus Assumption Motion") prior to the date of the Combined Hearing; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED on to the extent set forth herein.

2

2.       The Disclosure Statement filed by Navillus is hereby conditionally approved pursuant to section 105(d) of the Bankruptcy Code.

3.       The proposed form of Ballot, substantially in the form attached hereto as **Exhibit A**, is approved to be distributed to holders of Claims in Class 4 (Union Parties Cure Claims) and Class 5 (General Unsecured Claims) (collectively, the "Voting Classes").

4.       The Solicitation Letter, substantially in the form attached hereto as **Exhibit B**, is hereby approved to be included in the Solicitation Packages.

5.       The form of Non-Voting Notice, substantially in the form attached hereto as **Exhibit C**, is approved to be distributed to the holders in Claims or Equity Interests in Class 1 (Article 3A Claims), Class 2 (Other Secured Claims), Class 3 (Other Priority Claims), and Class 6 (Equity Interests) (collectively, the "Non-Voting Parties").

6.       The Notice of Combined Hearing (the "Combined Hearing Notice"), substantially in the form attached hereto as **Exhibit D**, is hereby approved.

7.       Within two (2) business days of entry of this Order, Navillus' voting agent, Garden City Group, LLC (the "Voting Agent") shall transmit, or cause to be transmitted, by first class mail to holders of Claims in the Voting Classes a solicitation package (the "Solicitation Package") containing: (i) a copy of this Order (without exhibits); (ii) the Combined Hearing Notice; (iii) the Disclosure Statement (with the Plan annexed thereto); (iv) the Solicitation Letter; and (v) form of Ballot and pre-addressed return envelope.

8.       Navillus shall be authorized to make non-substantive changes to the Disclosure Statement, Plan, Ballots, the Combined Hearing Notice, and any other notice related to the Plan or Disclosure Statement and all exhibits and appendices to any of the foregoing without further order of the Court, including, without limitation, changes to correct typographical and

3

grammatical errors and to make conforming changes among the Disclosure Statement, the Plan

and any other materials in the Solicitation Package prior to their distribution.

9.      Within two (2) business days of entry of this Order, the Voting Agent shall

transmit, or cause to be transmitted, by first class mail to each of the Non-Voting Parties: (i) the

Combined Hearing Notice; and (ii) the Non-Voting Notice.

10.     To be counted as a vote to accept or reject the Plan, each Ballot must be properly

executed, completed, and delivered to the Voting Agent by: (i) first class mail, in the return

envelope provided; (ii) overnight courier; or (iii) personal delivery so that it is actually **received**

by the Voting Agent no later than **September 27, 2018 at 5:00 p.m. (EST)** (the "Voting

Deadline").

> **If sent in the envelope provided or by overnight courier or personal delivery:**
>
> Navillus Tile, Inc.
> c/o GCG
> 5151 Blazer Parkway, Suite A
> Dublin, Ohio 43017
>
> **If sent via first class mail:**
>
> Navillus Tile, Inc.
> c/o GCG
> P.O. Box 10446
> Dublin, Ohio 43017-4046

11.     For purposes of voting on the Plan, with respect to all creditors, the following

procedures shall apply to determine the amount of a claim used to tabulate acceptances or

rejections of the Plan, as set forth in Section VIII.B of the Disclosure Statement:

    (a)      Disputed Filed Claims.  With regard to a Claim that is the subject of an
    objection filed at least twenty-five (25) days prior to the Voting Deadline, such
    Claim will be Disallowed provisionally for voting purposes, except to the extent

and in the manner that (i) Navillus agrees that the Claim should be allowed for voting purposes in its objection to such Claim; or (ii) such Claim is allowed temporarily for voting purposes in accordance with Bankruptcy Rule 3018 pursuant to a motion filed at least twenty (20) days prior to the Voting Deadline.

(b)    Claims Estimated for Voting Purposes.    With respect to a Claim that has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court, the amount and classification of such Claim will be that set by the Court.

(c)    Wholly Unliquidated Claims.    A Claim filed as wholly unliquidated, contingent and/or undetermined will be accorded one vote, valued at one dollar, for the purposes of section 1126(c) of the Bankruptcy Code, unless the Claim is disputed as set forth in (a) above.

(d)    Late Claims.    With respect to a Claim as to which a Proof of Claim has not been timely filed (i.e., was filed after the Bar Date), the voting amount of such Claim (subject to any applicable limitations set forth below) will be equal to the amount listed, if any, in respect of such Claim in the Schedules, to the extent such Claim is not listed as Contingent, unliquidated, or Disputed, unless the Claim is disputed as set forth in (a) above.    If such Claim is either not listed in the Schedules, or is listed as Contingent, unliquidated or Disputed, then the Claim respecting such Proof of Claim will be Disallowed provisionally for voting purposes.

(e)    Duplicate Claim.    A creditor will not be entitled to vote its Claim to the extent such Claim duplicates or has been superseded by another Claim of such creditor.

(f)    Undisputed Scheduled Claims.    With respect to a Claim that appears on the Schedules as undisputed, noncontingent and liquidated, and as to which no objection has been filed at least twenty-five (25) days prior to the Voting Deadline, the amount and classification of such Claim shall be that specified in the Schedules unless superseded by an undisputed Proof of Claim.

(g)    Bankruptcy Court Determined Claims.    With respect to a Claim for which an order has been entered reducing, reclassifying or allowing, the amount and classification of the Claim shall be that specified in such order.

12.    The following voting procedures and standard assumptions shall apply for purposes of tabulating Ballots, as set forth in Section VIII.B of the Disclosure Statement:

5

(a)     For the purpose of voting on the Plan, the Voting Agent will be deemed to be in constructive receipt of any Ballot timely delivered to the address designated for the receipt of Ballots cast on the Plan;

(b)     Any Ballot received by the Voting Agent after the Voting Deadline shall not be counted;

(c)     Pursuant to Bankruptcy Rule 3018(a), whenever a holder of a Claim submits more than one Ballot voting the same Claim prior to the Voting Deadline, the last such Ballot sent and received shall count unless such holder has sufficient cause within the meaning of Bankruptcy Rule 3018(a) to submit, or Navillus consents to the submission of, a superseding Ballot;

(d)     The Ballot shall be deemed filed in the amount of a filed Claim, and if no Claim has been filed, in the amount of the Claim as specified in the Schedules, as long as the Claim is listed in the Schedules as undisputed, non-contingent or liquidated; otherwise, the Ballot shall not be counted;

(e)     If a holder of a Claim casts simultaneous duplicative Ballots voted inconsistently, then such Ballots shall not be counted;

(f)     The authority of the signatory of each Ballot to complete and execute the Ballot shall be presumed;

(g)     Any Ballot that is not signed shall not be counted;

(h)     Any Ballot received timely by the Voting Agent by electronic communication (i.e. email) or facsimile will not be counted;

(i)     A holder of a Claim must vote all of its Claims within a particular Class under the Plan either to accept or reject the Plan and may not split its vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan, or that indicates both a vote for and against the Plan, will not be counted;

(j)     Any Ballot that is timely received and executed but does not indicate whether the holder of the relevant Claim is voting for or against the Plan shall not be counted;

(k)     Navillus may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; provided, however, that any such waivers shall be documented in the Voting Certification filed by the Voting Agent with the Court; and

(l)     No person, including Navillus and the Voting Agent, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

6

13.    The proofs of claim filed by the Union Parties, including without limitation proofs of claim no. 25, 26, 34, 77 and 98 that were subject to *Debtor's First Omnibus Objection Seeking to Disallow and Expunge Claims (Union Wage Claims/Insufficient Documentation)* (Dkt. No. 274) and proofs of claim no. 24, 27, 28, 53 and 126 (amending proof of claim no. 30) that were subject to *Debtor's Fifth Omnibus Objection Seeking to Disallow and Expunge Claims (Incorrect Classification/Insufficient Documentation Union Benefit Claims)* (Dkt. No. 353) are hereby allowed for voting purposes only as general unsecured Class 4 Union Parties Cure Claims under the Plan.

14.    Any party seeking to temporarily allow a claim for purposes of voting to accept or reject the Plan shall file a motion pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing its Claim for purposes of voting to accept or reject the Plan not less than twenty (20) days before the Voting Deadline.  As to any creditor filing such a motion, such creditor's Ballot should not be counted unless allowed by the Court for voting purposes, after notice and a hearing, pursuant to an order entered at least six (6) days prior to the Voting Deadline or as otherwise directed by the Court.

15.    On or before **October 1, 2018**, the Voting Agent shall certify in writing (the "Voting Certification") the amount and number of Allowed Claims in the Voting Classes that vote to accept or reject the Plan, and shall file the Voting Certification via ECF and serve the Voting Certification upon: (i) the Court; (ii) the U.S. Trustee; and (iii) counsel to the Committee.

16.    The Combined Hearing for final approval of the Disclosure Statement and for confirmation of the Plan shall be held on **October 4, 2018, at 11:00 a.m. (EST)**, or as soon thereafter as counsel may be heard, before the Honorable Sean H. Lane, United States Bankruptcy

7

Judge, in Courtroom 701 of the United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, New York, New York 10004.

17.    Any objections to the adequacy of the Disclosure Statement or to confirmation of the

Plan shall (a) be in writing; (b) state with particularity the grounds therefore and include, when

possible, proposed language for amending the Plan or Disclosure Statement to resolve such

objection; (c) be filed electronically with the Clerk of the Bankruptcy Court  with a courtesy copy

delivered to Chambers; and (d) be served with a hard copy mailed to (i) counsel to the Navillus,

Cullen and Dykman LLP, Attn: C. Nathan Dee, Esq. and Elizabeth M. Aboulafia, Esq., 100

Quentin Roosevelt Blvd., Garden City, New York 11530; (ii) the Office of the United States

Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New

York 10014, Attn: Paul Schwartzberg, Esq.; and (iii) the attorneys for the Committee, Hahn &

Hessen LLP, 488 Madison Avenue, New York, New York 10022, Attn: Mark T. Power, Esq., so

as to be **received** no later than **September 27, 2018 at 5:00 p.m. (EST)**.

18.    The deadline for filing and service of replies or an omnibus reply to any

objections to confirmation of the Plan shall be **October 1, 2018**.

19.    Navillus is authorized to submit written direct testimony by proffer in lieu of

direct examination in connection with the evidence to be presented at the Combined Hearing.

20.    Navillus is authorized to file one or more Omnibus Assumption Motions in

accordance with the procedures set forth in Bankruptcy Rule 6006(f) prior to the date of the

Combined Hearing.

21.    With respect to addresses from which notices in this Chapter 11 Case have been

returned by the United States Postal Service as undeliverable, Navillus is excused from mailing

Solicitation Packages or other notice to entities listed at such addresses unless Navillus is

8

provided with accurate addresses for such entities prior to twenty (20) days before the Combined
Hearing.

22.    The procedures set forth in this Order are adequate and proper notice to all parties
in interest and no other or further notice need be provided.

23.    The Court shall retain jurisdiction to hear and determine all matters arising from
or related to this Order.

Dated: _____, 2018
        New York, New York

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                            :

In re:                         :    Chapter 11
                                            :

NAVILLUS TILE, INC., DBA NAVILLUS    :    Case No. 17-13162 (SHL)
CONTRACTING                        :
                                            :
                                            :
------------------------------------------------------------------x

**ORDER (I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (II) SCHEDULING COMBINED HEARING; (III) ESTABLISHING A VOTING RECORD DATE; (IV) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (V) APPROVING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SOLICITATION LETTER IN SUPPORT OF CONFIRMATION OF THE PLAN; (VI) APPROVING THE FORM OF BALLOT AND ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN; (VII) APPROVING THE FORM OF NOTICE TO NON-VOTING CLASSES UNDER THE PLAN; (VIII) APPROVING THE FORM OF NOTICE OF THE COMBINED HEARING; (IX) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN; (X) SETTING RELATED DEADLINES; ~~AND~~ (XI) AUTHORIZING THE FILING OF OMNIBUS ASSUMPTION MOTION; AND (XII) ALLOWING UNION PARTIES CURE CLAIMS FOR VOTING PURPOSES**

Upon the motion (the "Motion")[1] of Navillus Tile, Inc., *d/b/a* Navillus Contracting, the above-captioned debtor and debtor-in-possession ("Navillus" or the "Debtor"), by and through its attorneys, Cullen and Dykman LLP, pursuant to sections 105(d), 1125, 1126, and 1128 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 3017-1, 3018-1, and 3020-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), seeking entry of an order (i) conditionally approving the *First Amended Disclosure Statement with Respect to Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"); (ii) scheduling a combined hearing (the "Combined

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

Hearing") on final approval of the Disclosure Statement and confirmation of the *First Amended Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (the "Plan"); (iii) establishing a voting record date (the "Record Date"); (iv) approving solicitation packages and procedures for distribution thereof; (v) approving the form of ballot (the "Ballot") and establishing procedures for voting on the Plan; (vi) approving the Official Committee of Unsecured Creditors' letter in support of confirmation of the Plan (the "Solicitation Letter"); (vii) approving the form of notice (the "Non-Voting Notice") to non-voting classes under the Plan; (viii) approving the form of notice of the Combined Hearing (the "Combined Hearing Notice"); (ix) establishing notice of objection procedures for final approval of the Disclosure Statement and confirmation of the Plan; (x) setting related deadlines in this chapter 11 case; and (xi) authorizing the filing of one or more omnibus motions to assume executory contracts or unexpired leases (each, an "Omnibus Assumption Motion") prior to the date of the Combined Hearing; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

 IT IS HEREBY ORDERED THAT:

 1. The Motion is GRANTED on to the extent set forth herein.

2

2.       The Disclosure Statement filed by Navillus is hereby conditionally approved pursuant to section 105(d) of the Bankruptcy Code.

3.       The proposed form of Ballot, substantially in the form attached hereto as **Exhibit A**, is approved to be distributed to holders of Claims in Class 4 (Union Parties Cure Claims) and Class 5 (General Unsecured ~~Trade~~ Claims) (collectively, the "Voting Classes").

4.       The Solicitation Letter, substantially in the form attached hereto as **Exhibit B**, is hereby approved to be included in the Solicitation Packages.

5.       The form of Non-Voting Notice, substantially in the form attached hereto as **Exhibit C**, is approved to be distributed to the holders in Claims or Equity Interests in Class 1 (Article 3A Claims), Class 2 (Other Secured Claims), Class 3 (Other Priority Claims), and Class 6 (Equity Interests) (collectively, the "Non-Voting Parties").

6.       The Notice of Combined Hearing (the "Combined Hearing Notice"), substantially in the form attached hereto as **Exhibit D**, is hereby approved.

7.       Within two (2) business days of entry of this Order, Navillus' voting agent, Garden City Group, LLC (the "Voting Agent") shall transmit, or cause to be transmitted, by first class mail to holders of Claims in the Voting Classes a solicitation package (the "Solicitation Package") containing: (i) a copy of this Order (without exhibits); (ii) the Combined Hearing Notice; (iii) the Disclosure Statement (with the Plan annexed thereto); (iv) the Solicitation Letter; and (v) form of Ballot and pre-addressed return envelope.

8.       Navillus shall be authorized to make non-substantive changes to the Disclosure Statement, Plan, Ballots, the Combined Hearing Notice, and any other notice related to the Plan or Disclosure Statement and all exhibits and appendices to any of the foregoing without further order of the Court, including, without limitation, changes to correct typographical and

3

grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to their distribution.

9.      Within two (2) business days of entry of this Order, the Voting Agent shall transmit, or cause to be transmitted, by first class mail to each of the Non-Voting Parties: (i) the Combined Hearing Notice; and (ii) the Non-Voting Notice.

10.     To be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to the Voting Agent by: (i) first class mail, in the return envelope provided; (ii) overnight courier; or (iii) personal delivery so that it is actually **received** by the Voting Agent no later than **September 27, 2018 at 5:00 p.m. (EST)** (the "Voting Deadline").

> **If sent in the envelope provided or by overnight courier or personal delivery:**
>
> Navillus Tile, Inc.
> c/o GCG
> 5151 Blazer Parkway, Suite A
> Dublin, Ohio 43017
>
> **If sent via first class mail:**
>
> Navillus Tile, Inc.
> c/o GCG
> P.O. Box 10446
> Dublin, Ohio 43017-4046

11.     For purposes of voting on the Plan, with respect to all creditors, the following procedures shall apply to determine the amount of a claim used to tabulate acceptances or rejections of the Plan, as set forth in Section VIII.B of the Disclosure Statement:

(a)     Disputed Filed Claims.  With regard to a Claim that is the subject of an objection filed at least twenty-five (25) days prior to the Voting Deadline, such Claim will be Disallowed provisionally for voting purposes, except to the extent

4

and in the manner that (i) Navillus agrees that the Claim should be allowed for voting purposes in its objection to such Claim; or (ii) such Claim is allowed temporarily for voting purposes in accordance with Bankruptcy Rule 3018 pursuant to a motion filed at least twenty (20) days prior to the Voting Deadline.

(b)      Claims Estimated for Voting Purposes.  With respect to a Claim that has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court, the amount and classification of such Claim will be that set by the Court.

(c)      Wholly Unliquidated Claims.  A Claim filed as wholly unliquidated, contingent and/or undetermined will be accorded one vote, valued at one dollar, for the purposes of section 1126(c) of the Bankruptcy Code, unless the Claim is disputed as set forth in (a) above.

(d)      Late Claims.  With respect to a Claim as to which a Proof of Claim has not been timely filed (i.e., was filed after the Bar Date), the voting amount of such Claim (subject to any applicable limitations set forth below) will be equal to the amount listed, if any, in respect of such Claim in the Schedules, to the extent such Claim is not listed as Contingent, unliquidated, or Disputed, unless the Claim is disputed as set forth in (a) above.  If such Claim is either not listed in the Schedules, or is listed as Contingent, unliquidated or Disputed, then the Claim respecting such Proof of Claim will be Disallowed provisionally for voting purposes.

(e)      Duplicate Claim.  A creditor will not be entitled to vote its Claim to the extent such Claim duplicates or has been superseded by another Claim of such creditor.

(f)      Undisputed Scheduled Claims.  With respect to a Claim that appears on the Schedules as undisputed, noncontingent and liquidated, and as to which no objection has been filed at least twenty-five (25) days prior to the Voting Deadline, the amount and classification of such Claim shall be that specified in the Schedules unless superseded by an undisputed Proof of Claim.

(g)      Bankruptcy Court Determined Claims.  With respect to a Claim for which an order has been entered reducing, reclassifying or allowing, the amount and classification of the Claim shall be that specified in such order.

12.    The following voting procedures and standard assumptions shall apply for purposes of tabulating Ballots, as set forth in Section VIII.B of the Disclosure Statement:

5

(a)      For the purpose of voting on the Plan, the Voting Agent will be deemed to be in constructive receipt of any Ballot timely delivered to the address designated for the receipt of Ballots cast on the Plan;

(b)      Any Ballot received by the Voting Agent after the Voting Deadline shall not be counted;

(c)      Pursuant to Bankruptcy Rule 3018(a), whenever a holder of a Claim submits more than one Ballot voting the same Claim prior to the Voting Deadline, the last such Ballot sent and received shall count unless such holder has sufficient cause within the meaning of Bankruptcy Rule 3018(a) to submit, or Navillus consents to the submission of, a superseding Ballot;

(d)      The Ballot shall be deemed filed in the amount of a filed Claim, and if no Claim has been filed, in the amount of the Claim as specified in the Schedules, as long as the Claim is listed in the Schedules as undisputed, non-contingent or liquidated; otherwise, the Ballot shall not be counted;

(e)      If a holder of a Claim casts simultaneous duplicative Ballots voted inconsistently, then such Ballots shall not be counted;

(f)      The authority of the signatory of each Ballot to complete and execute the Ballot shall be presumed;

(g)      Any Ballot that is not signed shall not be counted;

(h)      Any Ballot received timely by the Voting Agent by electronic communication (i.e. email) or facsimile will not be counted;

(i)      A holder of a Claim must vote all of its Claims within a particular Class under the Plan either to accept or reject the Plan and may not split its vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan, or that indicates both a vote for and against the Plan, will not be counted;

(j)      Any Ballot that is timely received and executed but does not indicate whether the holder of the relevant Claim is voting for or against the Plan shall not be counted;

(k)      Navillus may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; provided, however, that any such waivers shall be documented in the Voting Certification filed by the Voting Agent with the Court; and

(l)      No person, including Navillus and the Voting Agent, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

6

13.    The proofs of claim filed by the Union Parties, including without limitation proofs of claim no. 25, 26, 34, 77 and 98 that were subject to *Debtor's First Omnibus Objection Seeking to Disallow and Expunge Claims (Union Wage Claims/Insufficient Documentation)* (Dkt. No. 274) and proofs of claim no. 24, 27, 28, 53 and 126 (amending proof of claim no. 30) that were subject to *Debtor's Fifth Omnibus Objection Seeking to Disallow and Expunge Claims (Incorrect Classification/Insufficient Documentation Union Benefit Claims)* (Dkt. No. 353) are hereby allowed for voting purposes only as general unsecured Class 4 Union Parties Cure Claims under the Plan.

13.14.  Any party seeking to temporarily allow a claim for purposes of voting to accept or reject the Plan shall file a motion pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing its Claim for purposes of voting to accept or reject the Plan not less than twenty (20) days before the Voting Deadline.  As to any creditor filing such a motion, such creditor's Ballot should not be counted unless allowed by the Court for voting purposes, after notice and a hearing, pursuant to an order entered at least six (6) days prior to the Voting Deadline or as otherwise directed by the Court.

14.15.  On or before **October 1, 2018**, the Voting Agent shall certify in writing (the "Voting Certification") the amount and number of Allowed Claims in the Voting Classes that vote to accept or reject the Plan, and shall file the Voting Certification via ECF and serve the Voting Certification upon: (i) the Court; (ii) the U.S. Trustee; and (iii) counsel to the Committee.

15.16.  The Combined Hearing for final approval of the Disclosure Statement and for confirmation of the Plan shall be held on **October 4, 2018, at 11:00 a.m. (EST)**, or as soon thereafter as counsel may be heard, before the Honorable Sean H. Lane, United States Bankruptcy

7

Judge, in Courtroom 701 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

16.17.  Any objections to the adequacy of the Disclosure Statement or to confirmation of the Plan shall (a) be in writing; (b) state with particularity the grounds therefore and include, when possible, proposed language for amending the Plan or Disclosure Statement to resolve such objection; (c) be filed electronically with the Clerk of the Bankruptcy Court  with a courtesy copy delivered to Chambers; and (d) be served with a hard copy mailed to (i) counsel to the Navillus, Cullen and Dykman LLP, Attn: C. Nathan Dee, Esq. and Elizabeth M. Aboulafia, Esq., 100 Quentin Roosevelt Blvd., Garden City, New York 11530; (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Paul Schwartzberg, Esq.; and (iii) the attorneys for the Committee, Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022, Attn: Mark T. Power, Esq., so as to be **received** no later than **September 27, 2018 at 5:00 p.m. (EST)**.

17.18.  The deadline for filing and service of replies or an omnibus reply to any objections to confirmation of the Plan shall be **October 1, 2018**.

18.19.  Navillus is authorized to submit written direct testimony by proffer in lieu of direct examination in connection with the evidence to be presented at the Combined Hearing.

19.20.  Navillus is authorized to file one or more Omnibus Assumption Motions in accordance with the procedures set forth in Bankruptcy Rule 6006(f) prior to the date of the Combined Hearing.

20.21.  With respect to addresses from which notices in this Chapter 11 Case have been returned by the United States Postal Service as undeliverable, Navillus is excused from mailing Solicitation Packages or other notice to entities listed at such addresses unless Navillus is

8

provided with accurate addresses for such entities prior to twenty (20) days before the Combined Hearing.

21.22.  The procedures set forth in this Order are adequate and proper notice to all parties in interest and no other or further notice need be provided.

22.23.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2018
       New York, New York

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

9

**<u>EXHIBIT B</u>**

**Form of Ballot**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                    :
In re:                                              :   Chapter 11
                                                    :
NAVILLUS TILE, INC., DBA NAVILLUS                   :   Case No. 17-13162 (SHL)
CONTRACTING                                         :
                    Debtor.                         :
                                                    :
------------------------------------------------------------x

## BALLOT ACCEPTING OR REJECTING CHAPTER 11 PLAN

### CLASS __ - [_____]

      This ballot (the "**Ballot**") is submitted to you to solicit your vote to accept or reject the *First Amended Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as the same may be amended, modified or supplemented from time to time, the "**Plan**") as described in the related *First Amended Disclosure Statement with Respect to Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as the same may be amended, modified or supplemented from time to time, the "**Disclosure Statement**") conditionally approved by order of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Court's conditional approval of the Disclosure Statement does not indicate approval of the Plan by the Court. The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy from the Voting Agent, Garden City Group, LLC, at the address listed below. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek independent legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot that are not otherwise defined have the meanings given to them in the Plan.

      The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by each class of creditors and holders of equity interests which is impaired under the Plan. Each impaired class of creditors may accept the Plan if the holders of at least two-thirds (2/3) in amount and more than one half (1/2) in number of the allowed claims which vote on the Plan vote to accept the Plan, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code (the "**Bankruptcy Code**"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

      To have your vote counted, you must complete, sign, and return this Ballot with original signature to the Voting Agent as follows:

**If sent in the envelope provided
or by overnight courier or personal delivery:**

Navillus Tile, Inc.
c/o GCG
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

**If sent via first class mail:**

Navillus Tile, Inc.
c/o GCG
P.O. Box 10446
Dublin, Ohio 43017-4046

so that it is actually **received** by **5:00 p.m.** Eastern Standard Time on **September 27, 2018**.  Any Ballots received after such time shall not be counted.

**PLEASE READ THE PROCEDURES FOR VOTING ON THE PLAN AND COMPLETING THIS BALLOT AS SET FORTH IN SECTION VIII.B OF THE DISCLOSURE STATEMENT.**

PLEASE COMPLETE ITEMS 1 AND 2.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Class Vote**.  The undersigned, a holder of a Class _____ Claim in the amount set forth below, votes to (check <u>one</u> box):

☐  **Accept** the Plan                      ☐  **Reject** the Plan

Creditor Name: _____        Claim Amount: $ _____

**Item 2.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Plan, Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant and has the power and authority to vote to accept or reject the Plan on behalf of the claimant.   The undersigned understands that an otherwise properly completed, executed and timely returned Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                         :

In re:                                  :   Chapter 11
                                           :

NAVILLUS TILE, INC., DBA NAVILLUS    :   Case No. 17-13162 (SHL)
CONTRACTING                           :
               Debtor.          :
                                           :
-----------------------------------------------------------------x

## **BALLOT ACCEPTING OR REJECTING CHAPTER 11 PLAN**

### **CLASS __ - [_____]**

        This ballot (the "**Ballot**") is submitted to you to solicit your vote to accept or reject the *First Amended Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as the same may be amended, modified or supplemented from time to time, the "**Plan**") as described in the related *First Amended Disclosure Statement with Respect to Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (including all exhibits thereto and as the same may be amended, modified or supplemented from time to time, the "**Disclosure Statement**") conditionally approved by order of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Court's conditional approval of the Disclosure Statement does not indicate approval of the Plan by the Court. The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy from the Voting Agent, Garden City Group, LLC, at the address listed below. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek independent legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot that are not otherwise defined have the meanings given to them in the Plan.

        The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by each class of creditors and holders of equity interests which is impaired under the Plan. Each impaired class of creditors may accept the Plan if the holders of at least two-thirds (2/3) in amount and more than one half (1/2) in number of the allowed claims which vote on the Plan vote to accept the Plan, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code (the "**Bankruptcy Code**"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

        To have your vote counted, you must complete, sign, and return this Ballot with original signature to the Voting Agent as follows:

**If sent in the envelope provided
or by overnight courier or personal delivery:**

Navillus Tile, Inc.
c/o GCG
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

**If sent via first class mail:**

Navillus Tile, Inc.
c/o GCG
P.O. Box 10446
Dublin, Ohio 43017-4046

so that it is actually **received** by **5:00 p.m.** Eastern Standard Time on **September 27, 2018**.  Any
Ballots received after such time shall not be counted.

**PLEASE READ THE PROCEDURES FOR VOTING ON THE PLAN AND
COMPLETING THIS BALLOT AS SET FORTH IN SECTION VIII.B OF THE
DISCLOSURE STATEMENT.**

> PLEASE COMPLETE ITEMS 1 AND ~~3 AND, IF YOU CHOOSE NOT TO VOTE, YOU
> MAY COMPLETE ITEM~~ 2.  IF THIS BALLOT IS NOT SIGNED ON THE
> APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS
> HAVING BEEN CAST.

**Item 1.  Class Vote**.  The undersigned, a holder of a Class _____ Claim in the amount set forth
below, votes to (check <u>one</u> box):

☐    **Accept** the Plan              ☐    **Reject** the Plan

Creditor Name: _____        Claim Amount: $ _____

~~**Item 2.  Releases.  COMPLETE THIS ITEM 2 ONLY IF YOU DID NOT VOTE TO
EITHER ACCEPT OR REJECT THE PLAN IN ITEM 1 ABOVE.**  PURSUANT TO THE
PLAN, IF YOU RETURN A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE
AUTOMATICALLY DEEMED TO HAVE ACCEPTED THE RELEASE PROVISIONS IN
SECTION 12.01(c) OF THE PLAN.  YOU ARE ALSO DEEMED TO HAVE ACCEPTED
THE RELEASE PROVISIONS OF SECTION 12.01(c) OF THE PLAN IF YOU DO NOT
CAST A VOTE WITH RESPECT TO THE PLAN; HOWEVER, IN THIS INSTANCE ONLY,
YOU MAY CHECK THE BOX BELOW TO REJECT THE RELEASE PROVISIONS IN THE
PLAN.~~

The undersigned, the holder of a Class ___ Claim in the amount set forth above, having voted to reject or abstained from voting on the Plan:

☐ Rejects the Release Provision

Item 3.

**Item 2.** **Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Plan, Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant and has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____

_____

Date Completed

## **<u>EXHIBIT C</u>**

**Official Committee of Unsecured Creditors' Solicitation Letter**



Hahn & Hessen LLP
488 Madison Avenue, New York, NY 10022
T 212.478.7200   F 212.478.7400   hahnhessen.com

August 27, 2018

Mark T. Power
Partner
212.478.7350
mpower@hahnhessen.com

**TO ALL CREDITORS OF:**

> **Navillus Tile, Inc., *d/b/a* Navillus Contracting**
> **Bankruptcy Case No. 17-13162 (SHL)**

Dear Creditors:

This firm is counsel to the Official Committee of Unsecured Creditors (the "Committee") of debtor Navillus Tile, Inc., *d/b/a* Navillus Contracting ("Navillus") in its bankruptcy proceeding pending in the United States Bankruptcy Court for the Southern District of New York.  This letter is being sent to all holders of Claims entitled to vote on the accompanying Plan.[1]

**PLEASE NOTE THAT THE COMMITTEE SUPPORTS THE PLAN AND STRONGLY ENCOURAGES ALL HOLDERS OF CLAIMS IN CLASS 4 (UNION PARTIES CURE CLAIMS) AND 5 (GENERAL UNSECURED CLAIMS) TO TIMELY RETURN THEIR COMPLETED BALLOTS ACCEPTING THE PLAN.**

Following three (3) days of formal mediation among the Committee, Navillus, Donal O'Sullivan, Navillus' President, Chief Executive Officer and sole director ("DOS"), and representatives of the five union benefit funds that collectively hold an approximately $76 million judgment (the "Judgment") against, among others, Navillus and their sponsoring unions (collectively, the "Union Parties"), which collectively have asserted aggregate claims against Navillus in excess of $150 million (collectively, the "Mediation Parties"), as well as substantial post-mediation negotiations, the Mediation Parties, with input from Liberty Mutual Insurance Company ("Liberty"), reached a global settlement that is embodied in the Plan.

This global settlement materially increases the funds that would otherwise be available for distribution to general unsecured creditors and resolves all disputes between the Mediation Parties, ending a lengthy and expensive litigation process which, if continued, would have a severely negative impact on Navillus' on-going business and would likely result in a significantly reduced and delayed distribution to unsecured creditors.  Under the Plan, the Union Parties will receive approximately $25.7 million in settlement of their Judgment and on account of various claims arising from their collective bargaining agreements with the Debtor.  General unsecured creditors will receive the lesser of (a) 10% percent of their allowed claim or (b) their pro rata share of a $600,000 distribution fund.  The Plan will be funded by Navillus' cash-on-hand, the proceeds of exit financing to be provided by Liberty, and a substantial capital contribution to be provided by DOS.  The Plan provides for a one-

---

[1]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

To All Creditors of:  Navillus Tile, d/b/a Navillus Contracting                    August 27, 2018
                                                                                                                       Page 2

time cash distribution to holders of allowed Union Parties Cure Claims and General
Unsecured Claims and the retention of the equity interests in Navillus by its existing equity
holders in exchange for DOS' capital contribution and other material consideration he is
providing in connection with Liberty's exit financing facility.

**GIVEN THE EXTENSIVE NEGOTIATIONS INVOLVED IN DEVELOPING THIS
PLAN AND THE LIKELIHOOD THAT UNSECURED CREDITORS WOULD
RECEIVE SIGNIFICANTLY LESS ON THEIR ALLOWED CLAIMS IN A
CHAPTER 7 LIQUIDATION, THE COMMITTEE SUPPORTS THE PLAN AND
STRONGLY RECOMMENDS THAT YOU TIMELY RETURN YOUR COMPLETED
BALLOT ACCEPTING THE PLAN.**

Accompanying this letter you will find the:

1.   *First Amended Disclosure Statement with Respect to Chapter 11 Plan of
     Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under
     Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement");

2.   *First Amended Chapter 11 Plan of Reorganization of Navillus Tile, Inc.,
     d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (the
     "Plan");

3.   If applicable, Ballots for Class 4 (Union Parties Cure Claims) or
     Ballots for Class 5 (General Unsecured Claims), depending upon
     which Class you hold a Claim in; and

4.   Notice of (I) Conditional Approval of Disclosure Statement;
     (II) Establishment of Voting Record Date; (III) Procedures and
     Deadline for Voting on Plan; and (IV) Hearing on Final Approval of
     Disclosure Statement and Confirmation of Plan and Procedures for
     Objecting to Confirmation of the Plan.

The Plan is an extensively negotiated consensual plan of reorganization pursuant to which
Navillus will emerge from Chapter 11 as a going concern.  The information set forth in this
letter is for summary purposes only, and we urge each creditor to read the Plan and
Disclosure Statement for a full understanding of how its claims will be treated under the
Plan.

**YOU ARE ENCOURAGED TO READ THE PLAN AND DISCLOSURE
STATEMENT CAREFULLY BEFORE CASTING YOUR BALLOT.**

To All Creditors of:  Navillus Tile, d/b/a Navillus Contracting                    August 27, 2018
                                                                                                Page 3

If you have any questions regarding the foregoing or the Plan, you may contact the undersigned or Jeffrey Zawadzki, Esq. at (212) 478-7252 (jzawadzki@hahnhessen.com).

Very truly yours,

Mark T. Power