Hearing Date and Time: October 4, 2018 at 11:00 a.m.
Objection Date and Time: September 13, 2018 at 4:00 p.m.

**YOU ARE RECEIVING THE ENCLOSED OMNIBUS OBJECTION BECAUSE THE DEBTOR IS OBJECTING TO YOUR CLAIM(S) IN THIS BANKRUPTCY CASE ON ONE OR MORE GROUNDS, AS MORE FULLY SET FORTH IN THE OMNIBUS OBJECTION. IF YOU FAIL TO RESPOND TO THE OMNIBUS OBJECTION IN THE TIME AND MANNER PRESCRIBED THEREIN, YOU MAY BE AT RISK OF HAVING YOUR CLAIM(S) FOREVER DISALLOWED AND/OR EXPUNGED IN THIS BANKRUPTCY CASE.**

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.

Counsel to Navillus Tile, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                         :   Chapter 11
                                                               :
NAVILLUS TILE, INC., DBA NAVILLUS CONTRACTING,                 :   Case No. 17-13162 (SHL)
                                                               :
                                                               :
                    Debtor.                                    :
                                                               :
---------------------------------------------------------------X

### NOTICE OF DEBTOR'S EIGHTH OMNIBUS OBJECTION TO CLAIMS
### (Books and Records Claims/Incorrect Classification Claims)

**PLEASE TAKE NOTICE** that on August 27, 2018, Navillus Tile, Inc. d/b/a Navillus Contracting ("Navillus" or the "Debtor") as debtor and debtor-in-possession herein, by and through its attorneys Cullen and Dykman LLP, filed the eighth omnibus claims objection (the "Eighth Omnibus Claims Objection"), attached hereto, and that a hearing to consider the Eighth Omnibus Claims Objection will be held before Honorable Sean H. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 701, One Bowling Green, New York, New York 10004 on October 4, 2018 at 11:00 a.m. (prevailing Eastern Time) or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Eighth Omnibus Claims Objection must be made in writing, conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Bankruptcy Court and be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (a copy of which can be found at *www.nysb.uscourts.gov*, the official website for the United States Bankruptcy Court for the Southern District of New York), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served upon: (i) counsel to Navillus, Cullen and Dykman LLP, Attn: C. Nathan Dee, Esq. and Elizabeth M. Aboulafia, Esq., 100 Quentin Roosevelt Blvd., Garden City, New York 11530; and (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Paul Schwartzberg, Esq. so as to be actually received by no later than 4:00 p.m. on September 13, 2018 (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if you have questions about why your claim is identified on any of the exhibits to this Eighth Omnibus Claims Objection, you may contact Navillus' counsel at Cullen and Dykman LLP, Attn: C. Nathan Dee, Esq. and Elizabeth M. Aboulafia, Esq., 100 Quentin Roosevelt Blvd., Garden City, New York 11530, Tel: (516) 357-3700.

**PLEASE TAKE FURTHER NOTICE** that if no responses are properly filed, served and received with respect to the Eighth Omnibus Claims Objection by the Response Deadline, the Court may enter an Order granting the relief requested in the Eighth Omnibus Claims Objection without further notice or a hearing, which order may disallow, expunge, reduce or reclassify your claim. The parties are required to attend the hearing and failure to attend may result in relief being granted or denied upon default.

Dated: August 27, 2018
      Garden City, New York

                                      CULLEN AND DYKMAN LLP

                                      By: _/s/ Elizabeth M. Aboulafia_
                                      C. Nathan Dee, Esq.
                                      Elizabeth M. Aboulafia, Esq.
                                      100 Quentin Roosevelt Boulevard
                                      Garden City, NY  11530
                                      (516) 357-3700

                                      *Counsel for Navillus Tile, Inc.*

**Hearing Date and Time: October 4, 2018 at 11:00 a.m.**
**Objection Date and Time: September 13, 2018 at 4:00 p.m.**

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.

Counsel to Navillus Tile, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re:                                                          :   Chapter 11
                                                                :
NAVILLUS TILE, INC., DBA NAVILLUS CONTRACTING,                  :   Case No. 17-13162 (SHL)
                                                                :
                                                                :
                              Debtor.                           :
                                                                :
---------------------------------------------------------------- x

### DEBTOR'S EIGHTH OMNIBUS OBJECTION SEEKING TO DISALLOW AND EXPUNGE OR RECLASSIFY CLAIMS
### (Books and Records Claims/Incorrect Classification Claims)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBITS ATTACHED TO THIS OBJECTION.**

Navillus Tile, Inc. d/b/a Navillus Contracting ("Navillus" or the "Debtor") as debtor and debtor-in-possession herein, by and through its attorneys Cullen and Dykman LLP, hereby files this Eighth Omnibus claims objection (the "Eighth Omnibus Claims Objection") to certain claims filed in Navillus' chapter 11 case as referenced in Exhibits "A" – "B" attached hereto (the "Eighth Omnibus Claims") and seeks, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's *Order Authorizing Omnibus Procedures for Claims Objections* (the "Claims Objection Procedures Order" at Docket No. 270), entry of an Order,

substantially in the form annexed hereto as Exhibit "C", disallowing and expunging or reclassifying each of the Eighth Omnibus Claims, as applicable, without prejudice to Navillus' right to object to the Eighth Omnibus Claims or any other Claims (defined herein) on any basis whatsoever. In support of this Eighth Omnibus Claims Objection, Navillus respectfully represents as follows:

### I.    JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are section 502 of the Bankruptcy Code and Bankruptcy Rule 3007(a).

### II.    FACTUAL BACKGROUND

3. On November 8, 2017 (the "Petition Date"), Navillus filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

4. Navillus has remained in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. An official committee of unsecured creditors (the "Committee') was appointed by the Office of the United States Trustee for the Southern District of New York in this chapter 11 case on November 28, 2017. To date, no trustee or examiner has been appointed.

6. Simultaneously with the filing of its petition, Navillus filed an Affidavit of Donal O'Sullivan pursuant to Local Bankruptcy Rule 1007-2 (the "O'Sullivan Affidavit"). A detailed factual background of Navillus' business and operations, as well as the events leading

to the filing of this chapter 11 case, is more fully set forth in the O'Sullivan Affidavit, incorporated herein by reference.

7. On January 7, 2018, Navillus filed its schedules of assets and liabilities (collectively, the "Schedules") pursuant to Bankruptcy Rule 1007 [Dkt. Nos. 174, 222, 384].

8. By an order dated January 3, 2018, this Court established February 14, 2018 (the "Bar Date") as the deadline by which all non-governmental entities must file proofs of prepetition claim against Navillus' estate and May 7, 2018 as the deadline for all governmental units to file proofs of prepetition claims against Navillus' estate [Dkt. No. 170].

9. On January 16, 2018, the Court entered an order appointing Garden City Group, LLC ("GCG") as the claims and noticing agent in the chapter 11 case [Dkt. No. 190]. Pursuant to that order, GCG was authorized to maintain (a) all proofs of claim filed against Navillus and (b) an official claims register (the "Claims Register") by docketing all proofs of claim in a claims database containing, among other items, the name of each claimant, the date that GCG received the proof of claim, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.[1]

10. To date, over one hundred fifteen (115) proofs of claim have been filed against Navillus (together with the claims listed in the Schedules, the "Claims").

11. On March 9, 2018, the Court entered the Claims Objection Procedures Order which, among other things, set forth certain procedures for the filing of omnibus objections on grounds other than those set forth in Bankruptcy Rule 3007(d).

12. On March 12, 2018, Navillus filed its first, second and third omnibus objections to claims. [Dkt. Nos. 274, 278, 280].

---

[1] In the event of any inconsistency between the claim numbers reflected on the claims filed via CM/ECF and the Claims Register maintained by GCG, the Claims Register maintained by GCG will control. The claim numbers referenced in this Eighth Omnibus Claims Objection correspond to the Claims Register maintained by GCG.

3

13. On April 20, 2018, Navillus filed its fourth and fifth omnibus objections to claims. [Dkt. Nos. 353, 354].

14. On May 29, 2018, Navillus filed its sixth omnibus objection to claims. [Dkt. No. 423].

15. On August 13, 2018, Navillus filed its seventh omnibus objection to claims. [Dkt. No. 580].

### III.   OBJECTION TO CLAIMS

16. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed unless a party in interest . . . objects." 11 U.S.C. § 502(a). Accordingly, Navillus hereby objects to the Eighth Omnibus Claims listed herein pursuant to section 502 of the Bankruptcy Code.

17. As part of the ongoing review of the Claims, Navillus has reviewed each of the Eighth Omnibus Claims and has concluded that each such Claim is appropriately subject to objection on one or more of the bases set forth in either Bankruptcy Rule 3007 or the Claims Objection Procedures Order. Accordingly, pursuant to this Eighth Omnibus Claims Objection, Navillus seeks the entry of an Order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007 disallowing and expunging or reclassifying the Eighth Omnibus Claims listed on Exhibits "A" – "B" hereto for the reasons set specified below:

#### Books and Records Claims – Exhibit A

18. Navillus disputes the asserted amounts of each of the Eighth Omnibus Claims listed on Exhibit "A" hereto (the "Books and Records Claims"). After reviewing each of the Books and Records Claims and comparing the claimed amount against Navillus' books and records, Navillus has determined that it is liable for each of the Books and Records Claims, if at

4

all, only in the amount listed in the "Remaining Adjusted Claim Amount" column in Exhibit "A". Moreover, certain of the Books and Records Claims represent amounts that were disputed by Navillus in its Schedules for which no proof of claim was filed which are subject to disallowance pursuant to this Court's order establishing the Bar Date. Accordingly, Navillus requests that the Court disallow, expunge, reduce and/or adjust the Books and Records Claims to such amounts that are consistent with Navillus' books and records as further set forth on Exhibit "A" hereto.

### Incorrect Classification – Exhibit B

19. The Third Omnibus Claim listed on Exhibit "B" hereto (the "Incorrectly Classified Claim") was inadvertently listed on Navillus' Schedules as an unsecured claim on Schedule F, however it represents a liability subject to the protections of Article 3-A of the New York Lien Law that should have been categorized as a contingent secured claim on Schedule D of the Schedules together with the other claims held by Article 3-A trust fund beneficiaries. Accordingly, Navillus submits that the Incorrectly Classified Claim listed on Exhibit B should be reclassified to a contingent/secured Article 3-A claim consistent with its rights under applicable law.

### ARGUMENT

20. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim. Under the Bankruptcy Code's burden shifting framework for claims allowance, a properly filed proof of claim "is deemed allowed" under section 502(a) of the Bankruptcy Code unless a party in interest objects. A claimant may satisfy its initial burden of production by attaching appropriate documentation to its proof of claim. See In re Minbatiwalla, 424 B.R. 104, 112 (Bankr.

5

S.D.N.Y. 2010); In re Lundberg, No. 02-34542(LMW), 2008 WL 4829846, at *2 (Bankr. D. Conn. Oct. 27, 2008) (noting that the presumption will arise if the claimant "compl[ies] with Fed. R. Bankr.P. 3001 by alleging facts in the proof of claim that are sufficient to support the claim.").

21.  However, "[o]nce an objectant offers sufficient evidence to overcome the prima facie validity of the claim, the claimant is required to meet the usual burden of proof to establish the validity of the claim." In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000); see also In re Residential Capital, LLC, 563 B.R. 477, 486 (S.D.N.Y. 2016) ("'To overcome this prima facie evidence, the objecting party must come forward with evidence which, if believed, would refute at least one of the allegations essential to the claim'" (internal citations omitted)).

22.  Attached hereto as Exhibit "D" is the declaration of Christopher K. Wu (the "Declaration"), the Chief Restructuring Officer of Navillus, which provides the necessary factual basis to support the Eighth Omnibus Claims Objection. Among other things, the Declaration alleges sufficient facts to dispute the prima facie validity of the Eighth Omnibus Claims subject to Eighth Omnibus Claims Objection. Thus, once the prima facie validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it." In re Kahn, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990); Sherman v. Novak (In re Reilly), 245 B.R. 768 (B.A.P. aff'd 2d Cir. 2000) ("the ultimate burden always rests with the claimant"); Residential Capital, LLC, 563 B.R. at 486 ("the claimant must prove by a preponderance of the evidence that the claim should be allowed under applicable law"). Moreover, not only must the claimant prove the validity of the claim, it must prove the amount of the claim. See In re Frederes, 98 B.R. 165, 166 (Bankr. W.D.N.Y. 1989).

## IV. RESERVATION OF RIGHTS

23. Navillus has not reviewed the Eighth Omnibus Claims set forth on the attached Exhibits "A" – "B" for any purpose other than those described in this Eighth Omnibus Claims Objection. As Navillus continues to review, analyze and reconcile the Claims filed in this chapter 11 case, Navillus intends to file additional omnibus (and other) objections as appropriate. Navillus limits this Eighth Omnibus Claims Objection to the grounds stated herein.

24. Accordingly, Navillus reserves all rights to: (a) supplement this Eighth Omnibus Claims Objection and/or file additional objections to the Eighth Omnibus Claims on any basis; (b) file additional objections to any other Claims against Navillus, including any (i) administrative claims, (ii) secured claims, (iii) priority claims and (iv) non-priority unsecured claims; and (c) file an affirmative lawsuit or action against any party based on any and all causes of action including, without limitation, actions under sections 542, 549 and 550 of the Bankruptcy Code.

25. The inclusion of any of the Eighth Omnibus Claims on the exhibits to the Eighth Omnibus Claims Objection as a Claim to remain on file does not constitute a waiver of any defenses, claims or counterclaims Navillus or any other party have against the holders of such Claims.

## V. NOTICE

26. A copy of this Eighth Omnibus Claims Objection has been served on (a) the entities that filed or otherwise hold the Eighth Omnibus Claims; and (b) in accordance with the Order Establishing Notice Procedures and a Master Service List [Dkt. No. 83]. Navillus believes that such service provides creditors and parties in interest with sufficient notice of the relief

requested in this Eighth Omnibus Claims Objection and that no other or further notice is required.

27.     No prior request for the relief requested in this Eighth Omnibus Claims Objection has been made.

**WHEREFORE**, Navillus respectfully requests that the Court (a) disallow and expunge or reclassify the Eighth Omnibus Claims as set forth in the exhibits annexed hereto and (b) grant such other and further relief as may be just and proper under the circumstances.

Dated: August 27, 2018
      Garden City, New York

                                  CULLEN AND DYKMAN LLP

                                  By: /s/ Elizabeth M. Aboulafia
                                  C. Nathan Dee, Esq.
                                  Elizabeth M. Aboulafia, Esq.
                                  100 Quentin Roosevelt Boulevard
                                  Garden City, NY  11530
                                  (516) 357-3700

                                  *Counsel for Navillus Tile Inc.*

In re Navillus Tile, Inc. (Case No. 17-13162)
Eighth Omnibus Claims Objection
Exhibit A - Books and Records Claims

| # | Creditor Name | Address | City | State | Zip Code | Claim Number | Claim Amount | Claim Classification Status as Filed | Reason for Objection | Remaining Adjusted Claim Amount | Cross-Reference to Objection (pg nos.) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | ACCORDANT COMPANY, LLC | 365 SOUTH STREET #100 | MORRISTOWN | NJ | 07960 | SCHEDULED | $3,214.50 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 2 | AIDAN CORRIDAN LOOKCLOSERPROD. | 4827 64TH ST | WOODSIDE | NY | 11377 | SCHEDULED | $2,100.00 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 3 | AMERICAN EXPRESS | PO BOX 981531 | EL PASO | TX | 79998 | SCHEDULED | $3,378,499.40 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 4 | AT&T MOBILITY | PO BOX 6463 | CAROL STREAM | IL | 60197 | SCHEDULED | $1,641.68 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 5 | BEATRICE DENNIS C/O FRIEDMAN & SIMON, LLP | 390 N. BROADWAY | JERICO | NY | 11753 | 107 | $3,000,000.00 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 6 | CENTURY WASTE SERVICES | 623 DOWD AVE | ELIZABETH | NJ | 07201 | SCHEDULED | $13,683.37 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 7 | CHARTER / SPECTRUM | 7815 CRESCENT EXECUTIVE DR 4TH FL | CHARLOTTE | NC | 28217 | 29 | $1,210.38 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 8 | CHARTER / SPECTRUM | 7815 CRESCENT EXECUTIVE DR 4TH FL | CHARLOTTE | NC | 28217 | 33 | $227.14 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 9 | CNY CONSTRUCTION 701 LLC C/O SAIBER LLC | 18 COLUMBIA TURNPIKE STE 200 | FLORHAM PARK | NJ | 07932 | 103 | $1,114,792.00 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 10 | CONSTRUCTION CLAIMS GROUP | 240 CEDAR KNOLLS RD # 106 | CEDAR KNOLLS | NJ | 07927 | SCHEDULED | $62,943.28 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 11 | CONSTRUCTION SPECIALTIES, INC. | 6696 ROUTE 405 HWY | MUNCY | PA | 17756 | SCHEDULED | $2,052.29 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 12 | CONTRACTORS COMPENSATION TRUST C/O GLACIER BAY TPA LLC | P.O BOX 2070 | LATHAM | NY | 12110 | SCHEDULED | $348,000.00 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 13 | CREATIVE MATERIALS CORPORATION | ONEWASHINGTON SQUARE | ALBANY | NY | 12205 | SCHEDULED | $3,629.79 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 14 | DIAL-A-BUG PEST CONTROL, INC. | 548 CHERRY LANE | FLORAL PARK | NY | 11001 | SCHEDULED | $922.72 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 15 | EDISON, CON | PO BOX 138 | NEW YORK | NY | 10276 | SCHEDULED | $4,844.59 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 16 | FEDERAL EXPRESS | PO BOX 371461 | PITTSBURGH | PA | 15250 | SCHEDULED | $5,075.88 | Unsecured | **Inconsistent with books and records** | $0.00 | Pgs. 4-5 |
| 17 | GABRIELLI TRUCK SALES | 153-20 SOUTH CONDUIT AVE | JAMAICA | NY | 11434 | SCHEDULED | $81.60 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 18 | ITIMPACT | 5759 W. HENDERSON | CHICAGO | IL | 60634 | SCHEDULED | $4,650.00 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 19 | JORGE RINCON C/O JOHN D. ZAREMBA, ESQ. | 40 WALL STREET, 52ND FL | NEW YORK | NY | 10005 | 44 | $7,000,000.00 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 20 | LOCAL 7 MARBLE BENEFIT FUNDS C/O VIRGINIA & AMBINDER, LLP | 40 BROAD ST., 7TH FLOOR | NEW YORK | NY | 10023 | 55 | $118,568.86 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 21 | MERCEDES-BENZ FINANCIAL | P.O. BOX 685 | ROANOKE | TX | 76262 | SCHEDULED | $2,290.00 | Unsecured | **Inconsistent with books and records** | $0.00 | Pgs. 4-5 |
| 22 | MORNINGSIDE FORENSICS INC ATTN DAVID GULLEY | 315 E 80TH ST #4J | NEW YORK | NY | 10075 | 89 | $7,505.00 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 23 | NANCY PICO C/O WINGATE, RUSSOTTI, SHAPIRO & HALPERIN, LLP | 420 LEXINGTON AVE, STE 2750 | NEW YORK | NY | 10170 | 123 | $10,000,000.00 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 24 | NISSAN LIFT OF NEW YORK | 603 CHESTNUT ST | GARDEN CITY | NY | 11530 | SCHEDULED | $1,306.50 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 25 | NYC DEPARTMENT OF BUILDINGS | 280 BROADWAY, 6TH FL | NEW YORK | NY | 10007 | SCHEDULED | $35.00 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 26 | NYC WATER BOARD | 59-17 JUNCTION BLVD. | FLUSHING | NY | 11373 | SCHEDULED | $975.00 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 27 | ON CENTER SOFTWARE, INC. | 8708 TECHNOLOGY FOREST PLACE, STE 175 | THE WOODLANDS | TX | 77381 | SCHEDULED | $5,443.76 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 28 | PAYLESS SIGNS NY, LLC | 6117 169TH STREET, 3RD FL | FRESH MEADOWS | NY | 11365 | SCHEDULED | $9,157.00 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 29 | RCN | PO BOX 11816 | NEWARK | NJ | 07101 | 31 | $107.90 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 30 | REGENCY RECYLING CORP | 248-10 BROOKVILLE BLVD | ROSEDALE | NY | 11422 | SCHEDULED | $29,040.26 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 31 | RJS PROMO GROUP LTD. | 80 SKYLINE DRIVE | PLAINVIEW | NY | 11803 | SCHEDULED | $6,369.46 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 32 | RUNAWAY TIRE SERVICE | 41-15 19TH AVENUE | ASTORIA | NY | 11105 | SCHEDULED | $777.64 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 33 | SDGNY | 33-26 NORTHERN BLVD | LIC | NY | 11101 | SCHEDULED | $160.00 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 34 | SPECTRUM BUSINESS | PO BOX 11816 | STAMFORD | CT | 06901 | SCHEDULED | $1,683.16 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 35 | SPEEDO CORP | 949 ASCAN ST | VALLEY STREAM | NY | 11580 | SCHEDULED | $2,616.95 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 36 | SPRINT | 6391 SPRINT PARKWAY | OVERLAND PARK | KS | 66251 | SCHEDULED | $3,266.68 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 37 | STAPLES | 5812 QUEENS BLVD, STE 2 | WOODSIDE | NY | 11377 | SCHEDULED | $1,283.84 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 38 | STAPLES BUSINESS ADVANTAGE | PO BOX 415256 | BOSTON | MA | 02241 | SCHEDULED | $3,388.65 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 39 | STARR INDEMNITY & LIABILITY COMPANY | 399 PARK AVENUE, 8TH FLOOR | NEW YORK | NY | 10022 | 49 | $697,106.00 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 40 | STRATEGIC RESPONSE SYSTEMS | 2020 CAMINO DEL RIO N STE 505 | SAN DIEGO | CA | 92108 | SCHEDULED | $4,770.00 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 41 | TGI OFFICE AUTO | 120 3RD STREET | BROOKLYN | NY | 11231 | SCHEDULED | $1,633.59 | **Unsecured** | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 42 | THE WEEKS LERMAN GROUP | 58-38 PAGE PL | MASPETH | NY | 11378 | 22 | $2,607.86 | **Unsecured** | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 43 | US BANK NA | PO BOX 790117 | ST. LOUIS | MO | 63179 | SCHEDULED | $994.30 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 44 | VERIZON | P.O. BOX 4003 | ACWORTH | GA | 30101 | SCHEDULED | $7,330.08 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |
| 45 | WORLDWIDE EXPRESS | 267 5TH AVE BSMT 1 | NEW YORK | NY | 10016 | SCHEDULED | $77.40 | Unsecured | Inconsistent with books and records | $0.00 | Pgs. 4-5 |

In re Navillus Tile, Inc. (Case No. 17-13162)
Eighth Omnibus Claims Objection
Exhibit B - Incorrect Classification Claim

| Creditor Name | Address | City | State | Zip Code | Claim Number | Claim Amount as Scheduled | Claim Classification Status as Scheduled | Reason for Objection | Reclassified Claim Amount and Priority | Cross-Reference to Objection (pg nos.) |
|---|---|---|---|---|---|---|---|---|---|---|
| FAITH CONSTRUCTION INC. | 16 STEWART STREET | BROOKLYN | NY | 11207 | SCHEDULED | $4,355.00 | 507(a)(5) Priority | Incorrect classification | $4,355.00 contingent secured claim | Pg. 5 |

**Exhibit C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
:
In re:                                                                   : Chapter 11
                                                                         :
NAVILLUS TILE, INC., DBA NAVILLUS CONTRACTING, : Case No. 17-13162 (SHL)
                                                                         :
                                                                         :
Debtor.                                                                  :
                                                                         :
------------------------------------------------------------------------ x

**ORDER GRANTING DEBTOR'S EIGHTH OMNIBUS OBJECTION SEEKING
TO DISALLOW AND EXPUNGE OR RECLASSIFY CLAIMS**

Upon consideration of the *Debtor's Eighth Omnibus Objection Seeking to Disallow and Expunge or Reclassify Claims* (the "Eighth Omnibus Claims Objection"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and this Court's *Order Authorizing Omnibus Procedures for Claims Objections* (the "Claims Objection Procedures Order" at Docket No. 270), seeking entry of an Order disallowing and expunging or reclassifying each of the Eighth Omnibus Claims, all as more fully set forth in the Eighth Omnibus Claims Objection and the exhibits annexed thereto; and the Court having jurisdiction to consider the Eighth Omnibus Claims Objection and grant the relief requested in accordance with 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the above-captioned debtor and debtor-in-possession ("Navillus" or the "Debtor") having provided due and proper notice of the Eighth Omnibus Claims Objection and no further notice being necessary; and it appearing that the relief sought in the Eighth Omnibus Claims Objection is in the best interests of the estate, creditors and all parties in interest; and that the legal and factual bases set

forth in the Eighth Omnibus Claims Objection establish just and sufficient cause for the relief requested herein;

**IT IS HEREBY ORDERED THAT**:

1.   The Eighth Omnibus Claims Objection is granted to the extent set forth herein.

2.   Pursuant to section 502(b) of the Bankruptcy Code, each of the Books and Records Claims listed on Exhibit "A" attached hereto is hereby disallowed and expunged and/or reduced as set forth in the column titled "Remaining Adjusted Claim Amount" on Exhibit "A".

3.   Pursuant to section 502(b) of the Bankruptcy Code, the Incorrect Classification Claim listed on Exhibit "B" attached hereto is hereby reclassified to a contingent/secured Article 3-A claim as indicated on Exhibit "B" hereto.

4.   This Order has no res judicata, estoppel or other effect on the validity, allowance or disallowance of any of the Eighth Omnibus Claims listed on Exhibits "A" – "B" hereto that are not disallowed and expunged in their entirety pursuant to this Order, and all rights of Navillus to object on any basis with respect to any such Eighth Omnibus Claims or any other Eighth Omnibus Claims are expressly reserved.

5.   Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any Claim asserted against Navillus.

6.   Navillus' right to amend, modify, or supplement the Eighth Omnibus Claims Objection, or to file additional objections to the Eighth Omnibus Claims or any other Claims (filed or not) which may be asserted against Navillus, is preserved. Additionally, should one or more of the grounds of objection stated in the Eighth Omnibus Claims Objection be overruled, Navillus' right to object on other stated grounds or on any other grounds that Navillus discovers during the pendency of this chapter 11 case is further preserved.

7.	The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2018
New York, New York

                                                    THE HONORABLE SEAN H. LANE
                                                    UNITED STATES BANKRUPTCY JUDGE

**Exhibit D**