Colleran, O'Hara & Mills L.L.P.
By: Steven C. Farkas, Esq.
Attorneys at Law
100 Crossways Park Drive West, Suite 200
Woodbury, New York 11797
(516) 248-5757

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                       :    Chapter 11
                                                             :
                                                             :    Case No. 17-13162 (SHL)
NAVILLUS TILE, IN. DBA                                       :
NAVILLUS CONTRACTING                                         :
                                                             :
                Debtor.                                      :
------------------------------------------------------------x

**OBJECTION TO NOTICE OF CHAPTER 11 DEBTOR'S APPLICATION TO EXPUNGE CLAIM NUMBER 43, FILED AGAINST THE DEBTOR BY UNITED DERRICKMEN & RIGGERS ASSOCIATION LOCAL 197 FUNDS.**

1.    UNITED DERRICKMEN & RIGGERS ASSOCIATION LOCAL 197 FUNDS (hereinafter referred to as the "Funds") by and through their attorneys, Colleran, O'Hara & Mills L.L.P. object to that portion of Debtor's motion FILED ON August 18, 2018 [Dkt. No. 580] that seeks to expunge claim No. 43 filed by the FUNDS against Navillus Tile, Inc. DBA Navillus Contracting in the amount of $12,796.64.

2.    Debtor utilized and employed employees for whom contributions to the FUNDS were required to be made during the period October 1, 2015 through December 31, 2017.

3.    The Debtor submitted to an audit conducted by the FUNDS' auditor to determine if those contributions were made, and an audit was issued on March 21,

1

2018 with findings, which comprise the amount listed in the FUNDS' Proof of Claim. A copy of the audit was annexed to the Proof of Claim.

4. Thus, when the Bar Date passed on February 14, 2018, the FUNDS did not have an audit with findings, and were not sure if the audit would produce findings at all.

5. A few weeks after the audit was sent to the Company the FUNDS filed the Proof of Claim the Debtor now seeks to expunge.

6. As this Court has recognized, "Bankruptcy Rule 9006(b)(1) provides that a bankruptcy court in its discretion may accept a late-filed proof of claim where a claimant establishes excusable neglect." In re Enron Corp., 2007 Bankr. LEXIS 655, at *22-23 [Bankr. S.D.N.Y. Feb. 23, 2007][internal quotation marks omitted]. The Court will make this determination upon a review of the four factors laid out in Pioneer, namely by reviewing the length of the delay, the danger of prejudice, the reason for the delay in filing the Claim, and the movant's good faith. In re Enron Corp., 2007 Bankr. LEXIS 655, 25 citing Pioneer Inv. Servs. v. Brunswick Assoc. LP, 507 U.S. 380, 395 [1993].

7. Here, all four factors weigh in favor of allowing the FUNDS' claim. First, the delay in filing the claim until after the Bar Date was due to the fact that the audit was not completed until March 21, 2018, so the FUNDS could not file an accurate claim until after the Bar Date. Second, the Proof of Claim was filed before the Chapter 11 Plan and Disclosure Statement were filed at the end of May, 2018, meaning the debtor was aware of the Claim before filing the Plan. Further, the Debtor was aware

2

that the FUNDS were conducting an audit, meaning the possibility of findings in the audit could not have caught the Debtor by surprise. Thus, there is little prejudice in allowing the Claim, since the Debtor will not be forced to deal with a liability it was unaware could become part of this proceeding. Viewing "(1) the size of the late claim in relation to the estate, (2) whether a disclosure statement or plan [of reorganization] has been filed or confirmed with knowledge of the existence of the claim, and (3) the disruptive effect that the late filing would have on a plan close to completion or upon the economic model upon which the plan was formulated and negotiated", this Court should allow the FUNDS' claim. In re Enron Corp., 2007 Bankr. LEXIS 655, at *26. Also, it is not clear if there is a risk that there exist similarly-situated claimants to the FUNDS, such that allowing the FUNDS' claim would spark a "deluge of motions seeking similar relief" to the prejudice of the Debtor. Id. at *30.

8.    Third, the reason for delay in the filing was due to the fact that the audit was not completed until after the Bar Date. The reason for the delay was not within the reasonable control of the movant, since the auditors must rely to an extent on the Debtor's cooperation in scheduling the audit. Here, the auditors began communicating with the Debtor in late 2017 about scheduling an audit, and confirmed with the Debtor on January 9, 2018 that the audit visit would take place on February 22, 2018. Thus, the Debtor was well aware of the status of the bankruptcy and the audit, and requested and agreed to a February 22, 2018 audit appointment. Finally, the movant acted in good faith by filing the claim based on the

3

audit findings, and not based on its speculation as to what the audit may or may not produce.

WHEREFORE, UNITED DERRICKMEN & RIGGERS ASSOCIATION LOCAL 197 FUNDS respectfully request that this Court deny the Debtor's motion as it relates to claim number 43 and for such further relief as the court deems just and proper.

Dated: Woodbury, New York
       August 30, 2018

Respectfully Submitted,

By: _____
Steven C. Farkas, Esq.
Colleran, O'Hara & Mills L.L.P.
Attorneys at Law
100 Crossways Park Dr. W., Suite 200
Woodbury, New York
(516) 248-5757
scf@cohmlaw.com