**Markowitz & Richman**
Stephen C. Richman
R. Matthew Pettigrew, Jr.
123 South Broad Street – Suite 2020
Philadelphia, PA 19109
215-875-3100

Attorneys for Cement Masons Local 780
Employee Benefit Funds

**United States Bankruptcy Court**
**Southern District of New York**

_____

| In re: | : | |
| --- | --- | --- |
| | : | Chapter 11 |
| **Navillus Tile, Inc.. d/b/a Navillus Contracting**, | : | |
| | : | No. 17-13162 (SHL) |
| | : | |
| Debtor | : | |

_____

**Response of Cement Masons Local 780 Employee Benefit Funds to**
**Debtor's Seventh Omnibus Objection to Claims**
**and**
**Motion for Leave to File Amended Claim**
_____

Cement Masons Local 780 Employee Benefit Funds ("Local 780 Funds"), by their co-counsel, Markowitz & Richman, submit this response to the Debtor's seventh omnibus objection to claims and respectfully request that the Court (a) deny the seventh omnibus objection as it relates to the Local 780 Funds or (b) grant leave to the Local 780 Funds to file an amended proof of claim.

1

**Background**

1. The Debtor filed its bankruptcy petition on November 8, 2017.

2. The deadline for filing claims was February 14, 2018.

3. On November 20, 2017, Markowitz & Richman filed a claim (Claim No. 1) on behalf of the Local 780 Funds for unpaid employee benefit fund contributions in the amount of $3,803,981.39. The claim was based upon the $76 million judgment recovered from the Debtor in *Moore v. Navillus Tile, Inc.*, 14-cv-8326 (U.S.D.C. S.D.N.Y 2017) [Dkt. No. 354.]

4. In or about September 2017, the Local 780 Funds were notified by their auditors that the auditors had determined that the Debtor owed $13,109.16 for the audit period from July 1, 2014 to September 30, 2016.

5. On November 30, 2017, based on the audit findings for the period from July 1, 2014 to September 30, 2016, Markowitz & Richman filed an amended claim (Claim No. 5) on behalf of the Local 780 Funds for additional unpaid contributions in the amount of $13,109.16.

6. On January 22, 2018, Cohen, Weiss & Simon, co-counsel to the Local 780 Funds, filed a claim (Claim No. 19) on behalf of the Local 780 Funds for unpaid contributions in the amount of $4,184,379.53.

7. On April 20, 2018, the Debtor filed its fourth omnibus objection to claims. (Dkt. No. 353.)

8. The fourth omnibus objection, among other things, maintains that Claim No. 1 and Claim No. 19 are essentially duplicative of each other.

9. At a hearing on May 23, 2018, the Court upheld the Debtor's objection and disallowed Claim No. 1, while retaining Claim No. 19.

10. In or about May 2018, the Local 780 Funds were notified by their auditors that the auditors had determined that the Debtor owed an amended amount of $103,131.12 for the audit period from July 1, 2014 to September 30, 2016.

11. On June 21, 2018, based on the audit findings for the period from July 1, 2014 to September 30, 2016, Markowitz & Richman filed an amended claim (Claim No. 125) on behalf of the Local 780 Funds for unpaid contributions in the amount of $103,131.12.

12. In or about June 2018, the Local 780 Funds were notified by their auditors that the auditors had determined that the Debtor owed $219,024.79 for the audit period of October 1, 2016 to December 31, 2017.

13. On August 8, 2018, based on the audit findings for the period from October 1, 2016 to December 31, 2017, Markowitz & Richman filed an amended claim (Claim No. 131) on behalf of the Local 780 Funds for additional unpaid contributions in the amount of $219,024.79.

14. On August 13, 2018, the Debtor filed its seventh omnibus objection to claims. (Dkt. No. 580.)

15. A component of the Debtor's seventh omnibus objection includes its assertion that certain claims, including Claim No. 125, were filed late and should, therefore, be disallowed and expunged in their entirety.[1]

---

[1] The seventh omnibus objection does not address Claim No. 131.

3

**Argument**

16. Proofs of claim are *prima facie* evidence of the validity and the amount of the claim so long as they are filed in accordance with Rule 3001 of the Federal Rules of Bankruptcy Procedure. If a claim is *prima facie* valid, it cannot be defeated merely by an objection. The objector must produce evidence of the claim's invalidity in order to challenge it. *In re Wilson*, 532 B.R. 486, 490 (Bankr. S.D.N.Y. 2015).

17. If the objector's evidence is equal in force to the prima facie case, the burden shifts to the claimant to prove by a preponderance of the evidence that the claim should be allowed. *In re Residential Capital, LLC*, 513 B.R. 856, 864 (Bankr. S.D.N.Y. 2014).

18. The decision to permit a post-bar date amendment to a proof of claim is within the discretion of the Court, and while the amendments should be freely allowed, they are subject to careful review to assure that there is no attempt to file a new claim under the guise of an amendment. *In re Waterscape Resort LLC*, 520 B.R. 424, 434 (Bankr. S.D.N.Y 2014).

19. Here, because the original claim (Claim No. 1 as superceded by Claim No. 19) and the amendments were filed by the same creditor for the same reason – namely unpaid contributions owed by the Debtor to employee benefit funds – it is clear that the amendment is meant to supplement the original claim, not create a new claim.

20. In considering late amendments, the Courts generally first consider whether the amended claim relates back to a timely proof of claim. A factor to be considered is whether the amended claim describes the original claim with greater particularity. *Waterscape Resort*, 520 B.R. at 434.

21. As set out in the declaration of Richard Bamberg, an auditor for the Funds, additional information was supplied to the auditor by the Debtor in April 2018. That additional information resulted in a determination that the Debtor owed $103,131.12 in benefit contributions for the period from July 1, 2014 to September 30, 2018. That determination resulted in the filing of an amended proof of claim (Claim No. 125) that relates back to Claim No. 5. (The Declaration of Richard Bamberg accompanies this response as Exhibit A.)[2]

22. In considering late amendments, Courts will also consider the facts of the case and determine if it would be equitable to allow the amendment, which should be freely allowed in the absence of prejudice to the other parties. *Waterscape Resort*, 520 B.R. at 434.

23. The Local 780 Funds have at all times acted in good faith and submitted updated claim information as soon as it acquired that information. No other party would be prejudiced by permitting the Local 780 Funds to claim for their participants and beneficiaries the full amount of the unpaid employee benefit contributions owed by the Debtor.

**Conclusion**

24. For the foregoing reasons, the seventh omnibus objection as it relates to the Local 780 Funds should be denied.

25. In the alternative, the Local 780 Funds respectfully move the Court for leave to file an amended proof of claim to supplement their original claim so that all the unpaid contributions

---

[2] Although not referred to in the seventh omnibus objection, the Declaration of Richard Bamberg addresses the basis for the amended proof of claim in the amount of $219,024.79. (Claim No. 131.) That amended claim relates back to the original claim.

owed by the Debtor are accounted for in full.

                                                    Respectfully submitted,

                                                    Markowitz & Richman

| August 30, 2018 | /s/ Stephen C. Richman |
|---|---|
| Date | Stephen C. Richman |

                                                    Attorneys for Cement Masons Local 780
                                                    Employee Benefit Funds