FRIEDMAN & SIMON LLP
390 North Broadway
Jericho, New York 11753
Michael J. Mills, Esq.

*Counsel to Creditor Beatrice Dennis*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
In re:

NAVILLUS TILE, INC., DBA NAVILLUS
CONTRACTING

                          Debtor.
-----------------------------------------------------------------------X

Chapter 11
Case No. 17-13162

**Response of Beatrice Dennis to the Debtor's Eighth Omnibus
Objection Seeking to Disallow and Expunge or Reclassify Claims**

1. Beatrice Dennis, by and through her undersigned counsel, respectfully submit her Response to the *Debtor's Eighth Omnibus Objection Seeking to Disallow and Expunge or Reclassify Claims* (hereinafter "the Objection"), and request that the Court deny the Objection as it relates to Ms. Dennis.

2. Beatrice Dennis, was given an enlargement of time to respond to the Objection *via* stipulation between counsel for Debtor and the undersigned dated September 27, 2018 (the agreed upon deadline being October 2, 2018). Annexed hereto as **Exhibit "A"**, is a copy of the stipulation.

3. Ms. Dennis' claim against Debtor arises from injuries she sustained on December 15, 2016, during roof construction by Debtor directly above Ms. Dennis' apartment. The construction caused debris to fall from the ceiling to the apartment floor. Ms. Dennis was caused to trip and fall on the debris, fracturing her left wrist.

4. On November 8, 2017, Navillus filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. On August 30, 2018, Navillus filed the subject Objection whereby Debtor disputed the asserted amount of $3,000,000.00 in relation to Beatrice Dennis' injuries. Debtor requests in the Objection and its Exhibit "A", that Ms. Dennis' claim be expunged after reviewing Ms. Dennis' claims against Debtor and comparing the amount against its books.

5. Filed proof of claims "constitute prima facie evidence of the validity and amount of the claim.... To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly),* 245 B.R. 768, 773 (2d Cir. BAP 2000). By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.),* No. 12 Civ. 6074(RJS), 2013 WL 5549643, at 3 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted). If the objector does not "introduce[ ] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim."

6. Debtor has failed to meet there burden of introducing proof as to the invalidity of this claim, thus no further proof is necessary from the Creditor.

7. Should this Court somehow find that Debtor's generic objection to Ms. Dennis' claim is enough to shift the burden of proof, Creditor has annexed the Summons and Complaint and Supplemental Summons and Complaint in relation to the aforementioned New York State Supreme Court Action. See **Exhibit "B"**.

8.  New York City Housing Authority, by their counsel, informed counsel for Beatrice Dennis that Debtor was the contractor doing work on the roof on the date of the accident. Annexed hereto as **Exhibit "C"**, is a computerized note memorializing the conversation between Creditor's attorney and attorney for New York City Housing Authority.

9.  Further, annexed hereto as **Exhibit "D"**, is the Certificate of Liability Insurance naming Navillus Tile, Inc., as an insured in relation to repairs to the building in which Creditor lives.

10. The aforementioned state court litigation is in the early stages of discovery (Debtor has not exchanged paper discovery and depositions have not been held). Further, Debtor is the sole possessor of relevant and critical evidence regarding liability. Thus, Beatrice Dennis' claims should not be expunged due to the inability to produce evidence in the sole possession of the Debtor.

**WHEREFORE**, Beatrice Dennis respectfully requests that the Court deny the Objection as it relates to Ms. Dennis.

Dated: September 28, 2018
Jericho, New York

FRIEDMAN & SIMON
By: _____
Michael J, Mills, Esq.
390 North Broadway
Jericho, NY 11753
(516) 932-0400

*Counsel for Beatrice Dennis*