Hearing Date and Time: October 10, 2018 at 11:00 a.m.
Objection Date and Time: October 3, 2018 at 5:00 p.m. (by Agreement of Debtor)

**KLEHR HARRISON HARVEY BRANZBURG LLP**
By: Raymond H. Lemisch, Esq. / Gaetano P. Piccirilli, Esq.
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Email: rlemisch@klehr.com / gpiccirilli@klehr.com
Telephone: 215-569-2700
Facsimile: 215-568-6603

*Attorneys for Hunter Roberts Construction Group LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| NAVILLUS TILE, INC., D/B/A NAVILLUS CONTRACTING, | Case No. 17-13162 (SHL) |
| Debtor. | |

**LIMITED OBJECTION OF HUNTER ROBERTS CONSTRUCTION GROUP LLC
TO CONSENSUAL AMENDED PLAN OF REORGANIZATION OF
NAVILLUS TILE, INC. D/B/A NAVILLUS CONTRACTING
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

Hunter Roberts Construction Group LLC ("Hunter Roberts") by and though its undersigned counsel, hereby files this Limited Objection of Hunter Roberts Construction Group LLC to Consensual Amended Plan of Reorganization of Navillus Tile, Inc. d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code (the "Limited Objection") and in support thereof hereby avers as follows:

1. Debtor, Navillus Tile, Inc. d/b/a Navillus Contracting ("Debtor") initiated this bankruptcy proceeding by the filing of its voluntary petition for relief under Chapter 11 of Title

11 of the United States Code (the "Bankrutpcy Code") on November 8, 2018 (the "Petition Date").

2. Hunter Roberts is a construction management company which conducts business in various locations including New York.

3. On the Petition Date, Hunter Roberts and the Debtor were parties to several in process executory contracts.

4. By order entered by the Court on January 3, 2018, this Court established February 14, 2018 (the "Bar Date") as the deadline by which all non-governmental entities must file proofs of claim. [Dkt. No. 170].

5. On February 13, 2018, Hunter Roberts timely filed a Proof Of Claim (Claim Number 72) asserting various claims against the Debtor arising from the Debtor's performance or failure of performance under one or more the executory contracts between Hunter Roberts and the Debtor.

6. The Debtor filed its Consensual Amended Chapter 11 Plan of Reorganization of Navillus Tile, Inc. d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code (the "Plan") on August 25, 2018 [Dkt. No. 603].

7. On September 20, 2018 pursuant to the Plan, the Debtor filed its Notice of (I) Navillus' Intent to Assume Certain Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto ("Assumption Notice") [Dkt. No. 640].

8. Pursuant to the Assumption Notice, two contracts between the Debtor and Hunter Roberts are currently being assumed by the Debtor (the "Assumed Contracts")[1].

---

[1] It is possible that additional contracts between the Debtor and Hunter Roberts may be assumed. The defined term herein "Assumed Contracts" shall at all times be understood to include any and all contracts between Hunter Roberts and the Debtor which may ultimately be assumed.

2

9. On September 20, 2018 pursuant to the Plan, the Debtor filed the Notice of Navillus' Intent to Reject Certain Executory Contracts and Unexpired Leases (the "Notice to Reject") [Dkt. No. 639].

10. Pursuant to the Notice to Reject, one of the contracts between Hunter Roberts and the Debtor is currently being rejected (the "Rejected Contract")[2] by the Debtor. Hunter Roberts intends to file a proof of claim for such rejection damages in a timely manner.

11. On September 25, 2018, the Debtor filed adversary proceeding number 18-01638 against Hunter Roberts (the "Adversary Proceeding") asserting various causes of action, *inter alia,* relating to the various contracts between Hunter Roberts and the Debtor[3]. The time for responding to the Adversary Proceeding has not yet arrived.

12. The Plan at Article XII includes various release, discharge and injunction provisions. The releases are being given and received by various parties. At Article XII, Section 12.01 (e), the Court is being asked to compel releases from creditors, among others, of various parties including the Debtor and the Reorganized Debtor. The release in this section is very broad and to the extent the Court determines not to be compelled a release by a party which does not consent, Hunter Roberts does not consent to the release of third parties.

---

[2] It is possible that additional contracts between the Debtor and Hunter Roberts may be rejected, either by specific listing or by operation of the Plan. The defined term herein "Rejected Contract" shall at all times be understood to include any and all contracts between Hunter Roberts and the Debtor which may ultimately be rejected.

[3] It is possible that additional adversary proceedings may be brought against Hunter Roberts, either by the Debtor, the Reorganized Debtor, the Unsecured Creditors' Committee or any third party authorized by the Court to bring claims on behalf of the Debtor's Estate. The defined term herein "Adversary Proceeding" shall at all times be understood to include any and all adversary proceedings which may ultimately be brought against Hunter Roberts in this bankruptcy case.

3

13. More specifically, however, beyond the release of third parties, this provision has the effect of compelling a release by each Holder of a Claim[4] against the Debtor and the Reorganized Debtor as follows:

> shall, to the fullest extent permitted by law, be deemed to forever, release, waive, and discharge each of the Debtor Released Parties [note this definition includes the Debtor and the Reorganized Debtor]…from any and all claims, obligations, suits judgments, damages, demands, debts, rights, Causes of Action, (including Avoidance Actions) and liabilities whatsoever in connection with or in any way relating to (a) Navillus, (b) the conduct of Navillus' business, (c) the Chapter 11 Case, (d) the Disclosure Statement or the Plan, (e) the District Court Decision, (f) any agreement, understanding, contract, instrument, or other document which existed prior to the Effective Date relating in any way to the foregoing, and (g) any transaction, event circumstance, action, failure to act, or occurrence of any kind or nature, which occurred, existed, was taken, permitted or begun at any time prior to the Effective Date…

14. As the Court can see, this release is as broad as possible and the only exception to this release is for willful misconduct, gross negligence, fraud or criminal acts by any Released Party. Further, the obligations under Article 3-A, the Plan, the Union Settlement and any Union Ordinary Course CBA Claims are not released.

15. As set forth above, Hunter Roberts has various claims against the Debtor which arise from various contracts it has or had with the Debtor, including its timely filed Proof of Claim (as same may be amended), the rejection damage claim it will file and the claims and affirmative defenses it will assert in defense to the Adversary Proceeding. The release set forth in Article XII of the Plan as well as the discharge and injunction provisions of Article XII will, as of the Effective Date, essentially leave Hunter Roberts completely exposed with no defense to any objections, claims or adversary proceedings asserted against it by the Debtor or the Reorganized Debtor. While Hunter Roberts does not assert that the Debtor wrote the Plan

---

[4] Any capitalized term not defined herein shall have the meaning ascribed to such term in the Plan.

4

specifically with the intent to denude Hunter Roberts or any other Holders of Claims of any defenses or claims, the language has such effect, specifically because Hunter Roberts does not fall within any of the exclusions and, at present, it is not asserting any claims arising from "willful misconduct, gross negligence, fraud or criminal acts". Further, from the plain language of the Plan, it would seem that to the extent Hunter Roberts is a beneficiary under an Article 3-A claim, that would also appear to be gone on the Effective Date and there are no "obligations" under the Plan, as far as Hunter Roberts can discern, which would require the Debtor or the Reorganized Debtor, after the Effective Date to allow Hunter Roberts (or any other Holder of a Claim) to protect itself in an adversary proceeding or in a claim objection. Further, even regarding assumed contracts, it appears that should the Reorganized Debtor default post assumption, given that such contract existed before the Effective Date, Hunter Roberts may very well be precluded from asserting any claims arising from such breach under the language in Article XII of the Plan.

16.     Hunter Roberts proposes the following language be added to the Confirmation Order to protect it:

> Resolution With Hunter Roberts. Notwithstanding anything to the contrary herein or in the Plan, the provisions of Article XII of the Plan shall not become operative as to Hunter Roberts Construction Group LLC ("Hunter Roberts") as to any Claims asserted by Hunter Roberts in any Proof of Claim filed by Hunter Roberts (as same may have been or may be amended) including, but not limited to, those claims related to any rejected Executory Contract to which Hunter Roberts is a counterparty or beneficiary under Article 3A of New York's Construction Lien Law or otherwise and the claims (including affirmative defenses and any counterclaims) and subject matter at issue in the adversary proceeding styled as *Navillus Tile, Inc. d/b/a Navillus Contracting v. Hunter Roberts Construction Group, LLC* (Adv. Proc. No. 18-01638) or any other adversary proceeding filed against Hunter Roberts by any party in these bankruptcy proceedings until such matters have been resolved by Final Order of the Bankruptcy Court. Further,

5

notwithstanding anything to the contrary herein or in the Plan, the provisions of Article XII of the Plan shall never be operative as to Hunter Roberts regarding any claims of any nature whatsoever arising pursuant to any contract between Hunter Roberts and the Debtor assumed in these proceedings, whether assumed under the Plan or otherwise"

17.     Hunter Roberts asserts this oversight in the Plan language needs to be rectified, as set forth above, before the Plan can be confirmed, in order to protect it and allow it to pursue its various claims and defenses as it otherwise would be able to do, but for the language in Article XII of the Plan.

## CONCLUSION

For the reasons set forth above, Hunter Roberts Construction Group LLC requests that this Court deny confirmation of the Plan, unless the language in the Confirmation Order is changed as set forth above.

**KLEHR HARRISON HARVEY BRANZBURG LLP**

Dated: October 3, 2018        By:    /s *Raymond H. Lemisch*
                                     Raymond H. Lemisch, Esquire

                                     *Attorneys for Hunter Roberts Construction Group LLC*