Melanie L. Cyganowski, Esq.
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone:   (212) 661-9100
Facsimile:   (212) 682-6104

*Special Litigation and Conflicts Counsel for*
*Navillus Tile, Inc. d/b/a Navillus Contracting*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| NAVILLUS TILE, INC., d/b/a NAVILLUS CONTRACTING, | Case No. 17-13162 (shl) |
| Debtor. | |

------------------------------------------------------------x

**REPLY TO LIMITED OBJECTION OF HUNTER ROBERTS
CONSTRUCTION GROUP LLC TO CONSENSUAL AMENDED PLAN
OF REORGANIZATION OF NAVILLUS TILE, INC., d/b/a NAVILLUS
CONTRACTING UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

Navillus Tile, Inc., d/b/a Navillus Contracting, the above-captioned debtor and debtor-in-possession ("Navillus" or the "Debtor"), by and through its special litigation and conflicts counsel Otterbourg P.C., hereby submits this reply (the "Reply") to the limited objection (the "Limited Objection")(Dkt. No. 668) filed by Hunter Roberts Construction Group LLC ("Hunter Roberts") to the Debtor's Amended Plan of Reorganization (the "Plan")(Dkt. No. 603) and respectfully states as follows:

**PRELIMINARY STATEMENT**

1.   The Court should overrule the Limited Objection because the Debtor has agreed to include language in the proposed Confirmation Order sufficient to protect Hunter Roberts'

5445041.1

ability to assert defenses in the pending adversary proceeding (or complaints filed in the future) as well as assert defenses if the Debtor objects to any proof of claim filed by Hunter Roberts. Since the language suggested by the Debtor protects Hunter Roberts' rights, the Limited Objection should be overruled.

2.    Indeed, after Hunter Roberts filed the Limited Objection, the parties have attempted to reach an amicable resolution and the Debtor suggested to Hunter Roberts' counsel to add the following language to the proposed Confirmation Order:

> Resolution With Hunter Roberts.  Notwithstanding anything to the contrary herein or in the Plan, including the provisions of Article XII of the Plan, Hunter Roberts Construction Group LLC ("Hunter Roberts") shall have the right to:
>
> (i) defend against any adversary proceeding filed against Hunter Roberts by the Debtor or the Reorganized Debtor or any other entity asserting claims on behalf of the Debtor's estate (hereinafter the "Debtor"), including, without limitation, the adversary proceeding styled as *Navillus Tile, Inc. d/b/a Navillus Contracting v. Hunter Roberts Construction Group, LLC* (Adv. Proc. No. 18-01638);
>
> (ii) defend against any objection(s) interposed by the Debtor against any proofs of claim (as same may be amended and allowed pursuant to Bankruptcy Court Order) filed on Hunter Roberts' behalf;
>
> (iii) timely file any Claim(s) on or before the Rejection Damages Bar Date regarding the rejection of contract(s) by and between the Debtor and Hunter Roberts and defend against any objection(s) interposed by the Debtor against any such Claim(s)(as same may be amended and allowed pursuant to Bankruptcy Court Order); and
>
> (iv) exercise any rights and remedies without restriction under any assumed contracts.

3.    Such added language provides sufficient protections to Hunter Roberts with respect to its right to defend itself in regards to the pending adversary proceeding against it. The Debtor's suggested language addresses the issues raised by Hunter Roberts in its Limited Objection by clearly stating that nothing contained in the release language prevents it from defending itself in the pending (or any subsequently filed) adversary proceeding(s).

5445041.1                                        2

4. Similarly, such added language that has been presented by the Debtor to Hunter Roberts gives it further protection with respect to its ability to defend itself against any Objection to Claim filed against Hunter Roberts.

5. Notwithstanding the parties attempt to amicably resolve the Limited Objection, Hunter Roberts and the Debtor disagree regarding additional language requested by Hunter Roberts.

6. Hunter Roberts requested, and the Debtor declined to include language in the proposed Confirmation Order regarding Hunter Roberts' ability to assert "set-off, recoupment and counterclaims" to any pending or future adversary proceeding or Objection to Claim. In particular, Hunter Roberts wants the right to assert a set-off utilizing any amounts owed to Hunter Roberts which may have been discharged under the Plan.

7. The Debtor believes that including such language may create rights that either Hunter Roberts never had or that are subject to the discharge provisions provided for in the Plan. Moreover, including such language may be construed as giving Hunter Roberts greater rights than similarly situated creditors. For these reasons, the Debtor requests that the Limited Objection be overruled.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, and in light of the Debtor offering to include language in the proposed Confirmation Order that preserves Hunter Roberts' right to defend itself against any adversary proceeding or objection to claim, it is respectfully requested

that the Court (a) overrule the Limited Objection in its entirety; (b) confirm the Plan; and (c) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
      October 5, 2018                           **OTTERBOURG P.C.**

                                            By:    */s/ Melanie L. Cyganowski*
                                                    Melanie L. Cyganowski, Esq.
                                                    230 Park Avenue
                                                    New York, New York 10169
                                                    (212) 661-9100
                                                    mcyganowski@otterbourg.com

                                                    *Special Litigation and Conflicts Counsel to Navillus Tile, Inc., d/b/a Navillus Contracting*