CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.

*Counsel to Navillus Tile, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
In re:                                          :     Chapter 11
                                                :
NAVILLUS TILE, INC., DBA NAVILLUS               :     Case No. 17-13162 (SHL)
CONTRACTING                                     :
                                                :
                          Debtor.               :
                                                :
--------------------------------------------------------------x

## STIPULATED AND AGREED ORDER
## GRANTING RELIEF FROM THE AUTOMATIC STAY

**IT IS HEREBY STIPULATED AND AGREED,** by the attorneys for Navillus Tile, Inc.

d/b/a Navillus Contracting ("Navillus"), and Jorge Rincon ("Plaintiff"), that:

1.      Upon the approval of this Stipulation by the Bankruptcy Court, the automatic stay

imposed by section 362(a) of the Bankruptcy Code is hereby modified solely to permit **Plaintiff**

**to discontinue the State Court Litigation**[1] **against Navillus only** and continue the State Court

Litigation against Navillus' co-defendants in the action.

2.      Within five (5) business days of the approval of this Stipulation by the Bankruptcy

Court, Plaintiff and Navillus will execute, and Plaintiff shall file, a stipulation of discontinuance

of the State Court Litigation with prejudice as against Navillus.

---

[1] The "State Court Litigation" shall mean the action commenced by filing a Verified Complaint in the Supreme Court
of the State of New York, County of Bronx, alleging, among other things, that he sustained personal injuries on June
15, 2016.

3.      Plaintiff on behalf of himself and his successors, assigns and heirs hereby waives, relinquishes and discharges proof of claim number 44 filed by Plaintiff against Navillus' estate on February 2, 2018 asserting a general unsecured claim in the amount of $7,000,000.00 (the "Proof of Claim")and any and all other claims or rights to recovery against Navillus and/or the assets and/or property of Navillus' estate as a result of the personal injuries allegedly sustained by Plaintiff.

4.      Plaintiff hereby withdraws the Proof of Claim in its entirety, and the Proof of Claim shall be deemed withdrawn, disallowed and expunged in its entirety without further order of the Bankruptcy Court.

5.      Except as expressly set forth herein, the provisions of the automatic stay, including, without limitation, those provisions prohibiting execution, enforcement, or collection of any judgment that may be obtained against Navillus from and against any assets or property of the estate (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect. Neither Plaintiff nor any of its agents shall take any action or attempt to cause any action to be taken to collect all or any portion of any judgment obtained or settlement reached from the assets and property of Navillus or Navillus' estate. Nothing contained herein shall prejudice Plaintiff's rights as to Navillus' co-defendants in the State Court Litigation.

6.      Nothing set forth herein shall be deemed to constitute an admission.  Nor shall anything contained herein constitute or operate as a general waiver or modification of the automatic stay that would permit the prosecution against Navillus of any other claims or actions by any persons or entity other than Plaintiff with respect to the State Court Litigation.

7.      This Stipulation and Order is subject to Bankruptcy Court approval and shall only be effective when "SO ORDERED" by the Court.  If this Stipulation and Order is not approved

2

by the Bankruptcy Court, it shall be null and void and shall not be referred to or used, for any purpose, by the parties hereto or any parties to the State Court Litigation.

8.     This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signature, and such signatures will be deemed to be as valid as an original signature, whether confirmed by delivery of the original in person.

9.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes between the parties arising with respect to this Stipulation and this Stipulation may not be amended or modified except by further Order of this Court.

DATED:       Garden City, New York
             October 1, 2018


CULLEN AND DYKMAN LLP

_____
Elizabeth M. Aboulafia, Esq.
C. Nathan Dee, Esq.
100 Quentin Roosevelt Boulevard
Garden City, NY  11530
(516) 357-3700

Attorneys for Navillus Tile, Inc.


THE LAW OFFICES OF JOSEPH MONACO, PC

_____
Joseph Monaco, Esq.
7 Penn Plaza, Suite 1606
New York, New York 10036
(212) 486-4244

Attorney for Plaintiff


SO ORDERED:

_____

3