UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                      :

In re:                                          :   Chapter 11

NAVILLUS TILE, INC., DBA              :   Case No. 17-13162 (SHL)
NAVILLUS CONTRACTING                :

                 Debtor.                       :

------------------------------------------------------------------x

## STIPULATION AND ORDER RESOLVING PROOFS OF
## CLAIM NO. 91, 92, 93, AND 94 FILED BY THE BRICKLAYERS CLAIMANTS

Navillus Tile, Inc., d/b/a Navillus Contracting ("Navillus" or the "Debtor") and the Bricklayers Annuity Fund, the Bricklayers International Pension Fund, the Bricklayers Pension Fund and the Bricklayers Insurance and Welfare Fund (collectively, the "Bricklayers Claimants"), by and through their undersigned counsel, hereby stipulate and agree as follows (this "Stipulation"):

## RECITALS

**WHEREAS**, on November 8, 2017 (the "Petition Date"), Navillus filed a voluntary petition for relief under the chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, on February 13, 2018 the Bricklayers Claimants filed proofs of claim numbers 91, 92, 93, and 94 (each, a "Claim" and collectively, the "Claims") against Navillus in the aggregate amount of seven hundred fourteen thousand ($714,000) dollars, each asserting entitlement to priority claims for contributions to an employee benefit plan pursuant to section 507(a)(5) of the Bankruptcy Code; and

1

**WHEREAS**, on March 13, 2018, Navillus filed its *Third Omnibus Objection Seeking to Disallow and Expunge Claims* [Dkt. No. 280] pursuant to which it objected to the Claims on the grounds of "incorrect classification"; and

**WHEREAS**, by stipulation so-ordered by the Bankruptcy Court, the Bricklayers Claimants consented to the reclassification of the Claims as general unsecured claims in their entirety [Dkt. No. 323]; and

**WHEREAS**, on May 29, 2018, Navillus filed the *Debtor's Sixth Omnibus Objection Seeking to Disallow and Expunge Claims* (the "Objection" at Dkt. No. 423) seeking to disallow and expunge the Claims on the grounds that Navillus had no liability for the Claims; and

**WHEREAS**, on June 15, 2018, the Bricklayers Claimants filed the *Opposition to Notice of Debtor's Sixth Omnibus Objection Seeking to Disallow and Expunge Claims* (the "Response" at Dkt. No. 476) asserting that the Claims constituted *prima facie* claims and that Navillus had not produced any evidence sufficient to overcome the Claims' *prima facie* validity; and

**WHEREAS**, on June 22, 2018, Navillus filed a reply to the Response and in further support of the Objection (the "Reply" at Dkt. No. 499); and

**WHEREAS**, preliminary hearing was held on the Objection, the Response and the Reply on June 26, 2018, at which time the Bankruptcy Court did not issue a ruling on the Objection; and

**WHEREAS**, on August 21, 2018, Navillus filed its *Consensual Amended Chapter 11 Plan of Reorganization of Navillus Tile, Inc., d/b/a Navillus Contracting Under Chapter 11 of the Bankruptcy Code* (as it may be further amended, modified, and supplemented, the "Plan" at Dkt. No. No. 596)[1]; and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

**WHEREAS,** Navillus and the Bricklayers Claimants (collectively, the "Parties") thereafter engaged in certain discussions regarding the Claims, the Objection, the Response and the Reply and, as a result of those discussions, have agreed that the Claims shall be resolved as set forth herein:

**NOW, THEREFORE**, the Parties hereby stipulate and agree, subject to the Bankruptcy Court's approval, as follows:

1. The Claims shall be Allowed as General Unsecured Claims against Navillus in the amounts set forth on the face of each respective Claim, and in the aggregate amount of seven hundred fourteen thousand ($714,000) dollars.

2. Each Claim shall be treated in all respects as an Allowed Class 5 General Unsecured Claim under the Plan, payable pursuant to the terms applicable to Class 5 General Unsecured Trade Claims under the Plan. The distributions received by the Bricklayers Claimants shall also be deemed to be in full and final satisfaction of any and all amounts due and owing pursuant to the payroll audit conducted by the Bricklayers Claimants for the period from October 1, 2016 through and including March 31, 2018 in the principal amount of $941.87.

3. Navillus hereby withdraws the Objection.

4. The Bricklayers Claimants agree to vote the Claims in favor of the Plan.

5. The Bricklayers Claimants hereby waive any and all other potential claims that accrued prior to the date of this Stipulation against Navillus, including without limitation any claims that accrued prior to the date of this Stipulation that may be characterized as cure costs in connection with any assumption of the Local No. 1 New York of the International Union of Bricklayers and Allied Craft Workers collective bargaining agreement.

6. This Stipulation is subject to the approval of the Bankruptcy Court and shall be of no force and effect unless and until approved by the Bankruptcy Court.

7. Each person who executes this Stipulation represents that he or she is duly authorized to execute this Stipulation on behalf of the respective parties hereto and that each such party has full knowledge and has consented to this Stipulation.

8. This Stipulation constitutes the complete and exclusive agreement of the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings, oral or written, between the Parties with respect to such subject matter.

9. Subject to an order of the Bankruptcy Court approving this Stipulation, this Stipulation shall be binding upon and inure to the benefit of the Parties, and their respective administrators, representatives, successors and assigns.

10. This Stipulation shall be governed by and construed in accordance with the substantive law of the state of New York, and shall have the force and effect of an instrument executed and delivered under seal under the law of the state of New York.

11. This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or electronic signature.

12. The Bankruptcy Court shall retain jurisdiction to resolve any dispute arising under or in connection with this Stipulation.

STIPULATED AND AGREED:

| | |
|---|---|
| CULLEN AND DYKMAN LLP<br>Counsel to Navillus Tile, Inc., d/b/a Navillus Contracting | Bricklayers Annuity Fund, the Bricklayers International Pension Fund, the Bricklayers Pension Fund and the Bricklayers Insurance and Welfare Fund |
| By: */s/ Elizabeth M. Aboulafia*<br>C. Nathan Dee, Esq.<br>Elizabeth M. Aboulafia, Esq.<br>100 Quentin Roosevelt Boulevard<br>Garden City, New York 11530<br>(516) 357-3700 | By: */s/ Jeremiah P. Sullivan*<br>Jeremiah P. Sullivan<br>66-05 Woodhaven Blvd.<br>Rego Park, New York 11374 |
| Dated: September 27, 2018 | Dated: September 26, 2018 |

SO ORDERED:

Dated: October 10, 2018
        New York, New York

***/s/ Sean H. Lane***
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

5