UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                              Chapter 11

Navillus Tile, Inc., DBA Navillus Contracting,     Case No. 17-13162 (SHL)

                      Debtor.
---------------------------------------------------------x

**DECLARATION OF SELINA MADDOCK IN SUPPORT
OF REORGANIZED DEBTOR'S MOTION FOR AN ORDER
(I) REOPENING BANKRUPTCY CASE FOR THE LIMITED PURPOSE OF
ENFORCING THE CHAPTER 11 DISCHARGE AND PLAN INJUNCTION AND
(II) ENFORCING THE CHAPTER 11 DISCHARGE AND PLAN INJUNCTION**

      Selina Maddock, pursuant to 28 U.S.C. § 1746, declares the following under penalty of perjury:

      1.    I am General Counsel of Navillus Tile, Inc., DBA Navillus Contracting ("**Navillus**"). I have been employed by Navillus since November 2016 and have held the position of General Counsel since July 2018. I am fully familiar with the facts and circumstances stated herein.

      2.    I respectfully submit this Declaration in support of Navillus' *Motion for an Order (I) Reopening Bankruptcy Case for the Limited Purpose of Enforcing the Chapter 11 Discharge and Plan Injunction and (II) Enforcing the Chapter 11 Discharge and Plan Injunction.*

      3.    On or about August 31, 2015, Navillus and the New York City Housing Authority ("**NYCHA**") entered into Contract No. BW 1507030[1] (the "**NYCHA Contract**") for "Exterior Brickwork Restoration, Roofing Replacement with built up roofing and related work at all 14 buildings of Parkside Houses," located in Bronx, New York.

---

[1] In the State Court Action (as hereinafter defined), the contract number is identified as Contract No. BW 1222342. The contract number was subsequently changed to Contract No. BW 1507030.

FF\11466312.3

4. Navillus substantially completed the work under the NYCHA Contract by September 1, 2017, the contract completion date, approximately two months before the chapter 11 filing by Navillus on November 8, 2017.

5. On August 5, 2020, NYCHA commenced a state court action (the "**State Court Action**") against Navillus and Cowi Consulting, Inc. f/k/a Gandhi Engineering, Inc. ("**Cowi**") in the Supreme Court of the State of New York, County of New York entitled *New York City Housing Authority v. COWI Consulting, Inc. f/k/a Gandhi Engineering, Inc. and Navillus Tile, Inc. d/b/a Navillus Contracting*, Index No. 451637/2020 (Sup. Ct, New York County). A copy of the Complaint is attached hereto as **Exhibit A**.

6. In response to the Complaint in the State Court Action, on January 21, 2021, Navillus filed its *Answer with Cross-Claims* [State Court ECF No. 11] in the State Court Action (the "**Navillus Answer**"). A copy of Navillus Answer is attached hereto as **Exhibit B**.

7. On January 22, 2021, Cowi filed its *Answer to Complaint* [State Court ECF No. 12] (the "**Cowi Answer**"). A copy of the COWI Answer is attached hereto as **Exhibit C**.

8. NYCHA did not make a demand, pre-petition or post-petition, on Navillus' insurers in connection with the claims asserted in the State Court Action.

9. The State Court Action alleges that Cowi prepared the construction contract documents and specified Type O mortar for the repointing work on the brick facades of the Parkside Houses buildings. *See* NYCHA Complaint at ¶ 33. NYCHA alleges that Type O mortar was unsuitable for repointing the brick facades of the Parkside Houses buildings, and caused and/or exacerbated water intrusion into the facades. *See* NYCHA Complaint at ¶ 30-31. NYCHA further alleges that poor workmanship by Navillus exacerbated the use of inappropriate mortar and the resulting leaks into the Parkside Houses facades. *See* NYCHA Complaint at ¶ 35. The Complaint

asserts breach of contract and professional malpractice causes of action against Cowi, as well as breach of contract and negligence causes of action against Navillus, and seeks damages against both in an amount not less than $11,900,000.00. NYCHA Complaint at ¶ 37-64.

10. However, NYCHA learned before the Petition Date, and at a time when work under the NYCHA Contract was close to complete, that there was substantial water intrusion into Parkside Houses apartments through brick facades of the Parkside Houses buildings where work under the NYCHA Contract had recently been performed.

11. In this regard, on July 14, 2017, NYCHA issued Change Order No. 6 to the NYCHA Contract in the total amount of $388,249.92 requiring Navillus to apply water sealer to brick facades and to caulk windows at Parkside Houses. Change Order No. 6 states, in relevant part, that the change "is required to address unanticipated water intrusion to six buildings at Parkside Houses." A copy of Change Order No. 6 is attached hereto as **Exhibit D**.

12. There was detailed discussion of water infiltration complaints at a project progress meeting held in connection with the NYCHA Contract on July 28, 2017, attended by NYCHA, Cowi and Navillus, among others. A copy of the minutes from the project progress meeting is attached hereto as **Exhibit E**. The meeting minutes, at pages 5 – 7, state, among other things:

> After the rainstorm on Friday 5/5/17, a number of water complaints were received. Some were in other apartments at the same corners we had already previously performed additional work. Some were even in the same apartments that we had just addressed with the recent additional work at the corners of Building Nos. 5, 6 and 11. * * *
> It was noted that no Report has been issued by Gandhi [n/k/a Cowi Consulting] assessing the water infiltration issues. STV [STV Construction Inc., the project construction manager] is on record indicating that they do not feel the application of this sealant is the solution to the problem and that this work should be held off until Gandhi issues a Report of their observations and makes recommendations to address the water infiltration issues at Parkside Houses in a more holistic manner.

13. NYCHA asserts that it retained the services of Superstructures Engineers and

FF\11466312.3

Architects in 2019 ("**Superstructures**") to investigate the water intrusion problems at Parkside Houses. NYCHA Complaint, ¶ 28.  Significantly, Navillus had no knowledge of the Superstructures investigation or report until after the service of the NYCHA complaint on Navillus in November 2020 and its review of the NYCHA Complaint.  Navillus did not receive a copy of the report, issued November 5, 2019 and entitled "Exteriors Conditions Report" on Parkside Houses (the "Superstructures Report") until on or about March 15, 2021 after counsel for Navillus in the State Court Action pressed counsel for NYCHA for the production of the report and appendices.  NYCHA has still not provided Navillus with the appendices to the report.  A copy of the Superstructures Report is attached hereto as **Exhibit F**.

14. The Superstructures Report, although issued in November 2019, reveals that Cowi prepared a Water Infiltration Investigation Report on Parkside Houses <u>in August 2017</u> "immediately after [the] 2015-2016 façade and roof repair work was completed (Refer to Appendix E)." *See* Superstructures Report, page 3.  The Water Infiltration Investigation Report prepared by Cowi in August 2017 found façade deficiencies, including distressed brick masonry and deteriorated mortar joints. *See* Superstructures Report, page 3.

15. Navillus had no knowledge of Cowi's August 2017 Water Infiltration Report until it received and reviewed the Superstructures Report on or about March 15, 2021.

16. Additionally, inspections of many residential apartments in the Parkside Houses in January and February 2018 were conducted to document reported leaks. *See* Superstructures Report, page 3.

[Remainder of page intentionally left blank.]

17. On or about April 12, 2018, NYCHA filed proof of claim number 115 (the "**NYCHA Proof of Claim**") for an "uncertain" amount in the Chapter 11 Case, asserting claims for contribution and indemnification under several pre-petition construction contracts for NYCHA projects(not including the construction contract at issue in the State Court Action). The NYCHA Proof of Claim asserted that Navillus was obligated to defend, indemnify and hold NYCHA harmless from any liability in three personal injury actions against NYCHA arising out of the work performed under contracts with Navillus (not including the NYCHA Contract). The NYCHA Proof of Claim was resolved by the *Stipulation and Order Resolving Claim No. 115 Filed by the New York City Housing Authority Against Navillus Tile, Inc.* [ECF No. 742], entered on November 14, 2018. A copy of the Stipulation is attached hereto as **Exhibit G**.

Dated: May 10, 2021

*Selina Maddock*
SELINA MADDOCK