**Exhibit A to Maddock Declaration**

**State Court Action Complaint**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
NEW YORK CITY HOUSING AUTHORITY,   Index No.

                              Plaintiff,   **SUMMONS**

                   - against –   Date Index No. Purchased:

COWI CONSULTING INC. f/k/a GANDHI   Plaintiff designates New York
ENGINEERING, INC. and NAVILLUS TILE, INC.   County as the place of trial.
d/b/a NAVILLUS CONTRACTING,

                           Defendants.   The basis of venue is Plaintiff's
------------------------------------------------------------------X   place of business located at 90
                                                           Church Street, New York, NY
                                                             10007

TO THE ABOVE-NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer, or if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after service of this summons, exclusive of the date of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:  New York, New York
           August 5, 2020

                                                        LISA BOVA-HIATT
                                                        Executive Vice President for
                                                        Legal Affairs and General Counsel
                                                        New York City Housing Authority

                                     By:_____
                                                        Gil Nahmias, Of Counsel
                                                        90 Church Street, 11th Floor
                                                        New York, NY 10007
                                                        (212) 776-5148

FILED: NEW YORK COUNTY CLERK 08/05/2020 09:02 PM
NYSCEF DOC. NO. 1
INDEX NO. 451637/2020
RECEIVED NYSCEF: 08/05/2020

17-13162-shl    Doc 822-1    Filed 05/10/21    Entered 05/10/21 13:37:59    Exhibit A -
State Court Action Complaint    Pg 3 of 18

To:    Cowi Consulting Inc.
111 John Street, 3rd Fl.
New York, NY 10038

Gandhi Engineering, Inc.
111 John Street, 3rd Fl.
New York, NY 10038

Cowi Consulting, Inc.
c/o N.Y.S. Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

Gandhi Engineering, Inc.
c/o N.Y.S. Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

Navillus Tile Inc. d/b/a Navillus Contracting
633 3rd Avenue
17th Floor
New York, NY 10017

Navillus Tile Inc. d/b/a Navillus Contracting
c/o N.Y.S. Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
NEW YORK CITY HOUSING AUTHORITY,                    Index No.

                 Plaintiff,
                                                    **COMPLAINT**
- against –

COWI CONSULTING INC. f/k/a GANDHI
ENGINEERING, INC. and NAVILLUS TILE, INC.
d/b/a NAVILLUS CONTRACTING,

                 Defendants.
-----------------------------------------------------------------X

      Plaintiff New York City Housing Authority ("Housing Authority"), by its attorney, Lisa Bova-Hiatt, Executive Vice-President for Legal Affairs and General Counsel (Gil Nahmias, of Counsel), for its verified complaint, alleges as follows:

## INTRODUCTION

      1.     In this action the Housing Authority seeks damages against Cowi Consulting Inc. ("Cowi") formerly known as Gandhi Engineering, Inc. ("Gandhi") for Gandhi's breach of contract and professional malpractice in rendering of professional architectural and engineering services, and against Defendant Navillus Tile, Inc. doing business as Navillus Contracting ("Navillus") for Navillus' breach of contract and negligence in performing construction work on an exterior brickwork restoration and roofing replacement project (the "Project") at Parkside Houses, a Housing Authority owned and operated public housing development located in the Bronx, New York.

## THE PARTIES

      2.     The Housing Authority is a public benefit corporation organized and existing under the New York Public Housing Law to operate and maintain low-income housing in New

York City.  See N.Y. Public Housing Law §§ 3(2) & 401.  The Housing Authority maintains offices at 250 Broadway, New York, New York and 90 Church Street, New York, New York.

3.  Upon information and belief, Defendant Cowi is a New York corporation with a principal place of business at 111 John Street, Third Floor, New York, New York.  Upon information and belief, Cowi was formerly known as "Gandhi Engineering, Inc." and changed its name to "Cowi Consulting Inc." after Gandhi was purchased by Cowi North American Holding, Inc.  Upon information and belief, Cowi, formerly known as Gandhi, was and continues to be a licensed engineering and architectural firm holding itself out to the general public as possessing the skill, expertise, and knowledge of those professions.

4.  Upon information and belief, Defendant Navillus is a New York corporation with a principal place of business at 633 3rd Avenue, 17th Floor, New York, New York.  Upon information and belief, Navillus was and is a licensed construction contractor holding itself out to the general public as possessing the skill, expertise, and knowledge of that profession.

## JURISDICTION AND VENUE

5.  The Court has personal jurisdiction over Defendants under CPLR Section 301 because Defendants reside and/or do business in New York.

6.  Venue is proper in this Court pursuant to CPLR Section 503 because all parties have principal offices located in New York County and CPLR Section 501 because under the governing contracts, the parties have consented to submit themselves to the jurisdiction of this Court with respect to any proceedings arising out of, under or related to the contracts.

## BACKGROUND

7.  The Housing Authority is the largest public housing authority in North America, providing affordable low and moderate income housing to over 380,000 authorized residents in

2

316 housing developments with over 170,000 apartments in the five boroughs of New York City (the "Developments" or singularly "Development").

8. From time to time the Housing Authority engages and relies upon the professional services of architectural and engineering firms to assist in, among other things, the repair, renovation, and/or maintenance of its Developments.

9. The Housing Authority contracts with building contractors to perform repairs to and improvements on Developments pursuant to designs, specifications, drawings and contract documents prepared by professional architecture and engineering firms.

## THE CONSULTANT AGREEMENT BETWEEN THE HOUSING AUTHORITY AND GANDHI

10. On or about July 12, 2011, the Housing Authority issued a Request for Proposals ("RFP") for various architectural and engineering professional services to be performed by qualified architectural and engineering professional service firms on an "as-needed" or "requirements" basis (the "Services") pursuant to task orders and supplemental task orders issued by the Housing Authority.

11. The RFP required that all architectural and engineering professional services firms submitting proposals must be able to provide all necessary and usual components and/or services in connection with the services described in the following categories to maintain and/or renovate existing facilities and/or to create new facilities and/or additions, including without limitation: architectural, structural, mechanical, electrical and communications, plumbing, civil engineering, fire protection, landscaping and grounds improvement, historic preservation and restoration, specification writing, security system(s), peer review of contract documents and specifications, construction administration, demolition monitoring, energy conservation and analysis, environmental assessment, interior design(s), programming services, expediting

3

services, cost estimating, change order analysis, capital needs assessments, green capital needs assessment, sustainability and high performance design, site surveys, special inspections, testing and probing, and scanning and archiving services.

12. On or about August 17, 2011 Gandhi submitted a proposal to the Housing Authority in response to the RFP representing it possessed the necessary knowledge, skill and experience to perform the Services described in the RFP.

13. On or about April 2, 2012, the Housing Authority and Ghandi entered into Contract No. AE1203158 for architectural and engineering services (the "Consultant Agreement").

14. Under the Consultant Agreement, Gandhi was responsible for the timely verification at the Development(s) of all existing field/site conditions and dimensions relevant to Task Orders, or otherwise relevant to performing the Services. Gandhi agreed the Housing Authority would hold Gandhi liable for all losses, damages, or change order claims resulting from any errors, omissions or negligent acts on the part of Gandhi in accurately assessing and taking account of actual field/site conditions in performing Services under the Consultant Agreement.

15. By entering into the Consultant Agreement, Gandhi expressly acknowledged the Housing Authority would be relying on the accuracy and completeness of Gandhi's professional services and knowledge of site conditions, proper choice of materials and equipment, and practicality of design for bidding, construction and maintenance purposes and that Gandhi would be held liable for any legal noncompliance and/or claims that arise from inaccuracies in, or omissions from, the Contract Documents.

16. With respect to all designs, drawings and papers ("Contract Documents") Gandhi prepared under the Consultant Agreement, Gandhi agreed it must:

4

FILED: NEW YORK COUNTY CLERK 08/05/2020 09:02 PM
NYSCEF DOC. NO. 1
17-13162-shl    Doc 822-1    Filed 05/10/21    Entered 05/10/21 13:37:59    Exhibit A -
State Court Action Complaint    Pg 8 of 18
INDEX NO. 451637/2020
RECEIVED NYSCEF: 08/05/2020

 (a) comply with all applicable federal, state and local laws, codes, ordinances, rules and regulations, as modified by any waivers that Gandhi may obtain from the appropriate jurisdictions;

 (b) prepare all Contract Documents in accordance with the highest standard of industry practice prevailing in the City of New York and with sufficient construction detail shown to enable prospective bidders ("contractors") to make accurate and reliable estimates of the quantities, quality and character of labor and materials required to construct and complete the work and to install the equipment therein in a first-class workmanlike manner; and

 (c) use best efforts to guard against errors and omissions in the performance of its services under the Consultant Agreement and carefully prepare Contract Documents.

17. Under the General Warranties of the Consultant Agreement, Gandhi agreed it must:

 (a) perform all Services under the Consultant Agreement in accordance with the highest level of care prevailing in the City of New York for architects and engineers performing similar services at the time that specific Task Orders are issued to Gandhi;

 (b) perform all Services in accordance with the terms and conditions of the Consultant Agreement and any issued Task Orders; and

 (c) assign professionals to perform the Services under the Consultant Agreement that have the proper skill, training and background so as to be able to perform the Services in a competent and professional manner.

5

FILED: NEW YORK COUNTY CLERK 08/05/2020 09:02 PM
NYSCEF DOC. NO. 1
17-13162-shl    Doc 822-1    Filed 05/10/21    Entered 05/10/21 13:37:59    Exhibit A -
State Court Action Complaint    Pg 9 of 18
INDEX NO. 451637/2020
RECEIVED NYSCEF: 08/05/2020

18. Under the Consultant Agreement, Gandhi agreed to perform the Services set forth in the RFP subject to the Housing Authority's issuance of task orders and supplemental Task Orders to Gandhi.

19. On or about September 30, 2014, the Housing Authority issued Task Order #3 for Design Service for Brickwork/Roofs at Parkside Houses to Gandhi. The scope of work under Task Order # 3 included document revisions and related services to complete construction bid documents for exterior envelope waterproofing, removing parapet fence and coping, railing assemblies and repairs to the interiors of apartments damaged by water infiltration at Parkside Houses. Services included converting lump sum contract documents into unit price factor bid format, providing and securing hazardous materials drawings, revising the cost estimate and work cost breakdown to unit prices, providing sample ACM abatement work plan, and fully incorporating of Local Law 11, cycle 7 exterior masonry façade compliance reports. Gandhi was also required to provide bid and award services, prepare and file of plans at the New York City Department of Buildings to obtain approvals. Gandhi's Construction Phase services included review and vetting of submittals, processing and evaluating requests for information, and attending progress meetings.

### THE CONSTRUCTION CONTRACT BETWEEN THE HOUSING AUTHORITY AND NAVILLUS

20. On or about August 31, 2015, the Housing Authority awarded Contract No. BW 1222342 to Navillus for Exterior Brickwork Restoration, Roofing Replacement with built up roofing and related work at all 14 buildings of Parkside Houses (the "Construction Contract").

21. Gandhi prepared the contract documents for the work under the Construction Contract, and that work included, but was not limited to the following items:

FILED: NEW YORK COUNTY CLERK 08/05/2020 09:02 PM
NYSCEF DOC. NO. 1
INDEX NO. 451637/2020
RECEIVED NYSCEF: 08/05/2020
17-13162-shl    Doc 822-1    Filed 05/10/21    Entered 05/10/21 13:37:59    Exhibit A -
State Court Action Complaint    Pg 10 of 18

(a) Removing coping stones and full thickness of parapet walls down to roof level. Replacing parapet walls with new metal railing secured to roof deck;

(b) Removing existing face bricks and providing new cast stone spandrel panels from roof level to top floor window lintel level;

(c) Removing existing top floor window lintels and providing new continuous steel lintel/relieving angles;

(d) Replacing cracked/spalled/displaced bricks;

(e) Replacing corroded lintels along with five courses of bricks or the course of bricks up to the next header course;

(f) Repairing concrete at roof curbs, children's center canopy and bulkheads;

(g) Repairing damaged concrete roof decks at main roof, community center roofs, bulkheads, children's center, entrance, canopy roofs and garage roofs;

(h) Removing and replacing existing roofing at main roof, community center roofs, bulkheads, children's center, entrance canopy roof and garage roofs;

(i) Repointing deteriorated mortar joints at building façades. Full pointing of all bulkhead walls at all buildings;

(j) Re-caulking masonry openings affected by masonry work;

(k) Scraping and painting exposed lintels affected by masonry work;

(l) Removing existing guard rails copings and metal under coping/cap flashing and providing new roof railing;

7

FILED: NEW YORK COUNTY CLERK 08/05/2020 09:02 PM
NYSCEF DOC. NO. 1
17-13162-shl    Doc 822-1    Filed 05/10/21    Entered 05/10/21 13:37:59    Exhibit A
                                State Court Action Complaint    Pg 11 of 18
INDEX NO. 451637/2020
RECEIVED NYSCEF: 08/05/2020

(m) Rebuilding compactor stacks with new brickwork, precast concrete copings and spark arrestors;

(n) Replacing existing bulkhead doors, frames, saddles and hardware at all buildings; and

(o) Performing asbestos abatement at all disturbed areas affected by work of the Construction Contract.

22. Under the Construction Contract, Navillus was required to adhere to contract requirements, specifications, references, industry standards, governing codes and/or regulations applicable to the Construction Contract work.

23. The Construction Contract required Navillus' workmanship to be of superior quality.

24. The Construction Contract also required Navillus' work to conform to the contract requirements and be free of any defect in equipment, material, or workmanship performed by the Contractor or any subcontractor or supplier at any tier.

25. On or about September 2, 2015, the Housing Authority issued to Navillus notice to proceed on the Parkside Houses Construction Contract work.

**DEFICIENCIES IN GANDHI AND NAVILLUS'S CONTRACT WORK**

26. Upon information and belief, during the Project there was an increase in reported façade leaks at Parkside Houses.

27. Based on Gandhi's inspections of the leaks Gandhi submitted repair details for field repairs which proved unsuccessful.

28. In 2019, the Housing Authority retained the services of Superstructures Engineers and Architects ("Superstructures") to investigate the integrity of the Parkside Houses façade due to water intrusion.

29. Upon investigation, Superstructures found the repointing mortar used by Navillus to be highly absorptive. The investigation also confirmed the mortar used by Navillus in its repointing work was Type O mortar.

30. Upon information and belief, Type O mortar is unsuitable for repointing the façade of Parkside Houses.

31. Upon information and belief, the use of Type O mortar caused and/or exacerbated water intrusion into Parkside Houses buildings and apartments.

32. Upon information and belief, the use of an appropriate type of mortar would have reduced and/or eliminated water intrusion into the Parkside Houses façades.

33. Gandhi prepared the Construction Contract documents and specified Type O mortar for repointing work on the façades of Parkside Houses buildings.

34. As part of the Services under Task Order #3 and the Consultant Agreement, Gandhi approved the submittals for mortar used by Navillus in performance of the Construction Contract, including the Type O mortar Navillus used to repoint the façade of Parkside Houses.

35. Analysis of the mortar Navillus prepared and applied indicated it had a poor consolidation, with an interconnected voids structure, contributing to relatively porous mortar. Upon information and belief, this was due to the poor workmanship of Navillus in preparing and applying the mortar. Upon information and belief, the poor workmanship of Navillus exacerbated the use of an inappropriate mortar and resulting leaks into the Parkside Houses façades.

36. As a result of deficiencies in the work of Gandhi and Navillus, the Housing Authority has not received the value for the money it paid for the Project, and must now remove the mortar used in the Project to repoint façades with an appropriate mortar that will prevent water penetration at Parkside Houses.

9

FILED: NEW YORK COUNTY CLERK 08/05/2020 09:02 PM
NYSCEF DOC. NO. 1
INDEX NO. 451637/2020
RECEIVED NYSCEF: 08/05/2020
17-13162-shl    Doc 822-1    Filed 05/10/21    Entered 05/10/21 13:37:59    Exhibit A -
State Court Action Complaint    Pg 13 of 18

## FIRST CAUSE OF ACTION – COWI/GANDHI'S BREACH OF CONTRACT

37. The Housing Authority repeats and realleges paragraphs 1 through 36 above as if fully set forth here.

38. The Housing Authority satisfied all its obligations required under the Construction Contract.

39. By reason of its deficient Services, as described above, Gandhi breached the terms and conditions of the Consultant Agreement, including but not limited to those stated above, all of which resulted in the wrong use of repointing mortar and water intrusion into the façades of Parkside Houses. Rather than being repaired, the façades of Parkside Houses leak water into the interiors, causing damage to Parkside Houses.

40. In addition, when inspecting leaks, Gandhi failed to consider and/or discover the mortar used for repointing permitted water intrusion into the Parkside Houses façades, and issued a report recommending repairs that did not address the inappropriate mortar used to repoint the façades of Parkside Houses.

41. By reason of the foregoing, the Housing Authority has incurred damages, including but not limited to substantial property damage, and the cost and expense of repairing the Parkside Houses façades.

42. By reason of Gandhi's aforesaid breaches of the Consultant Agreement, the Housing Authority must repair the Parkside Houses and has been damaged in an amount to be determined at trial but not less than $11,900,000.00.

## SECOND CAUSE OF ACTION – COWI/GANDHI'S MALPRACTICE

43. The Housing Authority repeats and realleges paragraphs 1 through 36 above as if fully set forth here.

44. Gandhi submitted a proposal to the Housing Authority in response to the RFP representing it possessed the necessary knowledge, skill and experience to perform the Services required for the Project.

45. By entering into the Consultant Agreement, Gandhi expressly acknowledged the Housing Authority would be relying on the accuracy and completeness of Gandhi's professional services and knowledge of site conditions, proper choice of materials and equipment, and practicality of design for bidding.

46. In providing professional services, Gandhi prepared specifications and drawings for, among other things, façade repair, including brick repointing, repair and replacement at Parkside Houses.

47. The specifications included descriptions as to the type of mortar to be used for the façade repair at Parkside Houses.

48. Upon information and belief, Gandhi approved the submittals for mortar used by Navillus in performance of the Construction Contract, including the type of mortar Navillus used to repoint the façade of Parkside Houses.

49. In addition, when it inspected leaks, Gandhi failed to consider and/or discover the mortar used for repointing caused water intrusion into the Parkside Houses façades, and issued a report recommending repairs that did not address the inappropriate mortar used to repoint the façade of Parkside Houses.

50. Gandhi was careless, failed to use reasonable and customary care, departed from accepted practice and failed to perform the Services required under the Consultant Agreement in accordance with professional and industry standards, and therefore committed professional malpractice in its services in relation to the Project, as described above.

NYSCEF DOC. NO. 1
INDEX NO. 451637/2020
RECEIVED NYSCEF: 08/05/2020
17-13162-shl    Doc 822-1    Filed 05/10/21    Entered 05/10/21 13:37:59    Exhibit A -
State Court Action Complaint    Pg 15 of 18

51. As a result of Gandhi's malpractice, rather than being repaired, the façades of Parkside Houses leak water into the interiors, causing significant damage to Parkside Houses.

52. By reason of the foregoing, the Housing Authority has incurred damages, including but not limited to substantial property damage, and the cost and expense of repairing the Parkside Houses façades.

53. By reason of Gandhi's malpractice, the Housing Authority must repair the Parkside Houses and has been damaged in an amount to be determined at trial but not less than $11,900,000.00.

### THIRD CAUSE OF ACTION – NAVILLUS' BREACH OF CONTRACT

54. The Housing Authority repeats and realleges paragraphs 1 through 36 above as if fully set forth here.

55. The Housing Authority satisfied all its obligations required under the Construction Contract.

56. By reason of its deficient work, as described above, Navillus breached the terms and conditions of the Construction Contract, including but not limited to those stated above, all of which resulted in water intrusion into the façades of Parkside Houses. Rather than being repaired, the façades of Parkside Houses leak water into the interiors, causing significant damage to Parkside Houses.

57. By reason of the foregoing, the Housing Authority has incurred damages, including but not limited to substantial property damage, and the cost and expense of repairing the Parkside Houses façades.

58. By reason of Navillus' breaches of the Construction Contract, the Housing Authority must repair the Parkside Houses and has been damaged in an amount to be determined at trial but not less than $11,900,000.00.

14 of 17

FILED: NEW YORK COUNTY CLERK 08/05/2020 09:02 PM
NYSCEF DOC. NO. 1
17-13162-shl    Doc 822-1    Filed 05/10/21    Entered 05/10/21 13:37:59    Exhibit A -
State Court Action Complaint    Pg 16 of 18
INDEX NO. 451637/2020
RECEIVED NYSCEF: 08/05/2020

## FOURTH CAUSE OF ACTION – NAVILLUS' NEGLIGENCE

59.   The Housing Authority repeats and realleges paragraphs 1 through 36 above as if fully set forth here.

60.   In awarding the Construction Contract to Navillus, the Housing Authority relied upon Navillus expertise as a construction contractor to ensure successful completion of the work required under the Construction Contract.

61.   Navillus was careless, failed to use reasonable and customary care, departed from accepted practice and failed to perform the work required under the Construction Contract in accordance with professional and industry standards, performed poor workmanship, and therefore was negligent in its work, as described above.

62.   As a result of Navillus' negligence, rather than being repaired, the façades of Parkside Houses leak water into the interiors, causing significant damage to Parkside Houses.

63.   By reason of the foregoing, the Housing Authority has incurred damages, including but not limited to substantial property damage, and the cost and expense of repairing the Parkside Houses façades.

64.   By reason of Navillus' negligence, the Housing Authority must repair the Parkside Houses and has been damaged in an amount to be determined at trial but not less than $11,900,000.00.

**WHEREFORE**, the Housing Authority demands judgment:

(a)   On the first cause of action, against Defendant Cowi formerly known as Gandhi awarding damages in an amount to be determined at trial, but no less than $11,900,000.00;

13

FILED: NEW YORK COUNTY CLERK 08/05/2020 09:02 PM
NYSCEF DOC. NO. 1

17-13162-shl    Doc 822-1    Filed 05/10/21    Entered 05/10/21 13:37:59    Exhibit A -
State Court Action Complaint    Pg 17 of 18

INDEX NO. 451637/2020
RECEIVED NYSCEF: 08/05/2020

(b) On the second cause of action, against Defendant Cowi formerly known as Gandhi awarding damages in an amount to be determined at trial, but no less than $11,900,000.00;

(c) On the third cause of action, against Defendant Navillus awarding damages in an amount to be determined at trial, but no less than $11,900,000.00;

(d) On the fourth cause of action, against Defendant Navillus awarding damages in an amount to be determined at trial, but no less than $11,900,000.00;

(e) Together with reasonable attorneys' fees and costs and disbursements incurred in this action, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 5, 2020

LISA BOVA-HIATT
Executive Vice President for
Legal Affairs and General Counsel
New York City Housing Authority

By: _____
Gil Nahmias, Of Counsel
90 Church Street, 11th Floor
New York, NY 10007
(212) 776-5148

14

FILED: NEW YORK COUNTY CLERK 08/05/2020 09:02 PM
NYSCEF DOC. NO. 1

INDEX NO. 451637/2020
RECEIVED NYSCEF: 08/05/2020

17-13162-shl   Doc 822-1   Filed 05/10/21   Entered 05/10/21 13:37:59   Exhibit A -
State Court Action Complaint   Pg 18 of 18

SUPREME COURT OF THE STATE OF NEW YORK            Index No.:
COUNTY OF NEW YORK

NEW YORK CITY HOUSING AUTHORITY,

           Plaintiff,

- against –

COWI CONSULTING INC. f/k/a GANDHI
ENGINEERING, INC. and NAVILLUS TILE, INC.
d/b/a NAVILLUS CONTRACTING,

           Defendants.

## COMPLAINT

LISA BOVA-HIATT
Executive Vice-President for Legal Affairs
and General Counsel
Attorney for Plaintiff
NEW YORK CITY HOUSING AUTHORITY
90 Church St., 11th Fl.
New York, NY 10007
(212) 776-5148
Gil Nahmias, Of Counsel

Pursuant to 22 N.Y.C.R.R. § 130-1.1(a), the undersigned attorney, duly admitted to practice law in the Courts of the State of New York, hereby certifies, under the penalty of perjury pursuant to the CPLR, that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in 22 N.Y.C.R.R. § 130-1.1(c).

Dated:  New York, NY
         August 5, 2020

                                                  Gil Nahmias, Of Counsel